Samuel H. Ruby, SBN 191091
E-mail: samuel.ruby@bullivant.com
Kevin K. Ho, SBN 233408
E-mail: kevin.ho@bullivant.com
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701

*Attorneys for Plaintiff The Continental Insurance Company*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

THE CONTINENTAL INSURANCE COMPANY,

    Plaintiff,

vs.

JOHN JOSEPH COTA; REGAL STONE LIMITED; FLEET MANAGEMENT LTD.; and the *M/V COSCO BUSAN*, LR/IMO Ship No. 9231743 her engines, apparel, electronics, tackle, boats, appurtenances, etc., *in rem*,

    Defendants.

Case No.: CV 08 2052

**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**

**PLAINTIFF THE CONTINENTAL INSURANCE COMPANY ALLEGES THE FOLLOWING:**

**SUBJECT MATTER JURISDICTION**

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 (admiralty jurisdiction), in that, as set forth more fully below, the action concerns a maritime contract; specifically, a contract of marine insurance.

2.    This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), in that, as set forth more fully below, there is complete diversity of

1  citizenship between the plaintiff and the defendants, and the amount in controversy as to each
2  defendant exceeds $75,000.
3     3.   This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1367
4  (supplemental jurisdiction), in that, as set forth more fully below, one or more claims asserted
5  herein, if not within the Court's admiralty or diversity jurisdiction, is within the Court's original
6  jurisdiction thereby giving the Court supplemental jurisdiction over all other claims that are so
7  related to claims in the action within such original jurisdiction that they form part of the same
8  case or controversy.

## VENUE AND INTRADISTRICT ASSIGNMENT

10    4.   Venue is proper pursuant to 28 U.S.C. § 1391 in that, as set forth more fully
11 below, the a substantial part of the events or omissions giving rise to this claim occurred in the
12 County of San Francisco. Pursuant to Local Rule 3-2(c-d), this action is assignable to the San
13 Francisco Division or the Oakland Division, because a substantial part of the events or
14 omissions giving rise to this claim occurred in the County of San Francisco.

## FIRST CAUSE OF ACTION

### (Declaratory Relief—Against Cota)

17    5.   The Continental Insurance Company ("Continental") is a citizen of Pennsylvania
18 and Illinois. Continental is a corporation organized and existing under the laws of
19 Pennsylvania. Continental's principal place of business is in Chicago, Illinois.
20    6.   Captain John Joseph Cota ("Cota") is a citizen of California. Cota is domiciled
21 in and is a resident of California.
22    7.   Cota was licensed by the United States Coast Guard and the State of California
23 as a pilot.
24    8.   Cota is a member of the San Francisco Bar Pilots Association ("the SF Bar
25 Pilots"), an association of persons who guide vessels entering or exiting the waters of San
26 Francisco Bay.

27
28

– 2 –
COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

9. Continental issued a policy of insurance, No. H856049 ("the Policy"), to the SF Bar Pilots, the San Francisco Bar Pilots Benevolent Association, and their officers, employees, and individual member pilots, including Cota.

10. A true and correct copy of the Policy is attached hereto as ***Exhibit A***.

11. While the Policy was in effect, on November 7, 2007, Cota was hired to pilot and did pilot the *M/V Cosco Busan* while it was exiting the Port of Oakland to depart from San Francisco Bay.

12. While Cota was piloting the *M/V Cosco Busan*, it allided with and struck the Delta span of the San Francisco-Oakland Bay Bridge.

13. In connection with the allision, the United States Department of Justice and United States Attorney's Office, commenced a criminal investigation ("the Criminal Investigation") in which Cota was identified as a "target."

14. Cota demanded that Continental defend him (or indemnify him against his costs of his defense) in connection with the Criminal Investigation.

15. Continental declined to defend Cota or indemnify him against his costs of his defense in connection with the Criminal Investigation.

16. On March 17, 2008, the United States Department of Justice, United States Attorney's Office, filed criminal charges ("the Criminal Complaint") against Cota.

17. Attached hereto as ***Exhibit B*** is a true and correct copy of the Criminal Complaint.

18. Cota demanded that Continental defend him (or pay for costs of his defense) in connection with the Criminal Complaint.

