

**THELEN**
*Thelen Reid Brown Raysman & Steiner* LLP

101 Second Street   Suite 1800   San Francisco, CA 94105
Phone: 415 371 1200   Fax: 415 371 1211
www.thelen.com

Jonathan Howden
415.369.7157 Direct Dial
415.369.8683 Direct Fax
jhowden@thelenreid.com



FILED

MAY 1 2 2008

RICHARD...
CLERK, U.S...
NORTHERN DISTRICT OF CALIFORNIA

May 7, 2008

**VIA MESSENGER**

Honorable Samuel Conti
Senior Judge
United States District Court, Northern District
of California
450 Golden Gate Avenue
Box 36060
San Francisco, CA 94102

Re: **United States of America v. M/V Cosco Busan, in rem, et al. C 07-6045 SL SC**

Dear Judge Conti:

I have received a copy of the *ex parte* request for an order compelling my appearance and that of three of my clients at the Case Management Conference for the captioned case on May 9, 2008. For the record, I object to counsel's *ex parte* application to the Court. I also strenuously object to the attempt to compel my clients, who are not parties to this action, to appear before the Court. As an officer of the Court I represent that I will provide my clients with any order issued by this Court arising out of these proceedings and I agree to accept service on their behalf.

As I expressed to government counsel, I was and continue to be willing to accept service of deposition subpoenas on behalf of my clients with the understanding that I intend to move to quash them. It is my request to the Court that we be permitted to proceed in the orderly manner prescribed by Rule 45 of the Federal Rules of Civil Procedure, and have a full opportunity to brief and argue my contemplated motion to quash.

In the interim, I would like to provide some notice to the Court of my reasons for quashing the subpoenas. As Your Honor is probably aware, my clients are crew members of the M/V Cosco Busan, have been in the Northern District of California since November 6, 2007 and have been detained as material witnesses since December of that year. As far as we are aware, they are not targets, subjects or defendants in the criminal proceedings and at all times have cooperated with the government's investigation of the events surrounding the collision of the subject vessel with the San Francisco Oakland Bay Bridge. The material witnesses have at all times expressed their desire to return to their jobs and families as soon as their obligations as material witnesses are completed.



Honorable Samuel Conti
May 7, 2008
Page 2

    The government seeks to secure and admit the testimony of the material witnesses in the pending criminal trial of the sole defendant charged as a result of that collision, the ship's Pilot, John Cota. (*United States v. John Cota*, CR 08-00160 SI)  Both the government and the defendant have agreed to take their testimony in criminal depositions pursuant to Rule 15, F.R.Crim.P.  We are working with the government and the defendant to schedule those depositions.  In fact, the first three depositions are likely to be scheduled by Magistrate Judge Spero during a hearing on these matters on Monday, May 12, 2008.  My clients are anxious to complete the process so that they can get on with their lives.

    The government, however, also seeks civil depositions of my clients, apparently to be taken following the Rule 15 depositions.  The government apparently seeks to compel my clients to remain in this district after they have fulfilled all of their obligations under the terms of the material witness statute (18 U.S.C. §3144), despite the fact that the government already has caused them to be held in this district against their will for more than five months.

    The government's position is unsupportable for several reasons.  First, Rule 45, F.R.Civ.P, requires the Court to quash a deposition subpoena if it requires a non-party to travel more than 100 miles from the place where that person resides, is employed or regularly transacts business.  Rule 45 (3)(A)(ii).  That Rule further authorizes the Court to quash the subpoena if it "subjects the person to an undue burden."  Rule 45 (3)(A)(iii).  All of the material witnesses are foreign nationals who work and live overseas.  They are only in this jurisdiction because the Court has ordered them remain here as material witnesses in the criminal proceedings.  All of the witnesses intend to leave the Northern District of California to return to their homes as soon as their criminal depositions are completed.  Any order directing them to testify at a civil deposition in this district following their Rule 15 depositions will either force them to remain here despite their already lengthy detention here or to travel from overseas back to this district.  In either event, compelling them to testify at a deposition in this district will violate both the letter and spirit of Rule 45 and accordingly, the proposed subpoenas should be quashed.

    In addition, even though the material witnesses have not been charged with any crime and the government has not indicated that they will be, they are nonetheless at ground zero of the criminal investigation and pending prosecution.  The lead violation charged in the government's indictment is a violation of the Clean Water Act, 33 U.S.C. §1319.  That statute permits criminal prosecution of an individual even if the conduct is merely negligent or reckless. *Id.*  Given the broad reach of the criminal liability contemplated by the statute, I anticipate that my clients will exercise their Fifth Amendment rights against self-incrimination in any proceeding in which they are required to testify, unless they are granted statutory use immunity as provided by 18 U.S.C. §6001 *et seq*.  Because that statutory scheme provides only "use" immunity, however, my clients will likely be compelled to exercise their Fifth Amendment rights even after they have testified in the criminal proceedings and irrespective of the identity of the parties.



Honorable Samuel Conti
May 7, 2008
Page 3

      Finally, I would urge the Court that compelling these material witnesses to submit to civil depositions following their five month detention in this district is an abuse of the Material Witness statute (18 U.S.C. §3144) and should not be permitted. The witnesses are only in this district and potentially subject to the Court's civil jurisdiction because of the government's exercise of its unique authority to detain them pursuant to that statute. Once the witnesses have fulfilled their obligation to testify in the criminal case, the legal basis for their detention expires. By law they are free to go. The Court should not permit a mere witness to continue to be deprived of his freedom one day beyond that statutory limit. Accordingly, I respectfully submit that this Court should refrain from taking any action which would extend their detention.

      The Federal Rules of Civil Procedure provide the means whereby the litigants can seek my clients' testimony overseas. I have agreed to cooperate in that effort. As Your Honor is aware, foreign depositions are a routine facet of federal civil (and increasingly criminal) litigation. In the meantime the convenience of and cost to the civil litigants cannot justify my clients' continued detention by the United States.

      I will, of course, follow the direction of the Court in this matter.

                               Sincerely,

                               Jonathan Howden

JH/

cc:    see attached list

**THELEN**
*Thelen Reid Brown Raysman & Steiner LLP*

Honorable Samuel Conti
May 7, 2008
Page 4

    cc:    Honorable Joseph C. Spero
            Walter G. Coppenrath, Jr., Coppenrath & Associates
            Doug Schwartz, Schwartz & Cera LLP
            William Audet, Audet and Partners LLP
            Cory Birnberg, Birnberg & Associates
            Brian Getz, Law Office of Brian Getz
            Kevin Kin-Man Jo & Samuel Harold Ruby, Bullivant Houser Bailey, PC
            John Giffin, Keesal, Young & Logan
            Jeff Bornstein (via fax 415-882-8220)
            AUSA Stacey Geis
            AUSA Jonathan Schmidt
            Richard A. Udell, U.S. DOJ
            Gregory G. Katsas, U.S. DOJ
            R. Michael Underhill, U.S. DOJ
            Chad Kauffman, U.S. DOJ
            Ronald J. Tenpas, U.S. DOJ

SF #1480800 v1