**PRAYER**

WHEREFORE, Answering Defendants pray for relief as follows:

1. That CIC take nothing by reasons of its Complaint and judgment be rendered in favor of Answering Defendants;

2. That Answering Defendants be awarded their cost of suit incurred herein; and

3. That Answering Defendants be granted such other and further relief as the court deems just and proper.

**JURY DEMAND**

Answering Defendants demand a trial by jury.

DATED: July 15, 2008

SCOTT T. PRATT
JOSEPH A. WALSH II
ELIZABETH A. KENDRICK
KEESAL, YOUNG & LOGAN
Attorneys for Defendants
REGAL STONE LIMITED and FLEET MANAGEMENT, LTD.

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Join Necessary Parties)

70. As an Eighth Affirmative Defense, Answering Defendants state and allege that CIC has failed to join Necessary Parties to its action.

**NINTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

71. As a Ninth Affirmative Defense, Answering Defendants state and allege that CIC's claims against Answering Defendants are barred by the doctrine of unclean hands as a result of, among other conduct, the violation of California Harbors and Navigation Code Section 1198(a) by Cota as a member of The San Francisco Bar Pilots and The San Francisco Bar Pilots Benevolent and Protective Association.

**TENTH AFFIRMATIVE DEFENSE**

(Estoppel)

72. As a Tenth Affirmative Defense, Answering Defendants state and allege that CIC is estopped from pursuing claims against Answering Defendants as a result of, among other conduct, the violation of California Harbors and Navigation Code Section 1198(a) by Cota as a member of The San Francisco Bar Pilots and The San Francisco Bar Pilots Benevolent and Protective Association.

**ELEVENTH AFFIRMATIVE DEFENSE**

(In *Pari Delicto*)

73. As an Eleventh Affirmative Defense, Answering Defendants state and allege that CIC's claims against Answering Defendants are barred by the doctrine of In *Pari Delicto* as a result of, among other conduct, the violation of California Harbors and Navigation Code Section 1198(a) by Cota as a member of The San Francisco Bar Pilots and The San Francisco Bar Pilots Benevolent and Protective Association.

**FOURTH AFFIRMATIVE DEFENSE**

(Section 1198(c)(1)(B) Limitation)

66. As a Fourth Affirmative Defense, Answering Defendants state and allege that it is not obligated to indemnify Cota to the extent such indemnity causes the amounts recoverable from *COSCO BUSAN*, its owner, operator or demise or bareboat charterer to exceed the limits of liability to which a Vessel, its owner, operator or demise or bareboat charter are entitled under any bill of lading, charter party, contract of affreightment or provision of law pursuant to California Harbor and Navigation Code section 1198(c)(1)(B).

**FIFTH AFFIRMATIVE DEFENSE**

(CIC is not entitled to Subrogation)

67. As a Fifth Affirmative Defense, Answering Defendants state and allege that Cota engaged in culpable and inexcusable neglect, thus barring CIC's right to subrogation. *Lawyers Title Ins. Corp. v. Feldsher*, 42 Cal. App. 4th 41 (1996).

**SIXTH AFFIRMATIVE DEFENSE**

(CIC Acted as a Volunteer)

68. As a Sixth Affirmative Defense, Answering Defendants state and allege that CIC acted as a volunteer in paying any amounts for the defense and indemnity of Cota and is therefore precluded from recovery against Vessel Owners.

**SEVENTH AFFIRMATIVE DEFENSE**

(Doctrine of Superior Equities)

69. As a Seventh Affirmative Defense, Answering Defendants state and allege that CIC's equities are not superior to those of Answering Defendants and therefore CIC is precluded from recovery against Answering Defendants.

///

60. In response to the allegations set forth in Paragraph 60 of the Complaint, Answering Defendants deny said allegations.

61. In response to the allegations set forth in Paragraph 61 of the Complaint, Answering Defendants deny said allegations.

62. In response to the allegations set forth in Paragraph 62 of the Complaint, Answering Defendants deny said allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Claim)

63. As a First Affirmative Defense, Answering Defendants state and allege that the Complaint, and each purported cause of action set forth therein, fails to state a claim upon which relief can be granted against Answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

(Preemption)

64. As a Second Affirmative Defense, Answering Defendants state and allege that California Harbors and Navigation Code section 1198(c) is invalid as it is preempted by federal maritime law.

### THIRD AFFIRMATIVE DEFENSE

(Willful Misconduct)

65. As a Third Affirmative Defense, Answering Defendants state and allege that Cota's acts and/or the acts of the San Francisco Bar Pilots and the San Francisco Bar Pilots Benevolent and Protective Association (collectively "Bar Pilots") and their officers and employees constituted willful misconduct under section 1198(c)(1)(C) and therefore neither Cota nor Bar Pilots are entitled to a defense or indemnity.

///

50. In response to the allegations set forth in Paragraph 50 of the Complaint, Answering Defendants incorporate by reference their response to Paragraphs 1 through 49 herein.

51. In response to the allegations set forth in Paragraph 51 of the Complaint, Answering Defendants admit said allegations.

