1  SCOTT T. PRATT, CASB No. 67192
   scott.pratt@kyl.com
2  JOSEPH A. WALSH II, CASB No. 143694
   joe.walsh@kyl.com
3  ELIZABETH A. KENDRICK, CASB No. 123163
   elizabeth.kendrick@kyl.com
4  KEESAL, YOUNG & LOGAN
   A Professional Corporation
5  400 Oceangate, P.O. Box 1730
   Long Beach, California 90801-1730
6  Telephone:  (562) 436-2000
   Facsimile:  (562) 436-7416
7
   Attorneys for Defendants, Counterclaimants, Cross-Claimants
8  and Third-Party Plaintiffs
   REGAL STONE LIMITED and FLEET MANAGEMENT, LTD.
9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12
   THE CONTINENTAL INSURANCE        ) Case No. C-08-2052-SC
13 COMPANY,                         )
                                    ) Related to Case No:
14                     Plaintiff,   ) 3:07-CV-05926-SC
                                    ) 3:07-CV-06045-SC
15           vs.                    ) 3:07-CV-05800-SC
                                    )
16 JOHN JOSEPH COTA; REGAL STONE    )
   LIMITED; FLEET MANAGEMENT, LTD.;) **COUNTERCLAIM, CROSS-CLAIM**
17 and the M/V COSCO BUSAN, LR/IMO  ) **AND THIRD-PARTY COMPLAINT OF**
   Ship. No. 9231743 her engines, apparel, ) **REGAL STONE LIMITED AND FLEET**
18 electronics, tackle, boats, appurtenances, ) **MANAGEMENT, LTD.**
   etc., *in rem*                   )
19                                  ) **DEMAND FOR JURY TRIAL**
                       Defendants.  )
20 _____)
                                    )
21 REGAL STONE LIMITED and FLEET    )
   MANAGEMENT, LTD.,                )
22                                  )
                    Counterclaimants,)
23                                  )
             vs.                    )
24                                  )
   THE CONTINENTAL INSURANCE        )
25 COMPANY,                         )
                                    )
26                 Counterdefendant.)
                                    )
27 _____)

28 ///

KYL_LB1147437

COUNTERCLAIM, X-CLAIM & 3RD-PARTY CMPLT./REGAL STONE/FLEET
MANAGEMENT, LTD. - Case No. C 07 06045 (SC)

| | |
|---|---|
| REGAL STONE LIMITED and FLEET MANAGEMENT, LTD., | ) ) ) |
| Cross-Complainants, | ) ) |
| vs. | ) ) |
| JOHN JOSEPH COTA, | ) ) |
| Cross-Defendant. | ) ) |
| REGAL STONE LIMITED and FLEET MANAGEMENT, LTD., | ) ) ) |
| Third-Party Plaintiffs, | ) ) |
| vs. | ) ) |
| THE SAN FRANCISCO BAR PILOTS and THE SAN FRANCISCO BAR PILOTS BENEVOLENT AND PROTECTIVE ASSOCIATION, | ) ) ) ) ) |
| Third-Party Defendants. | ) ) |

Defendants REGAL STONE LIMITED ("Regal Stone") and FLEET MANAGEMENT, LTD. ("Fleet") (collectively, "Cross-Complainants")[1] in support of their Counterclaim against CONTINENTAL INSURANCE COMPANY (CIC), Cross-Claim against Defendant JOHN JOSEPH COTA ("Cota") and Third-Party Complaint against THE SAN FRANCISCO BAR PILOTS and THE SAN FRANCISCO BAR PILOTS BENEVOLENT AND PROTECTIVE ASSOCIATION and allege as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this Counterclaim, Cross-Claim and Third-Party Complaint under 28 U.S.C. Section 1367(a) because this Counterclaim, Cross-Claim and Third-Party Complaint arise out of the same transaction

---

[1] Regal Stone and Fleet use the term "Cross-Complainants" for ease of reference. This action sets forth claims by them as Cross-Complainants, Counterclaimants and Third-Party Plaintiffs.

