Samuel H. Ruby, SBN 191091
E-mail: samuel.ruby@bullivant.com
Kevin K. Ho, SBN 233408
E-mail: kevin.ho@bullivant.com
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701

Steven M. Crane, SBN 108930
E-mail: scrane@bcrslaw.com
BERKES CRANE ROBINSON & SEAL LLP
515 South Figueroa Street, Suite 1500
Los Angeles, CA 90071
Telephone: (213) 955-1150
Facsimile: (213) 955-1155

*Attorneys for Plaintiff The Continental
Insurance Company*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN JOSEPH COTA; REGAL STONE LIMITED; FLEET MANAGEMENT LIMITED and the *M/V COSCO BUSAN (aka HANJIN VENEZIA)*, LR/IMO Ship No. 9231743 her engines, apparel, electronics, tackle, boats, appurtenances, etc., *in rem*,<br><br>Defendants. | Case No.: 3:08-cv-2052-SC as related to: 07-cv-5800-SC, 07-cv-6045-SC, 07-cv-5926-SC and, 08-cv-2268<br><br>**JOINT CASE MANAGEMENT STATEMENT (LOCAL RULE 16-9) AND DISCOVERY CONFERENCE REPORT (FRCP 26(F)(2))** |

Pursuant to Civil Local Rule 16-9 and Federal Rule of Civil Procedure 26(f), counsel for

plaintiff and defendants report that they have met and conferred on July 7, 2008, via telephone

conference in *Continental Insurance Company v. John Joseph Cota, et al.,* (U.S.D.C. N.D. Cal.,

Case no.: 08-cv-2052) and now jointly state:

A. **Appearing on behalf of Plaintiff Continental Insurance Company ("Continental") during the conference call were:**

- Samuel Ruby and Kevin Ho, Bullivant Houser Bailey, PC;
- Steven Crane, Berkes Crane Robinson & Seal, LLP;

B. **Appearing on behalf of Regal Stone Limited ("Regal Stone") and Fleet Management LTD ("Fleet Management") during the conference call was:**

- Elizabeth Kendrick, Keesal, Young & Logan, LLP;

C. **Appearing on behalf of Captain John Joseph Cota ("Cota" or "Captain Cota") during the conference call were:**

- David Schack and Luke Anderson, K & L Gates, LLP.
- Note: Captain Cota has not previously appeared in this case and will be filing a motion to stay or, in the alternative, compel arbitration. Captain Cota believes it is premature for him to take a position on many issues in this Report, but has used his best efforts.

## I. JURISDICTION AND SERVICE

A. **Continental's Complaint**

1. **Subject Matter Jurisdiction**

Continental, Regal Stone and Fleet Management agree that the Court has subject matter jurisdiction over Continental's complaint pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

Continental alleges that, in addition, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 (admiralty jurisdiction), 28 U.S.C. § 1367 (supplemental jurisdiction) and Fed. Rule of Civ. Proc 9(h) (maritime claims and asset forfeiture).

Captain Cota does not have sufficient information to admit subject matter jurisdiction and contends that the claims between Continental and Cota must be arbitrated.

2. **Service**

All parties named in Continental's First Amended Complaint have been served, except for the *M/V Cosco Busan*, which left the waters of the San Francisco Bay before Continental

JOINT CASE MANAGEMENT STATEMENT AND RULE 26 REPORT

could effect service.  Continental is investigating the ship's whereabouts and will attempt service if and when the opportunity arises.  Continental requests an additional 90 days for service, subject to extension for good cause.

### 3.    Personal Jurisdiction

None of the served defendants contests personal jurisdiction.

## B.    Regal Stone and Fleet Management's Counterclaim, Cross-claim and Third-Party Complaint

Defendants Regal Stone and Fleet Management have filed a combined (a) counterclaim against plaintiff Continental, (b) cross-claim against defendant Cota and (c) third-party complaint against the San Francisco Bar Pilots Association ("SF Bar Pilots") and the San Francisco Bar Pilots Benevolent Association ("Association").