19. Continental declined to defend Cota or pay for costs of his defense in connection with the Criminal Complaint.

20. Cota continues to contend that Continental was obligated to defend him (or pay for costs of his defense) in connection with the Criminal Investigation and that Continental is obligated to defend him (or pay his defense costs) in connection with the Criminal Complaint.

21. Continental continues to deny that it was obligated to defend him (or pay for costs of his defense) in connection with the Criminal Investigation and continues to deny that Continental is obligated to defend him (or pay his defense costs) in connection with the Criminal Complaint. However, Continental has offered to defend Cota (or pay for costs of defense) while this action is pending, without prejudice to this action and subject to a full reservation of rights.

22. There exists an actual and justicable controversy between Cota and Continental.

23. The controversy can be resolved by a judicial declaration of the parties' rights and obligations under the Policy and the law.

WHEREFORE, Continental prays for relief as set forth below.

### SECOND CAUSE OF ACTION

(Indemnity—By Subrogation—Against Regal Stone, Fleet Management and *M/V Cosco Busan*)

24. Continental incorporates by reference the allegations of paragraphs 1 to 23 above and realleges them as if set forth fully herein.

25. At all material times herein, Regal Stone Limited ("Regal Stone") is a citizen of a foreign nation headquartered in Hong Kong, Special Administrative Region of the People's Republic of China.

26. At all material times herein, Fleet Management Ltd. ("Fleet Management") is a citizen of a foreign nation headquartered in Hong Kong, Special Administrative Region of the People's Republic of China.

27. At all material times herein, the *M/V Cosco Busan*, LR/IMO Ship No.: 9231743, her engines, apparel, electronics, tackle, boats, appurtenances, etc., *in rem* ("*Cosco Busan*"), was flagged in Hong Kong and was, on November 7, 2007, within the navigable waters of this District and within the jurisdiction of this Court.

28. At all material times herein, Regal Stone and Fleet Management was each an owner, operator, or demise or bareboat charterer of the *Cosco Busan*.

29. California Harbors & Navigations Code § 1198(c) provides, in pertinent part:

> Every vessel, owner, operator, or demise or bareboat charterer hiring a pilot with a state license for the Bays of San Francisco, San Pablo, and Suisun shall either defend, indemnify, and hold harmless pilots pursuant to paragraph (1), or alternatively, notify pilots of an intent to pay for trip insurance to paragraph (2). If a vessel or its owner, operator, or demise or bareboat charterer does not provide written notice pursuant to paragraph (2) of an intent to exercise the trip insurance option, then the vessel and its owner, operator, and demise or bareboat charterer will be deemed to have elected the obligation to defend, indemnify, and hold harmless pilots pursuant to paragraph (1).
>
> (1)  (A)\*\*\*
>
> (B) A vessel subject to this paragraph and its owner, operator, and demise or bareboat charterer shall defend, indemnify, and hold harmless the pilot, any organization of pilots to which the pilot belongs, and their officers and employees, with respect to liability arising from any claim, suit, or action, by whomsoever asserted, resulting in whole, or in part, from any act, omission, or negligence of the pilot, any organization of pilots to which the pilot belongs, and their officers and employees....
>
> (C) \*\*\*\*\*
>
> (D) A pilot who is the prevailing party shall be awarded attorneys' fees and costs incurred in any action to enforce a right of indemnification provided pursuant to this subdivision.

30. Regal Stone, Fleet Management, and the *Cosco Busan* hired Cota to pilot the *Cosco Busan*.

31. Neither Regal Stone, Fleet Management, nor the *Cosco Busan* notified Cota or anyone else of an intent to pay for trip insurance to paragraph (2) of Harbors and Navigations Code § 1198(c).

32. Consequently, Regal Stone, Fleet Management, and the *Cosco Busan* are deemed to have elected to defend, indemnify, and hold harmless Cota pursuant to paragraph (1) of Harbors and Navigations Code § 1198(c).