52. In response to the allegations set forth in Paragraph 52 of the Complaint, Answering Defendants have insufficient information to respond to the allegations contained in said Paragraph and therefore, based upon their lack of information and belief, deny the allegations contained therein.

53. In response to the allegations set forth in Paragraph 53 of the Complaint, Answering Defendants have insufficient information to respond to the allegations contained in said Paragraph and therefore, based upon their lack of information and belief, deny the allegations contained therein.

54. In response to the allegations set forth in Paragraph 54 of the Complaint, Answering Defendants have insufficient information to respond to the allegations contained in said Paragraph and therefore, based upon their lack of information and belief, deny the allegations contained therein.

55. In response to the allegations set forth in Paragraph 55 of the Complaint, Answering Defendants admit said allegations.

56. In response to the allegations set forth in Paragraph 56 of the Complaint, Answering Defendants deny said allegations.

57. In response to the allegations set forth in Paragraph 57 of the Complaint, Answering Defendants deny said allegations.

58. In response to the allegations set forth in Paragraph 58 of the Complaint, Answering Defendants incorporate by reference their response to Paragraphs 1 through 58 of the Complaint herein.

59. In response to the allegations set forth in Paragraph 59 of the Complaint, Answering Defendants deny said allegations.

43. In response to the allegations set forth in Paragraph 43 of the Complaint, Answering Defendants have insufficient information to respond to the allegations contained in said Paragraph and therefore, based upon their lack of information and belief, deny the allegations contained therein.

44. In response to the allegations set forth in Paragraph 44 of the Complaint, Answering Defendants have insufficient information to respond to the allegations contained in said Paragraph and therefore, based upon their lack of information and belief, deny the allegations contained therein.

45. In response to the allegations set forth in Paragraph 45 of the Complaint, Answering Defendants incorporate by reference their response to Paragraphs 1 through 44 herein.

46. In response to the allegations set forth in Paragraph 46 of the Complaint, Answering Defendants have insufficient information to respond to the allegations contained in said Paragraph and therefore, based upon their lack of information and belief, deny the allegations contained therein.

47. In response to the allegations set forth in Paragraph 47 of the Complaint, Answering Defendants have insufficient information to respond to the allegations contained in said Paragraph and therefore, based upon their lack of information and belief, deny the allegations contained therein.

48. In response to the allegations set forth in Paragraph 48 of the Complaint, Answering Defendants have insufficient information to respond to the allegations contained in said Paragraph and therefore, based upon their lack of information and belief, deny the allegations contained therein.

49. In response to the allegations set forth in Paragraph 49 of the Complaint, Answering Defendants have insufficient information to respond to the allegations contained in said Paragraph and therefore, based upon their lack of information and belief, deny the allegations contained therein.

///

33. In response to the allegations set forth in Paragraph 33 of the Complaint, Answering Defendants deny said allegations.

34. In response to the allegations set forth in Paragraph 34 of the Complaint, Answering Defendants deny said allegations.

35. In response to the allegations set forth in Paragraph 35 of the Complaint, Answering Defendants deny said allegations.

36. In response to the allegations set forth in Paragraph 36 of the Complaint, Answering Defendants incorporate their responses to Paragraphs 1 through 35 herein.

37. In response to the allegations set forth in Paragraph 37 of the Complaint, Answering Defendants admit said allegations.

38. In response to the allegations set forth in Paragraph 38 of the Complaint, Answering Defendants admit said allegations.

39. In response to the allegations set forth in Paragraph 39 of the Complaint, Answering Defendants admit said allegations.

40. In response to the allegations set forth in Paragraph 40 of the Complaint, Answering Defendants admit said allegations only to the extent that Exhibit B to the Complaint is as actual true and correct copy of Original Indictment and a true and correct copy of the Superseding Indictment; except as so admitted, Answering Defendants deny the allegations contained in said Paragraph.

41. In response to the allegations set forth in Paragraph 41 of the Complaint, Answering Defendants have insufficient information to respond to the allegations contained in said Paragraph and therefore, based upon their lack of information and belief, deny the allegations contained therein.

42. In response to the allegations set forth in Paragraph 42 of the Complaint, Answering Defendants have insufficient information to respond to the allegations contained in said Paragraph and therefore, based upon their lack of information and belief, deny the allegations contained therein.

23. In response to the allegations set forth in Paragraph 23 of the Complaint, Answering Defendants incorporate by reference their responses to Paragraphs 1 to 22 of the Complaint herein.

24. In response to the allegations set forth in Paragraph 24 of the Complaint, Answering Defendants admit said allegations.

25. In response to the allegations set forth in Paragraph 25 of the Complaint, Answering Defendants admit said allegations.

26. In response to the allegations set forth in Paragraph 26 of the Complaint, Answering Defendants deny said allegations.

27. In response to the allegations set forth in Paragraph 27 of the Complaint, Answering Defendants have insufficient information to respond to the allegations contained in said Paragraph and therefore, based upon their lack of information and belief, deny the allegations contained therein.

28. In response to the allegations set forth in Paragraph 28 of the Complaint, Answering Defendants have insufficient information to respond to the allegations contained in said Paragraph and therefore, based upon their lack of information and belief, deny the allegations contained therein.