1  and occurrence alleged in CIC's First Amended Complaint so as to form a part of the
2  same case or controversy within the meaning of Article III of the United States
3  Constitution.
4        2.    This Court also has subject matter jurisdiction pursuant to 28 U.S.C.
5  Section 1332 in that there is complete diversity of citizenship between Cross-
6  Complainants, on the one hand, and Counterdefendant, Cross-Defendant and Third-
7  Party Defendants, on the other hand, and the amount in controversy exceeds $75,000.
8        3.    Venue is proper pursuant to 28 U.S.C. Section 1391 in that, as set
9  forth more fully below, a substantial part of the events giving rise to this Counterclaim,
10  Cross-Claim and Third-Party Complaint occurred in the County of San Francisco.
11  Pursuant to Local Rule 3-2(c–d), this action is assignable to the San Francisco Division
12  or the Oakland Division, because a substantial part of the events giving rise to this
13  claim occurred in the County of San Francisco.
14
15  **THE PARTIES**
16        4.    Regal Stone is a shipping company with its principal place of
17  business in Hong Kong, China.
18        5.    Regal Stone acquired the *M/V COSCO BUSAN* ("*COSCO BUSAN*")
19  in October 2007. At all times relevant hereto, the *COSCO BUSAN* was registered and
20  flagged under the laws of Hong Kong and was time chartered out for transport of various
21  goods and commodities.
22        6.    Fleet is a foreign corporation headquartered in Hong Kong. At all
23  times relevant hereto, Fleet was the technical manager of the *COSCO BUSAN*.
24        7.    Cross-Complainants are informed and believe and on that basis
25  allege that Counterdefendant CIC is a citizen of Pennsylvania and Illinois and is a
26  corporation organized and existing under the laws of Pennsylvania. Cross-Complainants
27  are informed and believe that Counterdefendant CIC's principal place of business is in
28  Chicago, Illinois.

8. Cross-Complainants are informed and believe that Cross-Defendant JOHN JOSEPH COTA ("Cota") is a citizen of California and is a resident of California. Cota is a San Francisco bar pilot licensed by the U.S. Coast Guard and the State of California, and is a member of The San Francisco Bar Pilots and The San Francisco Bar Pilots Benevolent and Protective Association. As discussed more fully, Cota is insured under a policy of "Primary Trip Insurance and Pilot's Contingent Legal Liability" issued by CIC, policy No. H856049 (the "Policy").

9. Cross-Complainants are informed and believe that Third-Party Defendant THE SAN FRANCISCO BAR PILOTS is an unincorporated association organized and existing under the laws of the State of California and doing business in California. As discussed more fully below, The San Francisco Bar Pilots is an insured under the Policy.

10. Regal Stone is informed and believes that Third-Party Defendant THE SAN FRANCISCO BAR PILOTS BENEVOLENT AND PROTECTIVE ASSOCIATION is a non-profit corporation organized and existing under the laws of the State of California. The San Francisco Bar Pilots Benevolent and Protective Association is also an insured under the Policy.

**GENERAL ALLEGATIONS**

11. On November 7, 2007, the *COSCO BUSAN* was scheduled to leave the Port of Oakland carrying container cargo to South Korea.

12. California law specifically requires vessels such as the *COSCO BUSAN*, scheduled to maneuver in the waters inside the San Francisco Bay and certain connected waterways, be piloted exclusively by a San Francisco bar pilot. This is known as compulsory pilotage. Under the compulsory pilotage requirements, The San Francisco Bar Pilots unilaterally assign pilots to specific vessels. Unless a vessel has had an experience with a particular pilot in the past, the vessel has no input into which pilot is assigned to navigate it while in waters subject to compulsory pilotage.

1     13.     On the morning of November 7, 2007, Cota was assigned by The San Francisco Bar Pilots to pilot the *COSCO BUSAN* and boarded the *COSCO BUSAN* to navigate the vessel from the Port of Oakland to the waters outside the Golden Gate Bridge. On this occasion, heavy fog restricted visibility. As Cota navigated the vessel west towards the San Francisco-Oakland Bay Bridge ("Bay Bridge"), the vessel allided with the western span of the Bay Bridge resulting in a fuel oil spill into the San Francisco Bay ("Oil Spill Incident").