### 1.    Subject Matter Jurisdiction

The parties agree that the Court has subject matter jurisdiction over the counterclaim and cross-claim pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).  Regal Stone and Fleet Managment allege that the Court has subject matter jurisdiction over the third-party complaint pursuant to the same statutes.

### 2.    Service

Continental has been served.  Regal Stone and Fleet Management anticipate that the SF Bar Pilots and the Association will be served with the Third Party Complaint on or before July 25, 2008.  At this time, Cota has not received a service copy of Regal Stone and Fleet Management's answers, counterclaims or other claims.

### 3.    Personal Jurisdiction

Neither Continental nor Cota contests personal jurisdiction.

## II. FACTS

### A.    Brief Chronology

This action is one of several actions, which the Court has deemed related, arising out of the allision of the *Cosco Busan* with the San Francisco-Oakland Bay Bridge on November 7, 2007 and resulting oil spill.

Continental issued a marine "protection and indemnity" insurance policy, No. H856049 ("the Policy"), to the SF Bar Pilots, the Association, and their officers, employees, and individual member pilots—including Captain John Cota, who was on board the *Cosco Busan* at the time of the incident. At the time of the incident, Regal Stone was the registered owner of the *Cosco Busan*, and Fleet Management was its "technical manager." Pursuant to the policy, Continental paid for Cota's attorneys' fees and expenses in relation to various civil claims and lawsuits brought against him, until Cota's defense was assumed by Regal Stone.

In addition to bringing civil claims, the United States has also asserted criminal liability and brought criminal charges against Cota. Cota tendered his defense of the criminal matters to Continental and Regal Stone. Continental and Regal Stone denied having any duty to defend or indemnify Cota in connection with the criminal matters. However, after filing this action and subject to a reservation of rights, Continental has paid for some of Cota's criminal defense costs.

**B.    Principal Factual Issues In Dispute**

**1.    Issues Between Continental and Cota**

Continental seeks a judicial declaration that it has no duty (and has never had a duty) to defend or indemnify Cota in connection with the criminal charges. Continental also seeks reimbursement of the criminal defense costs it has advanced to Cota under its reservation of rights. Cota disputes Continental's claims and contends that Continental is not entitled to declaratory relief or reimbursement. As set for the below, Continental contends that the issues between Continental and Cota are legal or equitable, not factual; Cota does not agree.

**2.    Issues Between Regal Stone, Fleet Management, Cota, And The SF Bar Pilots**

- By way of their counter-claim, cross-claim and third-party claim, Regal Stone and Fleet Management seek a judicial declaration that California Harbors and Navigations Code section 1198 (c) is preempted by Federal Maritime law. In the alternative, Regal Stone and Fleet contend that they have no obligation under 1198 (c) to defend or indemnify Cota or the SF Bar Pilots in connection with the criminal charges. In addition, Regal Stone and Fleet Management seek damages from Cota and the SF Bar Pilots for alleged over-charges for piloting services.

The principal factual issues presented by the cross-claim and third-party claim are: Did Cota and/or the SF Bar Pilots include within their rates and charges for pilotage services the costs of primary marine insurance, in violation of Harbors & Navigations Code section 1198(a)?

Cota has not received a service copy of Regal Stone and Fleet Management's claims and cannot join this statement.

### 3.    Issues Between Continental and Regal Stone and Fleet Management

Continental seeks to recover from Regal Stone and Fleet Management the amounts Continental paid for Cota's civil defense before  Regal Stone and Fleet Management assumed that defense with the express reservation of their its right to challenge any obligation to provide Cota a defense and indemnity on, among other grounds, that Section 1198(c) is preempted by federal maritime law.   In the event that Continental, Regal Stone and Fleet Management are both found to have a duty to defend or indemnify Cota in connection with the criminal charges, Continental seeks indemnity or contribution from Regal Stone and Fleet Management towards the criminal defense costs that Continental has advanced under its reservation of rights.  As set for the below, the issues between Continental and Regal Stone and Fleet Management principally are legal or equitable, not factual.  Cota has not received a service copy of Regal Stone and Fleet Management's claims and cannot join this statement.