33. In connection with the allision, civil actions were brought by the United Department of Justice, Torts Branch entitled: *United States v. M/V Cosco Busan, et al.* (U.S.D.C. N.D. Cal. Case No.: 07-cv-06045) and by other classes of civil plaintiffs in actions entitled: *Chelsea LLC et al. v. Regal Stone, Ltd., et. al.* (U.S.D.C. N.D. Cal. Case No.: 07-cv-05800) and *Shogren Living Trust et al. v. Regal Stone, Ltd., et al.* (U.S.D.C. N.D. Cal. Case No.: 07-cv-05926) (collectively, "the Civil Actions"). These cases were deemed related by Judge Samuel Conti on December 11, 2007.

34. Under Harbors and Navigations Code § 1198(c), Cota tendered his defense in the Civil Actions to Regal Stone, Fleet Management, and the *Cosco Busan*.

35. Initially, Regal Stone, Fleet Management, and the *Cosco Busan* declined to defend Cota.

36. Under the Policy, Cota tendered his defense in the Civil Actions to Continental.

37. Under a reservation of rights, Continental accepted the tender and appointed counsel for Cota at Continental's expense.

38. While defending Cota, Continental demanded that Regal Stone, Fleet Management, and the *Cosco Busan* assume the defense and reimburse Continental for defense costs incurred.

39. Only after several months did Regal Stone, Fleet Management, and the *Cosco Busan* assume the defense of Cota.

40. In the meantime, Continental incurred at least $315,321.31 for attorneys' fees, experts' fees, and other defense-related costs.

41. Neither Regal Stone, Fleet Management, nor the *Cosco Busan* has reimbursed Continental for any portion of those costs.

42. Having defended Cota and paid his defense costs, Continental is subrogated to his legal rights, including his rights to defense and indemnification by Regal Stone, Fleet Management, and the *Cosco Busan* under Harbors and Navigations Code § 1198(c).

43. Additionally, or alternatively, Continental is directly entitled to equitable indemnity Regal Stone, Fleet Management, and the *Cosco Busan*.

44. By subrogation to Cota's indemnity rights, and/or by direct indemnity rights, Continental is entitled to recover from Regal Stone, Fleet Management, and the *Cosco Busan* the costs incurred by Continental in defending Cota in connection with the Civil Actions.

45. Pursuant to Harbors & Navigations Code § 1198(c)(1)(D), Continental is also entitled to recover attorneys' fees that is has and will continue to incur to enforce the obligations of Regal Stone, Fleet Management, and the *Cosco Busan* to defend and indemnify Cota in connection with the Civil Actions.

WHEREFORE, Continental prays for relief as set forth below.

### THIRD CAUSE OF ACTION

**(Declaratory Relief—Against Regal Stone, Fleet Management, and *M/V Cosco Busan*)**

46. Continental incorporates by reference the allegations of paragraphs 1 to 45 above and realleges them as if set forth fully herein.

47. The intent of Section C ("Pilot's Contingent Legal Liability") of the Policy is to cover, subject to the terms and conditions of the Policy (including certain exclusions and limitations), the legal liabilities of a pilot that are within the exculpatory and indemnification clauses of Harbors & Navigations Code § 1198(c), in the event (and only in the event) that the vessel, its owners, operators, and/or charterers (collectively, "Vessel Interest") should refuse or be unable to defend and indemnify the pilot.

48. Cota contends that under Harbors & Navigations Code § 1198(c), if a vessel, its owners, operators, and/or charterers elect not to purchase trip insurance, then they are obligated to defend and indemnify the pilot not only against civil liability but also against criminal liability.

49. On that basis, and because Regal Stone, Fleet Management, and the *Cosco Busan* did not purchase trip insurance, Cota contends that Regal Stone, Fleet Management, and the *Cosco Busan* are obligated to defend and indemnify him in connection with the Criminal Investigation and the Criminal Complaint.

50. On that basis, and because Regal Stone, Fleet Management, and the *Cosco Busan* have refused to defend and indemnify Cota in connection with the Criminal Investigation and

the Criminal Complaint, Cota contends that Section C of the Policy is triggered and that Continental is obligated to defend and indemnify him.

51.  Continental denies that Harbors & Navigations Code § 1198(c) requires a vessel, its owners, operators, and/or charterers to defend and indemnify the pilot against criminal liability.