29. In response to the allegations set forth in Paragraph 29 of the Complaint, Answering Defendants deny the allegations contained in said Paragraph.

30. In response to the allegations set forth in Paragraph 30 of the Complaint, Answering Defendants deny the allegations set forth in said Paragraph.

31. In response to the allegations set forth in Paragraph 31 of the Complaint, Answering Defendants have insufficient information to respond to the allegations contained in said Paragraph and therefore, based upon their lack of information and belief, deny the allegations contained therein.

32. In response to the allegations set forth in Paragraph 32 of the Complaint, Answering Defendants deny said allegations.

///

12. In response to the allegations set forth in Paragraph 12 of the Complaint, Answering Defendants admit said allegations only to the extent that Exhibit A is a true and correct copy of the Policy; except as so admitted, Answering Defendants deny the allegations contained therein.

13. In response to the allegations set forth in Paragraph 13 of the Complaint, Answering Defendants admit said allegations.

14. In response to the allegations set forth in Paragraph 14 of the Complaint, Answering Defendants admit said allegations.

15. In response to the allegations set forth in Paragraph 15 of the Complaint, Answering Defendants deny said allegations.

16. In response to the allegations set forth in Paragraph 16 of the Complaint, Answering Defendants admit said allegations.

17. In response to the allegations set forth in Paragraph 17 of the Complaint, Answering Defendants deny said allegations.

18. In response to the allegations set forth in Paragraph 18 of the Complaint, Answering Defendants admit those allegations only to the extent that CIC has accurately quoted California Harbors and Navigation Code Section 1198(c); except as so admitted, Answering Defendants deny the allegations contained therein.

19. In response to the allegations set forth in Paragraph 19 of the Complaint, Answering Defendants admit said allegations and affirmatively state that Answering Defendants were never offered trip insurance.

20. In response to the allegations set forth in Paragraph 20 of the Complaint, Answering Defendants deny said allegations.

21. In response to the allegations set forth in Paragraph 21 of the Complaint, Answering Defendants admit said allegations.

22. In response to the allegations set forth in Paragraph 22 of the Complaint, Answering Defendants admit said allegations.

///

**ANSWER TO FIRST AMENDED COMPLAINT**

1. In response to the allegations contained in Paragraph 1 of the Complaint, Answering Defendants admit said allegations.

2. In response to the allegations set forth in Paragraph 2 of the Complaint, Answering Defendants admit said allegations.

3. In response to the allegations contained in Paragraph 3 of the Complaint, Answering Defendants admit said allegations.

4. In response to the allegations contained in Paragraph 4, Answering Defendants deny the allegations contained therein and affirmatively state that Rule 9(h) does not confer jurisdiction.

5. In response to the allegations set forth in Paragraph 5 of the Complaint, Answering Defendants admit said allegations.

6. In response to the allegations set forth in Paragraph 6 of the Complaint, Answering Defendants admit said allegations.

7. In response to the allegations set forth in Paragraph 7 of the Complaint, Answering Defendants have insufficient information to respond to the allegations set forth in said Paragraph and therefore, based upon their lack of information and belief, deny the allegations contained therein.

8. In response to the allegations set forth in Paragraph 8 of the Complaint, Answering Defendants have insufficient information to respond to the allegations contained in said Paragraph and therefore, based upon their lack of information and belief, deny the allegations contained therein.

9. In response to the allegations set forth in Paragraph 9 of the Complaint, Answering Defendants admit said allegations.

10. In response to the allegations set forth in Paragraph 10 of the Complaint, Answering Defendants admit said allegations.

11. In response to the allegations set forth in Paragraph 11 of the Complaint, Answering Defendants admit said allegations.

SCOTT T. PRATT, CASB No. 67192
scott.pratt@kyl.com
JOSEPH A. WALSH II, CASB No. 143694
joe.walsh@kyl.com
ELIZABETH A. KENDRICK, CASB No. 123163
elizabeth.kendrick@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California 90801-1730
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

Attorneys for Defendants
REGAL STONE LIMITED and FLEET MANAGEMENT, LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN JOSEPH COTA; REGAL STONE LIMITED; FLEET MANAGEMENT, LTD.; and the M/V COSCO BUSAN, LR/IMO Ship. No. 9231743 her engines, apparel, electronics, tackle, boats, appurtenances, etc., *in rem*<br><br>Defendants. | Case No. 3:08-CV-2052-SC<br><br>Related to Case No:<br>3:07-CV-05926-SC<br>3:07-CV-06045-SC<br>3:07-CV-05800-SC<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS REGAL STONE LIMITED AND FLEET MANAGEMENT, LTD. TO FIRST AMENDED COMPLAINT OF THE CONTINENTAL INSURANCE COMPANY**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants REGAL STONE LIMITED ("Regal Stone") and FLEET MANAGEMENT, LTD. ("Fleet") (collectively, "Answering Defendants") answer the First Amended Complaint ("Complaint") of Plaintiff THE CONTINENTAL INSURANCE COMPANY's ("CIC") as follows:

///