14.     As a result of Cota's action, the United States and the State of California designated Regal Stone as the Responsible Party for the oil spill clean-up and response. Regal Stone has incurred clean-up costs and settled claims for resulting damages. Its payments to date exceed $60,000,000.

15.     As a result of the Oil Spill Incident, Cota was named as a defendant in at least four civil lawsuits and one criminal action. These lawsuits include: *United States v. M/V Cosco Busan, et al.*, USDC Northern District Case No. C07-6045 SC; *Shogren Living Trust, et al. v. M/V Cosco Busan, et al.*, USDC Northern District Case No. CV05926 SC; *City and County of San Francisco, et al. v. M/V Cosco Busan, et al.*, San Francisco Superior Court Case No. CGC 07-0469876; *Tarantino v. Regal Stone Ltd., et al.*, San Francisco Superior Court Case No. CGC 07-0469379; (collectively the "Civil Lawsuits") and *United States v. John J. Cota*, USDC Northern District Case No. CR00160 (the "Criminal Complaint").

16.     Cota contends that, under California Harbors and Navigation Code Section 1198(c) ("Section 1198(c)"), Regal Stone and Fleet are required to pay for his defense costs and to indemnify him in the Civil Lawsuits and Criminal Complaint related to the Oil Spill Incident without limitation.

17.     Regal Stone agreed to pay for Cota's defense in the Civil Lawsuits, expressly reserving its right to challenge any obligation to provide Cota a defense and indemnity on, among other grounds, that Section 1198(c) is preempted by federal maritime law. Regal Stone has paid and continues to pay for counsel representing Cota

- 4 -

1  in the Civil Lawsuits. Regal Stone has refused to pay for counsel to defend Cota in the
2  Criminal Complaint.
3      18.   Section 1198(c)(1)(B) provides, in part, that a vessel subject to the
4  Section, and the vessel's "owner, operator and demise or bareboat charterer shall defend,
5  indemnify and hold harmless the pilot or any organization of pilots to which the pilot
6  belongs and their officers and employees. . . ." Section 1198(c)(1)(B) also provides, in
7  part, "The obligation to indemnify under this paragraph shall not apply to the extent
8  that it causes the amount recoverable from a vessel, its owner, operator, or demise or
9  bareboat charterer to exceed the limits of liability to which it is entitled under any bill of
10 lading, charter party, contract of affreightment, or provision of law."
11     19.   Cross-Complainants are informed and believe that The San
12 Francisco Bar Pilots and The San Francisco Bar Pilots Benevolent and Protective
13 Association have an interest in a determination as to whether or not Section 1198(c) is
14 preempted by federal maritime law as Cross-Complainants contend, and, if not, whether
15 any obligation of Cross-Complainants extend to the Criminal Complaint.
16     20.   Cross-Complainants are informed and believe and thereon alleges
17 that The San Francisco Bar Pilots and The San Francisco Bar Pilots Benevolent and
18 Protective Association also contend that they are also entitled to a defense and
19 indemnity if any civil or criminal actions are filed against them arising from the Oil Spill
20 Incident.
21     21.   CIC issued the Policy to The San Francisco Bar Pilots, The San
22 Francisco Bar Pilots Benevolent and Protective Association and Cota. The Policy was in
23 effect for the period January 1, 2007 through January 1, 2008 and had a combined single
24 limit of liability of $1,000,000. Section C of the Policy provides coverage to The San
25 Francisco Bar Pilots or The San Francisco Bar Pilots Benevolent and Protective
26 Association and their officers and employees and the individual pilot performing services
27 when a vessel has not purchased trip insurance pursuant to Section 1198(c).
28 ///

1   22.    On or about June 13, 2008, CIC filed its First Amended Complaint
2   against Regal Stone, Fleet, Cota and others. CIC contends, by way of subrogation, that
3   it is entitled to recover, from Cross-Complainants, $315,321.31 in defense costs CIC
4   contends it incurred in the defense of Cota in the Civil Lawsuits and in excess of
5   $100,000 CIC contends it incurred in the defense of the Criminal Complaint. Under
6   Section 1198(c), CIC also contends it is entitled to attorneys' fees incurred in pursing its
7   action against Cross-Complainants under Section 1198(c). Cross-Complainants deny
8   they are responsible for these sums and assert that Section 1198(c) is preempted by
9   federal maritime law.