### III. LEGAL OR EQUITABLE ISSUES

### A.    Issues Between Continental and Cota

Continental contends that the principal issues presented by Continental's claims against Cota are the following:

- Does Continental's policy impose a duty to defend or indemnify with respect to criminal, as opposed to civil, claims or suits?

- If the policy imposes no such duty, is Continental entitled to reimbursement of the criminal defense costs it has advanced under its reservation of rights?

Continental contends that these issues are solely "legal or equitable" and not factual; Cota disagrees.

JOINT CASE MANAGEMENT STATEMENT AND RULE 26 REPORT

1 **B.    Issues Between Regal Stone and Fleet Management, Cota, And The Bar Pilots**

2     California Harbors & Navigations Code § 1198(c) provides, in pertinent part that:

3     "Every vessel, owner, operator, or demise or bareboat charterer
      hiring a pilot with a state license for the Bays of San Francisco…
4     shall either defend, indemnify, and hold harmless pilots … or
      alternatively, notify pilots of an intent to pay for trip insurance ….
5     If a vessel or its owner, operator, or demise or bareboat charterer
      does not provide written notice … of an intent to exercise the trip
6     insurance option, then the vessel and its owner, operator, and
      demise or bareboat charterer will be deemed to have elected the
7     obligation to defend, indemnify, and hold harmless pilots …."

8     The principal legal or equitable issues presented by Regal Stone and Fleet

9 Management's claims against Cota and the SF Bar Pilots are:

10     • Is California Harbors & Navigations Code section 1198(c) ("Section 1198 (c)")

11       preempted by federal maritime law?

12     • If not preempted, does Section 1198 (c) impose a duty to defend or indemnify

13       with respect to criminal, as opposed to civil, claims or suits?

14     • If Section 1198 (c) imposes such duties, are Regal Stone and Fleet Management

15       relieved of such duties with respect to the *Cosco Busan* incident by virtue of

16       Cota's and the SF Bar Pilots' alleged violations of Section 1198(a), which

17       provides in pertinent part, "Except as provided in subdivision (c), the rates and

18       charges for pilotage services shall not include the cost of primary marine

19       insurance insuring a pilot, an organization of pilots, or their officers and

20       employees . . . ."?

21     Cota has not received a service copy of Regal Stone and Fleet Management's claims and

22 cannot join this statement.

23 **C.    Issues Between Continental and Regal Stone and Fleet Management**

24     The principal legal or equitable issues presented by Continental's claims against Regal

25 Stone and Fleet Management and by Regal Stone and Fleet Management's counterclaim include

26 the foregoing issues:  If Regal Stone and Fleet Management are found to have a duty to defend

27 and indemnify Cota by virtue of Section 1198, then additional legal or equitable issues between

28 Continental and Regal Stone and Fleet Management shall include:

JOINT CASE MANAGEMENT STATEMENT AND RULE 26 REPORT

- To the extent of its payments of Cota's defense costs, is Continental subrogated to Cota's rights (if any) under the statute?
- If subrogated to Cota's rights (if any), may Continental recover from Regal Stone and Fleet Management some or all of its payments?
- Even if not subrogated to Cota's rights (if any), is Continental entitled to equitable contribution from Regal Stone and Fleet Management?

Cota has not received a service copy of Regal Stone and Fleet Management's claims and cannot join this statement.

## IV.  MOTIONS

### A.    Procedural Motions

By the time of the Case Management Conference, Cota will have filed a motion (1) to stay this case pending resolution of the criminal proceedings against him, or in the alternative, (2) to compel arbitration between Continental and Cota pursuant to the arbitration clause in the insurance policy (and to stay the balance of the case).  Cota contends that a stay is appropriate and necessary to protect his rights.  Cota contends that the Court has authority, inter alia, (i) to grant a stay of civil proceedings until related criminal proceedings are concluded (see, e.g., *Jones v. Conte*, 2005 WL 1287017 (N.D. Cal. 2005) (Illston, J.)(citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995), and (ii) to stay insurance coverage litigation instituted by an insurer until the underlying suit against the insured—here the criminal proceedings—are concluded (see, e.g., *Montrose Chemical Corporation of California v. Superior Court*, 6 Cal. 4th 287, 301-02 (1993)).  Continental denies that the cited authorities are on point.  Continental will oppose the motion.