52.  For that reason, among others, Continental denies that the refusal of Regal Stone, Fleet Management, and the *Cosco Busan* to defend and indemnify Cota in connection with the Criminal Investigation and the Criminal Complaint gives rise to any duty on Continental's part to provide such defense and indemnity.

53.  However, if the Court finds that Cota's interpretation of Harbors & Navigations Code § 1198(c) is correct—and if, on that basis (and notwithstanding the terms and conditions of the policy), the Court finds that Continental may have a duty to defend and indemnify—then necessarily, Regal Stone, Fleet Management, and the *Cosco Busan* will have a duty to defend and indemnify Cota in connection with the Criminal Investigation and the Criminal Complaint.

54.  Continental contends that as between (a) Continental, on the one hand, and (b) Regal Stone, Fleet Management, and the *Cosco Busan*, on the other hand, Regal Stone, Fleet Management, and the *Cosco Busan* have the primary duty to defend and indemnify Cota and that Continental should have no obligation to assume or contribute to his defense or indemnification unless and until the duties of Regal Stone, Fleet Management, and the *Cosco Busan* are somehow excused or exhausted.

55.  Continental is informed and believes and on that basis alleges that Regal Stone, Fleet Management, and the *Cosco Busan* dispute Continental's contentions.

56.  There exists an actual and justicable controversy between Continental and Regal Stone, Fleet Management, and the *Cosco Busan*.

57.  The controversy can be resolved by a judicial declaration of the parties' rights and obligations under the Policy and the law.

WHEREFORE, Continental prays for relief as set forth below.

\\\

– 8 –
COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

**PRAYER**

As relief for the causes of action set forth above, Continental prays:

1. For a judicial declaration:

    (a) that Continental has no duty to defend or indemnify Cota in connection with the Criminal Investigation or the Criminal Complaint;

    (b) *or, in the alternative*, that Regal Stone, Fleet Management, and the *Cosco Busan* are obligated to defend and indemnify Cota and that Continental shall have no duty to contribute to or assume his defense or indemnification unless and until the duties of Regal Stone, Fleet Management, and the *Cosco Busan* are excused or exhausted.

2. For a judgment of damages against Regal Stone, Fleet Management, and the *Cosco Busan* in the approximate amount of $315,321.31, to be proven at trial, plus prejudgment interest, plus attorneys' fees pursuant to Harbors & Navigations Code § 1198(c)(1)(D);

3. For costs of suit; and

4. For such other and further relief as the Court may deem just and proper.

DATED: April 21, 2008

BULLIVANT HOUSER BAILEY PC

By /s/ Samuel H. Ruby
Samuel H. Ruby
Kevin K. Ho

Attorneys for Plaintiff The Continental Insurance Company

10518852.1

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

### I. (a) PLAINTIFFS
THE CONTINENTAL INSURANCE COMPANY

(b) County of Residence of First Listed Plaintiff ILLINOIS
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Samuel H. Ruby (SBN 191091)/Kevin K. Ho (SBN 233408)
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, CA 94108 (415-352-2700/fax:415-352-2701)

### DEFENDANTS
JOHN JOSEPH COTA; REGAL STONE LIMITED; FLEET MANAGEMENT LTD.; and the M/V COSCO BUSAN, LR/IMO Ship No. 9231743 her engines, apparel, electronics, tackle, boats, appurtenances, etc., in rem

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

E-filing

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [X] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### V. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [X] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury — Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | PERSONAL PROPERTY | [ ] 640 R.R.& Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence Habeas Corpus: | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332, 1333 and 1367

Brief description of cause:
DECLARATORY RELIEF, INDEMNITY

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 315,321.31
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [X] No

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

American LegalNet, Inc.
www.FormsWorkflow.com

| IX. DIVISIONAL ASSIGNMENT (PLACE AND "X" IN ONE BOX ONLY) | ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE |
|---|---|
| DATE 4/21/08 | SIGNATURE OF ATTORNEY OF RECORD  *Samuel H. Ruby* |

American LegalNet, Inc
www.FormsWorkflow.com