10   23.    In the alternative, if it is determined that Cross-Complainants have
11   any obligations under Section 1198(c), Cross-Complainants seek a declaration that their
12   obligations are limited to civil actions, and Cross-Complainants have no obligation to
13   defend and indemnify Cota in connection with the Criminal Complaint or any other
14   criminal action.

15   24.    By this Counterclaim, Cross-Complaint and Third-Party Complaint,
16   Cross-Complainants seek a declaratory judgment as a result of the demands and actions
17   of Cota and CIC, and the anticipated demands and actions of The San Francisco Bar
18   Pilots and The San Francisco Bar Pilots Benevolent and Protective Association.
19   Specifically, this case involves an actual controversy between Cross-Complainants, on
20   the one hand, and Cota, CIC, The San Francisco Bar Pilots and The San Francisco Bar
21   Pilots Benevolent and Protective Association, on the other hand, in regard to whether
22   and to what extent Cross-Complainants have obligations to Cota, CIC, The San
23   Francisco Bar Pilots and The San Francisco Bar Pilots Benevolent and Protective
24   Association with respect to liability arising from the Civil Lawsuits or Criminal
25   Complaint and any civil or criminal action brought against Cota and/or The San
26   Francisco Bar Pilots and The San Francisco Bar Pilots Benevolent and Protective
27   Association in relation to the Oil Spill Incident. Specifically, Cross-Complainants seek,
28   among other things, a declaration from this Court that: a) Section 1198(c) is preempted

by federal maritime law and therefore Cross-Complainants do not have a duty to indemnify or defend Cota, CIC, The San Francisco Bar Pilots and The San Francisco Bar Pilots Benevolent and Protective Association in the Civil Lawsuits and Criminal Complaint or any other action; b) In the alternative, if this Court finds that Section 1198(c) is not preempted by federal maritime law, Cross-Complainants seek a declaration from this Court that any defense and indemnity obligation under Section 1198(c) does not extend to the Criminal Complaint or any other criminal action. Cross-Complainants also seek money damages and a declaration from this Court that they have no obligation to indemnify CIC based on the violation of Harbors and Navigation Code Section 1198 (a) by the San Francisco Bar Pilots, the San Francisco Bar Pilots Benevolent and Protective Association and Cota.

## COUNTERCLAIM, CROSS-CLAIM AND THIRD-PARTY COMPLAINT FOR RELIEF

### FIRST CLAIM FOR RELIEF
(As to CIC, Cota, The San Francisco Bar Pilots and
The San Francisco Bar Pilots Benevolent and Protective Association)
**Declaratory Relief That California Harbors and Navigation Code Section 1198(c) is Preempted by Federal Maritime Law**

25. Cross-Complainants reallege and incorporate by reference the allegations of paragraphs 1 through 24.

26. California law makes compulsory the employment of a pilot in San Francisco Bay and certain connected waterways. California Harbors and Navigation Code Section 1198(c) sets forth certain requirements pertaining to the defense and indemnification of a pilot servicing a vessel in the San Francisco Bay and certain connecting waterways. Specifically, Section 1198(c)(1)(B) requires a vessel owner to defend, indemnify, and hold harmless the pilot of the vessel with respect to liability

arising from any claim, suit, or actions "with respect to liability arising from any claim, suit or action, by whomever asserted, resulting in whole, or in part, from any act, omission or negligence of the pilot, any organization of pilots to which the pilot belongs, and their officers and employees. . . ."