### B.    Dispositive Motions

At the appropriate time, the parties anticipate filing motions under Rule 56 to resolve some or all of the claims at issue.  Specifically, Regal Stone and Fleet Management intend to file a Rule 56 motion on the issue of federal maritime preemption promptly upon the conclusion of a limited amount of initial discovery which it has propounded.  Cota does not join this statement at this time.

## V. AMENDMENT OF PLEADINGS

None of the parties have a present intention to amend their pleadings.

## VI. PRESERVATION OF EVIDENCE

All the parties have taken and will continue appropriate steps to preserve relevant evidence.

## VII. DISCLOSURES

Pursuant to FRCP 26(f), counsel for plaintiff and defendants conferred by telephone on July 7, 2008. Given Cota's forthcoming motion to stay, Continental and Cota believed that proceeding with initial disclosures would be premature. Accordingly, the parties have not yet made their initial disclosures, nor have they yet made arrangements for initial disclosures. Regal Stone and Fleet Management are amenable to making their initial disclosures at this time and asserted during the July 7 telephone call that, by agreeing not to make disclosures at this time, they were not waiving their rights to conduct initial discovery directed to Continental, the SF Bar Pilots and non party insurance brokers. If the Court denies the motion to stay, in whole or in part, the parties will confer again and make arrangements for initial disclosures. The parties request that the Court not set a deadline for initial disclosures at this time.

## VIII. DISCOVERY

Regal Stone and Fleet Management have initiated initial discovery from the insurance brokers that placed the Trip Insurance for the SF Bar Pilots. As to the SF Bar Pilots and insurance brokers, Regal Stone and Fleet Management have requested documents and noticed depositions to complete discovery within 60 - 90 days. As to Continental, among other things, Regal Stone and Fleet Management have requested documents regarding the placement and underwriting of the Policy.

Regal Stone and Fleet Management do not believe that discovery as to Continental; the SF Bar Pilots and non-party insurance brokers is premature and advised counsel of their position in this regard during the July 7 conference. Regal Stone and Fleet Management believe this preliminary discovery on limited issues will assist in narrowing the issues for litigation and

1   avoid the potential for delay in the underlying actions in this case and perhaps the related cases

2   before this Court as the discovery will relate primarily to the placement of insurance and the

3   preemption issues.

4         Regal Stone and Fleet Management remain willing to submit such a discovery plan.

5   However, in light of the anticipated motion by Cota and the addition of the SF Bar Pilots in this

6   action by virtue of the Regal Stone and Fleet Management's third-party complaint, Regal Stone

7   and Fleet Management join in the parties' request the Court continue the deadlines for any and

8   all disclosures as required by Rule 26 be continued to a date after pending the resolution of

9   Cota's motion for stay and the appearance in the action of the SF Bar Pilots. At this time, Regal

10  Stone and Fleet Management are not seeking discovery as to Cota, but reserve the right to do so

11  in the future.

12        Continental will object to any such discovery on the grounds that the Rule 26(f)

13  conference has not been completed, no arrangements for initial disclosures have been made, and

14  no discovery plan has been formulated. Continental does not stipulate to any discovery being

15  taken until the Rule 26(f) conference is completed.

16        Captain Cota has consistently objected to any discovery being propounded prior to the

17  Court's ruling on the motion to stay/motion to compel arbitration (including at the July 7, 2008

18  conference and otherwise) and continues to object to the discovery which has apparently now

19  been propounded by defendants Regal Stone and Fleet Management

20        Given the forthcoming motion to stay, except as noted above by Regal Stone and Fleet

21  Management, the parties agreed during their conference that it would be premature to formulate

22  a discovery plan. Thus, the parties have not formulated such a plan. The parties request that if

23  the Court denies the motion to stay, the Court set a further case management conference. In

24  advance of the further case management conference, the parties will confer again and formulate

25  a discovery plan, which they shall submit to the Court.