27.  Article III, Section 2 of the U.S. Constitution extends judicial power to all cases of admiralty and maritime jurisdiction.  Article I, Section 8 grants Congress the power to make laws necessary and proper to carry into execution the powers vested by the Constitution in the government of the United States or any other department or officer thereof.  Article IV, Section 2 of the Constitution, the Supremacy Clause, provides that the laws of the United States shall be the supreme law of the land and therefore, federal law preempts any conflicting state law.

28.  Under established federal maritime law, the owner of a vessel is not required to indemnify and defend a compulsory pilot.

29.  Cross-Complainants seek a determination by this Court that federal maritime law preempts California Harbors and Navigation Code Section 1198(c) and therefore, Cross-Complainants are not required to indemnify, defend or hold harmless Cota, The San Francisco Bar Pilots or The San Francisco Bar Pilots Benevolent and Protective Association, or their officers or employees in the Civil Lawsuits or Criminal Complaint or any future action arising out of the Oil Spill Incident.  Cross-Complainants further seek a declaration that it is not obligated to reimburse CIC for any amounts paid by CIC in the defense or indemnity of Cota or any sums whatsoever, including sums CIC seeks in attorneys' fees in its First Amended Complaint.

**SECOND CLAIM FOR RELIEF**

**(As to Cota, The San Francisco Bar Pilots and**

**The San Francisco Bar Pilots Benevolent and Protective Association)**

**Declaratory Relief That California Harbors and Navigation Code**

### Section 1198(c) Does Not Require Vessel Owner to Defend, Indemnify or Hold Harmless as to Criminal Actions or Investigations

30.  Cross-Complainants reallege and incorporate by reference the allegations of paragraphs 1 through 29. Cross-Complainants plead this Second Claim for Relief in the alternative to the relief sought in the First Claim for Relief.

31.  California Harbors and Navigation Code Section 1198(c)(1)(B) provides:

> (B)  A vessel subject to this paragraph and its owner, operator, and demise or bareboat charterer shall defend, indemnify, and hold harmless the pilot, any organization of pilots to which the pilot belongs, and their officers and employees, with respect to liability arising from any claim, suit, or action, by whomsoever asserted, resulting in whole, or in part, **from any act, omission, or negligence of the pilot, any organization of pilots to which the pilot belongs, and their officers and employees**. The obligation to indemnify under this paragraph shall not apply to the extent that it causes the amount recoverable from a vessel, its owner, operator, or demise or bareboat charterer to exceed the
>
> limits of liability to which it is entitled under any bill of lading, charter party, contract of affreightment, or provision of law.

(Emphasis added.)

32.  Pursuant to Section 1198(c)(1)(C):

> . . . and the obligation to defend, indemnify, and hold harmless the pilot imposed by subparagraph (B) shall not apply in cases of willful misconduct by a pilot, any organization of pilots to which the pilot belongs, and their officers and employees.

33.  Cross-Complainants seek a determination by this Court that section 1198(c) does not obligate the Cross-Complainants to defend, indemnify or hold harmless Cota, The San Francisco Bar Pilots or The San Francisco Bar Pilots Benevolent and Protective Association, or their officers or employees in the Criminal Complaint or any future criminal action arising out of the Oil Spill Incident.

34.  The language of the above-referenced portions of Section 1198(c), together with the legislative history of Section 1198, demonstrates that Section 1198(c)

1  was never intended to and does not impose a defense, indemnity or hold harmless obliga-
2  tion on a vessel owner, operator, and demise or bareboat charterer as to criminal actions.
3
4
5  ///

### THIRD CLAIM FOR RELIEF

**(As to Cota, the San Francisco Bar Pilots and the San Francisco Bar Pilots Benevolent and Protective Association)**

**Violation of California Harbors and Navigation Code Section 1198(a)**

35.  Cross-Complainants reallege and incorporate by reference the allegations contained in paragraphs 1 through 34.

36.  California Harbors and Navigation Code Section 1198(a) provides, in pertinent part:

> Except as provided in subdivision (c), the rates and charges for pilotage services shall not include the cost of primary marine insurance insuring a pilot, an organization of pilots, or their officers or employees, from liability arising from negligence or errors in judgment in connection with the provision of pilotage service by pilots, organizations of pilots, or their officers or employees.