26                          **IX. CLASS ACTIONS**

27        Not applicable to the present action, 3:08-cv-2052

28

JOINT CASE MANAGEMENT STATEMENT AND RULE 26 REPORT

# X. **RELATED ACTIONS**

This case (3:08-cv-2052) has been formally deemed as "related" to various civil actions filed by class plaintiffs and by various government agencies in the Northern District. Those actions are entitled:

- *Chelsea, LLC v. Regal Stone, Ltd. et al.*  (07-cv-05800)
- *Shogren Living Trust et al v. Regal Stone, Ltd. et al.*  (07-cv-05926)
- *United States of America et al. v. The Shipowners' Insurance & Guaranty Company Ltd. et al.*   (07-cv-06045)
- *People of the State of California v. Regal Stone, Ltd. et al.* (08-cv-02268)

# XI. **RELIEF**

A.      **Relief Sought By Continental**

In its complaint, Continental prays:

1.      For a judicial declaration:

        (a)    that Continental has no duty (and has never had a duty) to defend or indemnify Captain Cota in connection with the Criminal Action and the investigation that preceded it;

        (b)    or, in the alternative, that Regal Stone, Fleet, and the *Cosco Busan* have been obligated to defend and indemnify Captain Cota; that their obligations are primary as compared to Continental's; and that Continental shall have no duty to contribute to Captain Cota's defense or indemnification unless and until the duties of Regal Stone, Fleet Management, and the *Cosco Busan* are excused or exhausted.

2.      For a money judgment against Regal Stone, Fleet Management, and the *Cosco Busan* for at least $315,321.31, plus prejudgment interest, plus attorneys' fees pursuant to Harbors & Navigations Code § 1198(c)(1)(D), and either:

        (c)    A money judgment against Captain Cota in the amount of criminal defense costs paid on his behalf, to be proven at trial, plus prejudgment interest,

– 10 –

(d)    Or, in the alternative, that criminal defense costs paid on his behalf, to be proven at trial, plus prejudgment interest, plus attorneys' fees pursuant to Harbors & Navigations Code § 1198(c)(1)(D), be assessed against Regal Stone, Fleet Management, and the *Cosco Busan* as part of the money judgment against those defendants.

3.    For costs of suit; and,

4.    For such other and further relief as the Court may deem just and proper.

**B.    <u>Relief Sought By Regal Stone and Fleet Management:</u>**

In their Answer, Regal Stone and Fleet Management pray: That Continental take nothing by reasons of its Complaint and judgment be rendered in favor of them; Regal Stone and Fleet Management be awarded costs of suit; and, for other and further relief as the Court may deem just and proper.

In their counterclaim, cross-claim and third-party complaint, Regal Stone and Fleet Management pray:

1.  For a declaratory judgment that because federal maritime law preempts conflicting state law, California Harbors and Navigation Code Section 1198(c) is invalid, and that Regal Stone and Fleet Management are not required to defend, indemnify or hold harmless Captain Cota, the SF Bar Pilots or the Association, or their officers or employees in the civil lawsuits or the Criminal Action or any future civil actions or criminal action or investigation and Regal Stone is not obligated to pay Continental for any sum whatsoever.

2.  For a declaratory judgment that because California Harbors and Navigation Code Section 1198(c) does not require a vessel owner to defend, indemnify or hold harmless a pilot against criminal charges, Regal Stone and Fleet Management are not required to defend, indemnify or hold harmless Captain Cota, the SF Bar Pilots or the Association, or their officers or employees in the Criminal Action or any future criminal action.

3.  For a declaratory judgment that Continental is not entitled to indemnity from Regal Stone and Fleet Management because Captain Cota, the SF Bar Pilots or the Association have violated California Harbors and Navigation Code Section 1198(a).

– 11 –

4.   For damages against the SF Bar Pilots, the Association and Captain Cota for amounts wrongfully included and charges for pilotage services in violation of California Harbors and Navigation Code Section 1198(a).

5.   Such other and further relief as the Court determines is just and proper.

**C.    Relief Sought By Cota:**

Cota has not yet filed an answer or other pleading, praying for any relief.  In the event that Cota's motion to stay or compel arbitration is denied, Cota intends to file an answer praying that Continental and Regal Stone and Fleet Management take nothing by way of their claims; that judgment be rendered in favor of Cota on all claims; that Cota be awarded costs of suit; and, for other and further relief as the Court may deem just and proper.  If Cota is required to litigate in federal court, he reserves his right to file counterclaims and other claims.