37.  Cross-Complainants are informed and believe that the San Francisco Bar Pilots, the San Francisco Bar Pilots Benevolent and Protective Association and Cota have included within the rates and charges paid by Cross-Complainants for pilotage services, the costs of primary marine insurance in direct violation of Section 1198(a).

38.  As a consequence of the violation of Section 1198(a), Cross-Complainants are entitled to damages from the San Francisco Bar Pilots, the San Francisco Bar Pilots Benevolent and Protective Association and Cota in the amount Cross-Complaints were charged in the rates and charges they paid for pilotage services.

### FOURTH CLAIM FOR RELIEF

(As to CIC )

**Declaratory Relief That Cross-Complainants Have No Obligation to Indemnify CIC Based on Subrogor's Violation of 1198(a)**

39. Cross-Complainants reallege and incorporate by reference the allegations of Paragraph 1 through 38.

40. CIC asserts claims against Cross-Complainants for indemnity based on theories of subrogation and therefore CIC is subject to any and all defenses Cross-Complainants have against Cota.

41. As previously set forth, Cross-Complainants are informed and believe that the San Francisco Bar Pilots, the San Francisco Bar Pilots Benevolent and Protective Association and Cota have included within the rates and charges paid by Cross-Complainants for pilotage services, the costs of primary marine insurance in direct violation of Section 1198(a).

42. Cross-Complainants seek determination by this Court that CIC is not entitled to indemnity from Cross-Complainants based on the violation of California Harbors and Navigation Code Section 1198(a) by the San Francisco Bar Pilots, the San Francisco Bar Pilots Benevolent and Protective Association and Cota.

**PRAYER FOR RELIEF**

WHEREFORE, Cross-Complainants pray as follows:

1. For a declaratory judgment that because federal maritime law preempts conflicting state law, California Harbors and Navigation Code Section 1198(c) is invalid, and Cross-Complainants are not required to defend, indemnify or hold harmless Cota, The San Francisco Bar Pilots or The San Francisco Bar Pilots Benevolent and Protective Association, or their officers or employees in the Civil Lawsuits or Criminal Complaint or any future civil actions or criminal action or investigation and Regal Stone is not obligated to CIC for any sum whatsoever.

2. For a declaratory judgment that because California Harbors and

1  Navigation Code Section 1198(c) does not require a vessel owner to defend, indemnify or
2  hold harmless a pilot against criminal charges, Cross-Complainants are not required to
3  defend, indemnify or hold harmless Cota, The San Francisco Bar Pilots or The San
4  Francisco Bar Pilots Benevolent and Protective Association, or their officers or
5  employees in the Criminal Complaint or any future criminal action.
6  ///
7         3.   For a declaratory judgment that CIC is not entitled to indemnity
8  from Cross-Complainants because Cota, The San Francisco Bar Pilots or The San
9  Francisco Bar Pilots Benevolent and Protective Association have violated California
10 Harbors and Navigation Code Section 1198(a).
11        4.   For damages from the San Francisco Bar Pilots, the San Francisco
12 Bar Pilots Benevolent and Protective Association and Cota for amounts wrongfully
13 included in rates and charges for pilotage services in violation of California Harbors and
14 navigation Code Section 1198(a).
15        5.   Such other and further relief as the Court determines is just and
16 proper.

## JURY DEMAND

Cross-Complainants demand a trial by jury.

DATED: July 15, 2008

SCOTT T. PRATT
JOSEPH A. WALSH II
ELIZABETH A. KENDRICK
KEESAL, YOUNG & LOGAN
Attorneys for Defendants,
Counterclaimants, Cross-Claimants and
Third-Party Plaintiffs
REGAL STONE LIMITED and FLEET
MANAGEMENT, LTD.