## XII. SETTLEMENT AND ADR

The parties request that *Continental v. Cota, et al.*, (08-cv-2052) be exempt from the Northern District's ADR process because: (1) the Court has related this case to a number of other cases as captioned above; (2) this case involves potential issues of statutory and contractual interpretation; (3) while not formally related, issues in this case may concern issues in the Criminal Action; and, (4) the case has a number of complex issues that renders resolution by ADR processes unsuitable.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Continental, nor any other party, consents to utilizing a magistrate judge.

## XIV.  OTHER REFERENCES

As noted above, if a stay is not granted, Cota will ask the Court to compel arbitration between Continental and Cota.  Continental will evaluate the motion and inform the Court of its position. .

The parties do not believe the case is suitable to reference to a special master or the Judicial Panel on Multidistrict Litigation.

JOINT CASE MANAGEMENT STATEMENT AND RULE 26 REPORT

## XV. <u>NARROWING OF THE ISSUES</u>

The parties believe that the issues for trial can be greatly narrowed, if not entirely eliminated, by motions under Rule 56. Cota does not joint this statement at this time.

## XVI. <u>EXPEDITED SCHEDULE</u>

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

## XVII. <u>SCHEDULING</u>

Given the forthcoming motion to stay the case from Captain Cota, the parties submit that it would be premature to set dates for a discovery cut-off, designation of experts, hearing of dispositive motions, a pretrial conference, or trial. The parties request that if the Court denies the forthcoming motion to stay, the Court set a further case management conference, in advance of which the parties will submit a proposed case management schedule.

## XVIII. <u>TRIAL</u>

Continental's claims are equitable and legal in nature and would therefore be tried to the Court, if not resolved by Rule 56 motions. Cota does not agree with this statement. Regal Stone and Fleet Management believe the claims in the complaint, counter claim and the third party complaint are triable to a jury. The expected length of a trial would depend upon how many issues are eliminated by motions, but at the outer limits, no more than five days should be required. Cota is not in a position to estimate trial length given his position that claims must be arbitrated and given that he has not yet filed counterclaims or other claims.

## XIX. <u>DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS</u>

**Continental:**  Continental has filed this disclosure. Continental hereby restates it is wholly owned by CNA Financial Corporation. CNA Financial Corporation's stock is publicly traded. The following publicly held companies own 10% or more of CNA Financial Corporation's stock:  Loews Corporation.

**Regal Stone:**

Regal Stone will has filed this disclosure.

JOINT CASE MANAGEMENT STATEMENT AND RULE 26 REPORT

1

2    **Fleet Management:**

3    Fleet Management has filed this disclosure.

4    **Cota:**

5    None.

6

7    ### XX. OTHER MATTERS/CONCLUSION

8    None.

9

10

11   DATED: July 18, 2008

12                                    BULLIVANT HOUSER BAILEY PC

13

14                                    By _____

15                                       Samuel H. Ruby
                                         Kevin K. Ho

16                                    Attorneys for Plaintiff
17                                    The Continental Insurance Company

18                                    BERKES CRANE ROBINSON & SEAL LLP

19

20                                    By  S. Crane    by Kevin Ho
                                         Steven M. Crane

21                                    Attorneys for Plaintiff
22                                    The Continental Insurance Company

23                                    K&L GATES LLP

24

25                                    By _____
                                         David P. Schack
26                                       Luke G. Anderson

27                                    Attorneys for Defendant
                                      John Joseph Cota

28                                    KEESAL, YOUNG & LOGAN LLP

---

JOINT CASE MANAGEMENT STATEMENT AND RULE 26 REPORT

1
2

By _____
   Elizabeth A. Kendrick

3    Attorneys for Defendant
     Regal Stone Limited and Fleet Management, LTD.
4
5
6
7    10679349.1
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT CASE MANAGEMENT STATEMENT AND RULE 26 REPORT