1  David P. Schack (State Bar No. 106288)
   david.schack@klgates.com
2  Luke G. Anderson (State Bar No. 210699)
   luke.anderson@klgates.com
3  K&L GATES LLP
   10100 Santa Monica Blvd.
4  Seventh Floor
   Los Angeles, California 90067
5  Telephone:  (310) 552-5000
   Facsimile:  (310) 552-5001
6
7  Attorneys for Defendant JOHN J. COTA

8
                 UNITED STATES DISTRICT COURT
9
                NORTHERN DISTRICT OF CALIFORNIA
10
                     SAN FRANCISCO DIVISION
11

12 THE CONTINENTAL INSURANCE          Case No.  3:08-cv-2052-SC as related to: 07-
   COMPANY,                           cv-5800-SC, 07-cv-6045-SC, and 07-cv-5926-
13                                     SC
                          Plaintiff,
14                                     **NOTICE OF MOTION AND MOTION TO
        v.                             STAY CIVIL ACTION PENDING
15                                     RESOLUTION OF CRIMINAL
   JOHN JOSEPH COTA; REGAL STONE       PROCEEDING OR, ALTERNATIVELY,
16 LIMITED; FLEET MANAGEMENT           TO COMPEL ARBITRATION**
   LIMITED and the *M/V COSCO BUSAN (aka*
17 *HANJIN VENEZIA)*, LR/IMO Ship No.
   9231743 her engines, apparel, electronics,   Date:      September 5, 2008
18 tackle, boats, appurtenances, etc., *in rem*,   Time:      10:00 a.m.
                                       Ctrm:      1
19                        Defendants.

20

21     TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22     PLEASE TAKE NOTICE that on September 5, 2008, at 10:00 a.m., or as soon thereafter as

23 the matter may be heard in Courtroom 1 of the above-entitled court located at 450 Golden Gate

24 Avenue, San Francisco, California, Defendant John J. Cota ("Captain Cota") will and hereby does

25 move the Court for an order to stay the above-captioned civil action for 120 days or until resolution

26 of the criminal action U.S. v. John J. Cota, Case No. CR 08-0160 SI, now pending in the United

27 States District Court, Northern District of California, San Francisco Division.  In the alternative,

28
                                        1.
   ─────────────────────────────────────────────────────────
   MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDING OR,
   ALTERNATIVELY, TO COMPEL ARBITRATION – CV 08-2052 SC

Captain Cota will and hereby does move for an order compelling Continental to arbitrate all claims filed against Captain Cota as required by the insurance policy at issue in the instant litigation and stay any non-arbitral claims in this action until the arbitration is completed.

This Motion is made pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and Civil Local Rules 7-1 and 7-2, and is based upon this Notice of Motion, the following Memorandum of Points and Authorities, the accompanying Declaration of David P. Schack, the pleadings and papers on file in this action, and upon such further evidence as may be presented at the hearing on this matter.

DATED this 21st day of July, 2008.

Respectfully submitted.

K&L GATES LLP


By  /s/ David P. Schack
     David P. Schack
Attorneys for Defendant
JOHN J. COTA

MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDING OR, ALTERNATIVELY, TO COMPEL ARBITRATION – CV 08-2052 SC

# TABLE OF CONTENTS

Page

I.     INTRODUCTION AND SUMMARY ................................................................... 1

II.    FACTUAL AND PROCEDURAL BACKGROUND .............................................. 3

III.   THE COURT SHOULD STAY THIS ACTION FOR 120 DAYS OR UNTIL
       COMPLETION OF THE CRIMINAL ACTION AGAINST COTA ...................................... 6

       A.   Under Well-Established Law, The Civil Action Should Be Stayed Pending
            Completion Of The Criminal Proceeding ............................................ 6

       B.   The Applicable Law Governing Insurance Coverage Disputes Also Supports
            a Stay of Continental's Action Until Completion of the Underlying Criminal
            Litigation ................................................................................ 10

IV.    ALTERNATIVELY, THE COURT SHOULD COMPEL CONTINENTAL TO
       ARBITRATE ITS CLAIMS AGAINST COTA AND SHOULD STAY THIS
       CASE UNTIL THE COMPLETION OF SUCH ARBITRATION ....................................... 13

V.     IF THE COURT DENIES THIS MOTION, CAPTAIN COTA REQUESTS AN
       EXTENSION OF TIME TO RESPOND TO CONTINENTAL'S FIRST
       AMENDED COMPLAINT ........................................................................ 16

VI.    CONCLUSION ................................................................................. 16

TABLE OF AUTHORITIES

Page

**Cases**

*AWS Management, LLC v. United States*,
2006 U.S. Dist. LEXIS 24894 (N.D.Cal) at 5........................................................ 6

*Belford Strategic Investment Fund, LLC v. Presidio Growth LLC*,
2005 U.S. Dist. LEXIS 45219 (N.D. Cal.) at 4-5 ............................................... 9

*Cadence Design Systems, Inc. v. Avant!, Inc.*,
1997 U.S. Dist. LEXIS 24147 (N.D. Cal.) at 4.................................................... 7

*California Ins. Guarantee Ass'n. v. Superior Court*
(1991) 231 Cal. App. 3d 1617, 283 Cal. Rprt. 104.......................................... 10

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*
207 F.3d 1126 (9th Cir. 2000) .......................................................................... 13

*David Kleis, Inc. v. Superior Court*
(1995) 37 Cal.App.4th 1035 ........................................................................ 10, 11

*First Options of Chicago, Inc. v. Kaplan*,
514 U.S. 938, 115 S. Ct. 1920 (1995)............................................................... 13

*FSLIC v. Molinaro*,
889 F.2d 899 (9th Cir. 1989) ............................................................................... 6

*General of America Ins. Co. v. Lilly*
(1968) 258 Cal. App. 465, 65 Cal. Rptr. 750.................................................... 10

*Grubbs v. Irey*,
2008 U.S. Dist. LEXIS 26758 (E.D. Cal.) at 14-15 ............................................ 9

*Harvey v. Joyce*,
199 F.3d 790 (5th Cir. 2000) ............................................................................. 15

*Jones v. Conte*,
2005 WL 1287017 (N.D. Cal.) (Illston, J.)..................................................... 7, 8

*Keating v. Office of Thrift Supervision*,
45 F.3d 322 (9th Cir. 1995) ................................................................................. 6

*Kroll v. Doctor's Associates, Inc.*,
3 F.3d 1167 (7th Cir. 1993) ............................................................................... 15

*Lizarraga v. City of Nogales*,
2007 U.S. Dist. LEXIS 90055 (D. Ariz.) at 6...................................................... 9

*Metropolitan Direct Property and Casualty Insurance Company v. Synigal*,
2008 U.S. Dist. LEXIS 8916 (N.D. Cal.) ......................................................... 12

*Montrose Chemical Corporation of California v. Superior Court*
(1993) 6 Cal.4th 287 .................................................................................... 10, 11

*Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*,
460 U.S. 1 (1983)............................................................................................... 14

*SEC v. Dresser Industries, Inc.*
628 F.2d 1368 (D.C. Cir. 1980) .......................................................................... 7

*Simula, Inc. v. Autoliv, Inc.*,
175 F.3d 716 (9th Cir. 1999) ............................................................................. 13

ii.

*Teamsters Local Union No. 688 v. Industrial Wire Products, Inc.*,
    186 F.3d 878 (8th Cir. 1999) ................................................................ 13

*Twenty First Century Corp. v. LaBianca*,
    801 F. Supp. 1007 (EDNY 1992) ......................................................... 9

*U.S. v. Kordel*,
    397 U.S. 1, 12, n. 27 (1970).................................................................. 6

*United States use of Newton v. Neumann Caribbean International, Ltd.*,
    750 F.2d 1422 (9th Cir. 1985) ............................................................. 15

*Wallace v. Kato*,
    549 U.S. 384,  127 S.Ct. 1091 (2006)................................................... 6

**Other Authorities**
California Harbors and Navigation Code § 1198 ....................................... 4, 15

MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDING OR,
ALTERNATIVELY, TO COMPEL ARBITRATION – CV 08-2052 SC

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION AND SUMMARY.**

By this motion, Captain John Cota ("Captain Cota") seeks an order staying this civil action filed against him by his insurance company, The Continental Insurance Company ("Continental"), for a period of 120 days or until the conclusion of the criminal proceedings that are now pending against him before the Honorable Susan Illston.  In the alternative, Captain Cota requests that this Court order arbitration of all claims filed against him by Continental as required by the policy at issue in the instant litigation and stay any non-arbitral claims in this action until the arbitration is completed.

On November 7, 2007, while Captain Cota was on board the container ship M/V COSCO BUSAN ("COSCO BUSAN") as an advisory pilot, the ship scraped the San Francisco Bay Bridge fendering system, damaging the ship's hull and fuel tank and causing oil to spill into the San Francisco Bay.  Within days of the incident, and certainly by early December 2007, the United States Attorney's Office began asserting criminal liability against Captain Cota in connection with the COSCO BUSAN incident.

In the pending criminal proceeding, the United States claims that Captain Cota negligently operated the vessel in a manner which violated the Clean Water Act (i.e. caused an oil spill) and the Migratory Bird Treaty Act (i.e. injured or killed protected birds).  According to the government, Captain Cota is liable based on ordinary negligence principles under the Clean Water Act and strictly liable under the Migratory Bird Act if he was "operating" a vessel that spilled oil and killed or injured protected wildlife.  Because he faces a possible term of imprisonment and substantial monetary damages, Captain Cota has had to devote his time and had to muster all available financial assets to defend himself against these serious charges.

Beginning in December 2007, Captain Cota tendered the defense of  the criminal matter to Continental which had issued a primary liability policy to the San Francisco Bar Pilots, including Captain Cota.  Continental initially denied any and all obligations to defend or indemnify Captain Cota.  On April 21, 2008 – months after Captain Cota's tender and after forcing Captain Cota to

MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDING OR, ALTERNATIVELY, TO COMPEL ARBITRATION – CV 08-2052 SC

defend himself with no assistance from his insurer, Continental agreed to defend Captain Cota in the criminal proceeding subject to an omnibus reservation of rights.  On that same day, however, Continental filed the instant civil action, seeking declaratory relief against Captain Cota and the owners / operators of the COSCO BUSAN in an effort to avoid all of its obligations to Captain Cota.  As such, Continental, which has a special, fiduciary relationship with its insured, Captain Cota, is now trying to force Captain Cota to fight a "two-front war" against both the government and Continental (i.e, his own insurer).

Obviously, Continental's tactics are gravely prejudicial to Captain Cota.  In the first instance, it is undisputed that there is an arbitration clause in the Continental policy requiring arbitration of all claims between Captain Cota and Continental.  Thus, Continental never should have filed a complaint in this Court in the first instance.  Captain Cota intends to enforce that arbitration clause and does not intend to waive in any fashion Continental's contractual obligation to arbitrate.

There is another important consideration at issue here.  Under the applicable legal authorities, Continental should not be allowed to arbitrate or litigate against Captain Cota (or prosecute the clearly overlapping issues with the other defendants) while the criminal case is pending against Captain Cota.  Continental's action is based on the exact same incident (the COSCO BUSAN accident) as the criminal proceedings and directly involves witnesses, facts and issues central to the criminal action.  Continental's attempt to force a defendant in a criminal proceeding – its *own insured* no less – to defend simultaneously against a civil action involving the same matter violates core constitutional rights, including the Fifth Amendment's protection from self-incrimination, and raises serious questions concerning Continental's bad faith under California law.

Accordingly, Captain Cota requests that this Court stay this civil action for 120 days (or until the conclusion of the criminal proceedings now set for trial on October 6, 2008 before the Honorable Susan Illston.)[1]  Upon completion of the criminal proceedings and expiration of the stay, Cota will

---

[1]  As discussed in Part II, *infra*, on July 17, 2008, Judge Illston severed certain felony claims against Captain Cota for purposes of trial and ordered that those claims be set for trial after the completion of the trial of other claims which is set to commence on October 6, 2008.  At this time, Captain Cota is seeking to stay the within action for 120 days which should be sufficient to allow the completion of the trial commencing on October 6, 2008.  If and when Judge Illston sets a new trial date for the felony claims, Captain Cota may need to seek further relief relating to the stay issue.

2.

seek to compel arbitration of the claims between Captain Cota and Continental.[2]  While a stay is the first and best means of protecting Captain Cota's constitutional rights, if the Court declines to stay this action until conclusion of the criminal proceedings, then Captain Cota requests, alternatively, that the Court immediately compel Continental to proceed to arbitration pursuant to the terms of the Continental insurance policy at issue and stay this action, including any non-arbitral claims involving other parties, until conclusion of the arbitration.

## II.    **FACTUAL AND PROCEDURAL BACKGROUND.**

Captain Cota is a long-standing member of the San Francisco Bar Pilots ("Bar Pilots"), an association of approximately 60 pilots authorized to pilot large vessels into and out of the San Francisco Bay and its tributaries.  On or about January 1, 2007, Continental issued Primary Trip Insurance and Pilot's Contingent Legal Liability Policy No. H856049 (the "Continental Policy") which insured the Bar Pilots, including Captain Cota.  Declaration of David P. Schack ("Schack Decl.") ¶ 2, Exhibit "1."  The Continental Policy, at Section C.1, provides coverage to Captain Cota for, among other things, "legal liabilities arising out of, relating to, directly or indirectly, losses and/or damages and/or expenses which result while members of the San Francisco Bar Pilots are engaged in the piloting of vessels."  *Id.*, ¶ 3, Exhibit "1."  The Continental Policy also contains a broad arbitration clause requiring Continental to arbitrate all disputes under the policy:

> "If any dispute arises under this policy the parties hereto shall submit the same to arbitration, for which purpose one arbitrator is chosen by the Assurer and one by the Assured.  The two so chosen, if unable to agree shall select a third as umpire and the award of any two shall be final as between the parties.  The cost of arbitration, including arbitrator's fees, shall be assessed by the arbitrators."  *Id.*, ¶ 3, Exhibit "1" (at Section C.10).

---

[2]  By seeking a stay of the proceedings followed by a motion to compel arbitration, Captain Cota is not in any fashion waiving his right to arbitrate.  Rather, the fact remains the eventual arbitration should not proceed until the completion of the criminal proceedings, and this Court should only address the arbitration issue after completion of the criminal proceedings to ensure that Continental does not seek to prejudice Captain Cota by trying to force the arbitration to proceed in advance of the criminal trial.

On November 7, 2007, Captain Cota was assigned as a Bar Pilot to the COSCO BUSAN for its voyage out of the San Francisco Bay. During the voyage, the COSCO BUSAN scraped the San Francisco Bay Bridge fendering system, damaging the ship's hull and fuel tank and causing oil to spill into the San Francisco Bay. *See* Continental's First Amended Complaint ("FAC"), ¶¶ 21-22.[3]

After the COSCO BUSAN accident, several parties filed civil suits (the "Civil Claims") against Captain Cota. FAC, ¶ 24. Initially, Continental accepted the defense of those Civil Claims and appointed counsel to defend Captain Cota at Continental's expense. FAC, ¶ 28. Thereafter, Continental requested that defendants Fleet Management Limited ("Fleet"), the operator of the COSCO BUSAN, and Regal Stone Limited ("Regal"), the owner of the COSCO BUSAN (Fleet and Regal are collectively referred to as the "Vessel Interests"), assume the defense of Captain Cota pursuant to California Harbors and Navigation Code § 1198. FAC, ¶ 29. After several months, Fleet and Regal did assume the defense of the Civil Claims for Captain Cota but have refused to indemnify him as required by that statute. FAC, ¶ 30.

Shortly after the COSCO BUSAN accident, and certainly by at least early December 2007, the U.S. Attorney's Office began asserting criminal liability against Captain Cota based on his actions while acting as an advisory pilot onboard the COSCO BUSAN. Accordingly, by letter dated December 10, 2007, Captain Cota tendered the defense of the criminal matter to Continental under the Continental Policy. Schack Decl., ¶ 4, Exhibit "2." In correspondence dated February 26, 2008, Continental denied any coverage obligation to Captain Cota based on the "Pollution Exclusion and Buyback Clause" ("Pollution Exclusion") in the Continental Policy which provided coverage for discharge of oil in certain circumstances but excluded coverage for (i) non-accidental occurrences, (ii) occurrences that were either expected or intended by the insured, and/or (iii) the insured's "intentional or willful violation of any government rule or regulation." *Id*., ¶ 5, Exhibit "3."

On March 17, 2008, the U.S. Attorney filed an information in the matter of United States of America v. Cota, United States District Court for the Northern District of California, Case No. CR

---

[3] Captain Cota does not admit the veracity of Continental's allegations in the FAC. However, where applicable, Captain Cota cites allegations of the FAC in this factual and procedural background section given that Continental is bound by its own allegations concerning such background.

4.

08-00160-JCS (hereinafter the "Criminal Action") charging Captain Cota with violations of the Clean Water Act and the Migratory Bird Treaty Act based on his role as an advisory pilot onboard the COSCO BUSAN and the discharge of fuel into the San Francisco Bay after its collision with the San Francisco Bay bridge.  *Id.*, ¶ 6, Exhibit "4."[4]

In an April 11, 2008 letter, Continental reasserted its denial of coverage based on the Pollution Exclusion (which barred coverage for intentional acts).  *Id.*, ¶ 8, Exhibit "5."   Thereafter, in a letter dated April 21, 2008, Continental reversed course and accepted Captain Cota's defense.  *Id.*, ¶ 8, Exhibit 7.  Continental did so under a full reservation of rights, including "the right to withdraw from the defense…for any reason, including but not limited to a judicial declaration that Continental has no duty to defend."  *Id.*   Also on April 21, 2008, simultaneously with issuing its letter accepting defense of the criminal proceedings against Captain Cota, Continental filed its civil action for declaratory relief with this Court against Captain Cota and the Vessel Interests.

On or about June 13, 2008, Continental filed its First Amended Complaint against the same defendants.  In the FAC, Continental asks this Court to (i) issue declaratory relief against Captain Cota declaring that Continental has no obligation to defend or indemnify Captain Cota in the criminal proceedings (FAC, Second Cause of Action) and (ii) enter a judgment requiring Captain Cota to reimburse Continental for any defense costs paid by Continental in connection with the criminal matters (FAC, Third Cause of Action).  Additionally, Continental, in the first, fourth and fifth causes of action in the FAC, seeks declaratory relief against the Vessel Interests shifting any and all liability for defending and indemnifying Captain Cota in the civil and criminal matters arising from the COSCO BUSAN collision to the Vessel Interests.[5]

The FAC centers on precisely the same incident and facts at issue in the criminal proceeding against Captain Cota: the November 7, 2007 COSCO BUSAN accident and Captain Cota's alleged

---

[4]  Later, on April 22, 2008, the government filed a Superseding Indictment in the Criminal Action repeating the allegations in the original Information and adding felony charges for violation of 18 U.S.C. § 1001 based on Captain Cota's alleged false statements during medical examinations in January 2006 and January 2007.  Schack Decl., ¶ 7, Exhibit "5."
[5]  Continental has also made Captain Cota a defendant in the fourth cause of action in the FAC seeking to shift defense and indemnity obligations for the criminal proceedings to the Vessel Interests.

MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDING OR, ALTERNATIVELY, TO COMPEL ARBITRATION – CV 08-2052 SC

role in that accident. Thus, the instant action pits Continental against its own insured, Captain Cota, and is therefore forcing him to fight a two-front war—defending against the criminal claims of government while simultaneously defending this action. Moreover, because this action seeks to litigate the same facts as contained in the Criminal Action, Continental is thereby causing prejudice to Captain Cota in his defense of the Criminal Action. Under these circumstances, Captain Cota is entitled to a stay of this action for 120 days or until the trial in the Criminal Action is completed.[6] Alternatively, the Court should order Continental's claims against Captain Cota to arbitration and stay the balance of the case until the completion of the arbitration.

### III. THE COURT SHOULD STAY THIS ACTION FOR 120 DAYS OR UNTIL COMPLETION OF THE CRIMINAL ACTION AGAINST COTA.

#### A. Under Well-Established Law, The Civil Action Should Be Stayed Pending Completion Of The Criminal Proceeding.

"It is well-settled that a court has authority to stay civil proceedings, and that a proper circumstance in which to exercise such authority is when a civil action threatens to interfere with a related criminal case." *AWS Management, LLC v. United States*, 2006 U.S. Dist. LEXIS 24894 (N.D.Cal) at 5; citing *U.S. v. Kordel*, 397 U.S. 1, 12, n. 27 (1970); See also *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1098 (2006) ("it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended").

Although courts consider several factors in issuing stays, the first consideration is "the extent to which the defendant's Fifth Amendment rights are implicated." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (*quoting FSLIC v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). In addition, the decision maker should generally consider: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the

---

[6]  The criminal trial of the Clean Water Act and Migratory Bird Treaty Act charges is set for October 6, 2008. On July 17, 2008, Judge Illston severed certain felony charges under 18 U.S.C. § 1001 (hereinafter the "Felony Charges") and ordered that the Felony Charges be tried separately after completion of the October 6 trial. At this time, Judge Illston has not set a new trial date for the Felony Charges, and Captain Cota may need to seek additional relief relating to any stay of the within action if and when Judge Illston sets a new trial date for those Felony Charges.

MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDING OR, ALTERNATIVELY, TO COMPEL ARBITRATION – CV 08-2052 SC

proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public…."  *Keating,* 45 F.3d at 324-25.

The strongest case for deferring civil proceedings "is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Cadence Design Systems, Inc. v. Avant!, Inc*., 1997 U.S. Dist. LEXIS 24147 (N.D. Cal.) at 4; citing *SEC v. Dresser Industries, Inc.* 628 F.2d 1368 (D.C. Cir. 1980); *Jones v. Conte*, 2005 WL 1287017 (N.D. Cal.) (Illston, J.).  This motion seeks to address this exact scenario.  First, the government <u>has</u> filed a formal Indictment against Captain Cota.   Second, the Indictment charges Captain Cota with serious offenses, including both misdemeanors and felonies.  Finally, the civil and criminal actions are not only related, but arise out of precisely the same incident: the COSCO BUSAN's collision with the San Francisco Bay Bridge's fendering system on November 7, 2007.  See, e.g., FAC, ¶ 22. Continental's central claim in the FAC is that it has no obligation to defend or indemnify Captain Cota for the charges in the criminal proceeding arising out of this incident.  Among other things, Continental has asserted that the Continental Policy does not cover occurrences that (1) were not accidental, (2) were expected or intended by the pilot, or (3) were based on the pilot's willful or intentional violation of any government rule or regulation.  Schack Decl., ¶ 5.  As such, Continental seeks to litigate in this action the very facts and issues that are at the heart of the Criminal Action: the events of November 7, 2007 and Captain Cota's acts and omissions both leading up and during the COSCO BUSAN's voyage that day.  Captain Cota should not be required to defend the civil action while simultaneously defending himself in a criminal proceeding involving the same matter, and the relevant precedent uniformly supports a stay in this situation.

*Jones v. Conte*, 2005 WL 1287017 (N.D. Cal.) is illustrative.  In *Jones*, the government brought a criminal case against Victor Conte and other criminal defendants alleging the unlawful distribution of performance-enhancing drugs.  While under indictment, Conte made a series of statements in the print and television media regarding performance enhancing drugs and mentioned Marion Jones as one of the professional athletes using such drugs.  As a result, Jones filed a separate

MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDING OR, ALTERNATIVELY, TO COMPEL ARBITRATION – CV 08-2052 SC

1  suit against Conte alleging defamation and tortious interference with business relations against

2  Conte.  The cases were ordered related, and Conte brought a motion to stay the civil case until

3  resolution of the criminal case.  After hearing the motion, Judge Illston—who is, coincidentally, the

4  trial judge in the Criminal Action against Captain Cota—entered an order staying the civil action

5  finding that both the criminal case and the civil case arose from the same facts—the alleged illegal

6  distribution of drugs by Conte.  Judge Illston held that a stay was proper because, if discovery in the

7  civil case moved forward, the defendant, Conte, would be faced with the "difficult choice" between

8  asserting his right against self-incrimination thereby inviting prejudice in the civil case or waiving

9  his right against self-incrimination thereby inviting prejudice in the criminal case.  Judge Illston also

10  found that other relevant factors supported the stay:

11      "To the extent the remaining factors are implicated in this case, they turn in favor of

12      defendant.  Staying the case makes efficient use of judicial resources by "insuring that

13      common issues of fact will be resolved and subsequent civil discovery will proceed

14      unobstructed by concerns regarding self-incrimination. [Cite.] Furthermore, the public

15      interest is furthered by a stay because 'the public's interest in the integrity of the criminal

16      case is entitled to precedence over the civil litigant.' [Cite.] Therefore, the Court finds that a

17      stay ensures the efficient use of judicial resources and supports the public interest." *Jones,*

18      *supra,* 2005 WL 1287017 at 2.

19      The same factors present in *Jones* are even more compelling here to protect Captain Cota

20  from being prejudiced by Continental, his own insurer.  Here, there is no question that permitting the

21  civil action to proceed at the same time as the criminal proceeding would impact Captain Cota's

22  Fifth Amendment rights.  If Continental's civil action proceeds, Captain Cota would be forced to

23  choose between participating in discovery and waiving his Fifth Amendment rights, or not

24  participating in the benefits of discovery and maintaining such rights.  Staying the civil action during

25  the criminal proceeding would obviously alleviate this conflict.  Moreover, staying the civil action

26  will not cause any judicially-recognized prejudice to Continental.  First, because Continental is

27  seeking a judicial determination of its coverage obligations, the civil action is essentially a monetary

28

8.

dispute.  Courts have recognized that monetary prejudice is not a factor that weighs heavily in favor of denying a stay of a civil action.  *Belford Strategic Investment Fund, LLC v. Presidio Growth LLC*, 2005 U.S. Dist. LEXIS 45219 (N.D. Cal.) at 4-5.  Further, courts recognize that, in general, the risk of prejudice is lessened after the filing of a criminal indictment "because of the requirement of a speedy trial, which limits the duration of the stay." *Lizarraga v. City of Nogales*, 2007 U.S. Dist. LEXIS 90055 (D. Ariz.) at 6.  Here, trial is set to begin on October 6, 2008 on the negligence and Migratory Bird counts.  Therefore a stay of 120 days is reasonable.[7]  A temporary stay of this length does not cause Continental any undue prejudice.

Additionally, issuance of a stay would serve the interests of judicial economy in several ways.  *Grubbs v. Irey*, 2008 U.S. Dist. LEXIS 26758 (E.D. Cal.) at 14-15 (the Court has "inherent discretionary authority to stay cases to control its docket in the interests of justice and efficiency.").  A stay would eliminate unnecessarily duplicative litigation, would avoid inconsistent rulings and may serve to streamline issues in the subsequent civil proceeding.  *Id.*   In addition, a stay would obviate the need to make rulings regarding potential discovery disputes involving issues that will almost certainly affect the criminal case.  A stay pending resolution of criminal proceedings is also likely to remove Fifth Amendment concerns and thereby permit the civil action to proceed more smoothly.  See *Grubbs, supra*, 2008 U.S. Dist. LEXIS at 15-16.

Finally, both the public in general, and Captain Cota in particular, have a strong interest in the orderly and efficient administration of the criminal proceeding.  Indeed, courts have recognized that trial judges "should give substantial weight to [the public interest in law enforcement] in balancing that policy against the right of a civil litigant to a reasonably prompt determination of his civil claims." *Belford, supra*, 2005 U.S. Dist. LEXIS at 12; citing *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1010 (EDNY 1992).  Further, where the civil and criminal matters overlap, such that the civil case may impede the criminal one, "the public's interest  in the integrity of the criminal case is entitled to precedence over the civil litigant" and "the public interest is best served by staying the civil matter." *Id.*  Here, the issues in the civil and criminal actions

---

[7] As to the Felony Charges, which have been severed from this trial, see footnote 6, *supra*.

MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDING OR, ALTERNATIVELY, TO COMPEL ARBITRATION – CV 08-2052 SC

1  fundamentally overlap—the civil action will almost certainly impede the criminal proceeding.

2  Accordingly, the public's interest is best served by staying the civil action.

3      In light of the foregoing, the Court should stay this action for 120 days to allow the

4  completion of the Criminal Action.[8]

5      **B.    The Applicable Law Governing Insurance Coverage Disputes Also Supports a
       Stay of Continental's Action Until Completion of the Underlying Criminal
6      Litigation.**

7      In *Montrose Chemical Corporation of California v. Superior Court* (1993) 6 Cal.4th 287, the

8  California Supreme Court expressly held that an insurer cannot pursue a declaratory relief action

9  where factual determinations in that proceeding could prejudice the insured:

10     "To eliminate the risk of inconsistent factual determinations that could prejudice the insured,

11     a stay of the declaratory relief action pending resolution of a third party suit is appropriate

12     when the coverage turns on facts to be litigated in the underlying action. (*See, e.g., California*

13     *Ins. Guarantee Ass'n. v. Superior Court* (1991) 231 Cal. App. 3d 1617, 1627-28, 283 Cal.

14     Rprt. 104; *General of America Ins. Co. v. Lilly* (1968) 258 Cal. App. 465, 471, 65 Cal. Rptr.

15     750.)  For example, when the third party seeks damages on account of the insured's

16     negligence, and the insurer seeks to avoid providing a defense by arguing that its insured

17     harmed the third party by intentional conduct, the potential that the insurer's proof will

18     prejudice its insured in the underlying litigation is obvious.  This is the classic situation in

19     which the declaratory relief action should be stayed."  *Montrose*, 6 Cal.4th at 301-02.

20     The California Court of Appeal, in *David Kleis, Inc. v. Superior Court* (1995) 37 Cal.App.4th

21  1035, discussed further the rationale for staying an insurer's declaratory relief action while the

22  underlying litigation involving the insured was still pending:

23     "There are three concerns which the courts have about the trial of coverage issues which

24     necessarily turn upon the facts to be litigated in the underlying action.  First, the insurer, who

25     is supposed to be on the side of the insured and with whom there is a special relationship,

26

27  _____

[8] While Captain Cota seeks a 120-day stay to allow completion of the Criminal Action, it is Captain
28  Cota's position that, at the end of the stay, this Court must order all claims between Continental and
    Captain Cota to arbitration.  See Part III, infra.

_____

MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDING OR,
ALTERNATIVELY, TO COMPEL ARBITRATION – CV 08-2052 SC

effectively attacks its insured and thus gives aid and comfort to the claimant in the

underlying suit; second, such a circumstance required the insured to fight a two front war,

litigating not only with the underlying claimant, but also expending precious resources

fighting an insurer over coverage questions—this effectively undercuts one of the primary

reasons for purchasing liability insurance; and *third*, there is a real risk that, if the declaratory

relief action proceeds to judgment before the underlying action is resolved, the insured could

be collaterally estopped to contest issues in the latter by the results in the former."  37

Cal.App.4th at 1044-45.

Here, the factors identified by the California Supreme Court in *Montrose* and the Court of

Appeal in *Kleis* support staying this action until the trial in the Criminal Action is completed.  First,

Continental, in its correspondence with Captain Cota, has contended that coverage is not available

for Captain Cota under the Continental Policy because Captain Cota's conduct – which is the subject

of the Criminal Action – is intentional, willful and non-accidental and is thereby excluded by the

Pollution Exclusion.  However, the Clean Water Act and Migratory Bird Treaty Act, on which the

government seeks to impose criminal liability in the first instance on Captain Cota sound in

negligence and strict liability and, according to the government, do not require intentional, willful

conduct to impose criminal liability.  As such, Continental will seek to avoid coverage in the within

action by seeking to prove that Captain Cota's conduct in piloting the COSCO BUSAN—i.e., the

conduct at issue in the Criminal Action—was willful and intentional.  Obviously, by seeking to

prove such conduct, Continental will be prejudicing Captain Cota in the Criminal Action, and this

scenario thus presents the "classic situation" identified by the California appellate courts in

*Montrose* and *Kleis* where a stay of the insurer's coverage action is appropriate.

Moreover, Continental, by the within action, is causing Captain Cota to fight a two-front war

with the government and his own carrier at a time when he is least able to do so.  This is precisely

the situation that the Court of Appeal in *Kleis* identified as inappropriate.  Moreover, this prejudice

can be avoided if Continental's action herein is simply stayed for 120 days to allow completion of

the trial in the Criminal Action.  Continental can hardly claim any prejudice by such a delay, and at

11.

the end of the stay, Continental will be required, in any event, to adjudicate any claims against Captain Cota in an arbitration as required by the Continental Policy and not in the instant lawsuit filed against Captain Cota here.

The federal courts in California have embraced the same reasoning in staying declaratory relief actions brought by insurers until the underlying litigation against the insured is concluded. *Metropolitan Direct Property and Casualty Insurance Company v. Synigal*, 2008 U.S. Dist. LEXIS 8916 (N.D. Cal.), is squarely on point. In *Metropolitan*, an insurance company filed a civil declaratory relief action against its insured seeking a judicial determination that coverage did not exist for wrongful death claims against the insured in a criminal proceeding. Although the insurer had accepted coverage, it had done so under a reservation of rights with respect to intentional and/or criminal acts. The insured filed a motion to stay the civil declaratory relief action pending the outcome of the criminal action. The court granted the stay, finding that the question of whether the insured acted deliberately and intentionally is "central to the question of coverage under the policy, as well as to the resolution of both the state criminal and civil actions." *Id*. at 6. The court reasoned that allowing the declaratory action to proceed at the same time as the criminal action would result in unnecessary, duplicative litigation. *Id*.

The present case is substantively identical to *Metropolitan*. Continental, after accepting Captain Cota's tender of defense and indemnity, now seeks a judicial declaration of its insurance obligations. It is clear from Continental's correspondence that the civil action will focus on the precise events at issue in the criminal proceeding, including Captain Cota's decisions, actions and omissions and whether he acted intentionally and/or willfully. As in *Metropolitan*, forcing Captain Cota to defend these claims on two fronts would be unnecessarily duplicative.

Accordingly, the Court should stay Continental's action herein for 120 days pending resolution of the criminal proceeding.[9]

---

[9]  Captain Cota has recently learned that the Vessel Interests have filed counterclaims, cross-claims and third-party claims in this action which address substantially the same issues raised by Continental. Counsel for Captain Cota had not seen any service copy of the Vessel Interests claims by July 18, 2008 before this motion was filed. However, Captain Cota does seek a stay of the entire action before this Court including any claims by the Vessel Interests.

12.

**IV.    ALTERNATIVELY, THE COURT SHOULD COMPEL CONTINENTAL TO ARBITRATE ITS CLAIMS AGAINST COTA AND SHOULD STAY THIS CASE UNTIL THE COMPLETION OF SUCH ARBITRATION.**

As set forth above, applicable law strongly supports staying the within action for 120 days pending completion of the Criminal Action.  Should the Court decline to do so, Captain Cota requests that the Court immediately order that Continental arbitrate its claims against Captain Cota as required by the Continental Policy.

The Continental Policy contains a broad arbitration clause which provides that "[i]f any dispute arises under this policy the parties hereto shall submit the same to arbitration."  Schack Decl., ¶ 2-3.  Under the Federal Arbitration Act ("FAA"), "[a] written provision in any…contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof,…shall be valid, irrevocable, and enforceable…."  9 U.S.C. § 2.  There is a clear federal policy supporting enforcement of arbitration clauses.  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.* 207 F.3d 1126, 1131 (9th Cir. 2000).  Further, arbitration clauses are to be interpreted broadly.  *See*, *e.g.*,  *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 720 (9th Cir. 1999).  When assessing whether claims should be arbitrated, courts presume "that the parties agreed to submit the dispute to arbitration unless there is clear intent that the parties did not want to arbitrate [the] matter."  *Teamsters Local Union No. 688 v. Industrial Wire Products, Inc.*, 186 F.3d 878, 881 (8th Cir. 1999) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 945, 115 S. Ct. 1920 (1995).

Continental's claims against Captain Cota in this action "arise under" the Continental Policy.  One need look no further than the FAC's first paragraph, which states that the action concerns "a contract of marine insurance."  FAC, ¶ 1.  Continental further alleges in the FAC that Captain Cota is a member of the Bar Pilots, and that Continental provides insurance to the Bar Pilots and its individual members, including Captain Cota.  FAC, ¶ 10-11.  The FAC alleges that the COSCO BUSAN accident occurred while Captain Cota was onboard as a pilot.  Most importantly, each form of relief Continental seeks in the FAC – whether it is indemnity, reimbursement or a declaration of coverage obligations – necessarily involves an analysis of the Continental Policy and its application

MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDING OR, ALTERNATIVELY, TO COMPEL ARBITRATION – CV 08-2052 SC

1  to the facts of the COSCO BUSAN accident.  As such, all claims and causes of action by

2  Continental against Captain Cota fall squarely within the scope of the Continental Policy's

3  arbitration provision.  Accordingly, the Court should compel Continental to arbitrate its claims

4  against Captain Cota.

5        Where claims in a pending suit are subject to arbitration, the FAA requires such suit to be

6  stayed pending the outcome of the arbitration.  9 U.S.C. § 3 ("If any suit or proceeding brought in

7  any of the courts of the United States upon any issue referable to arbitration under an agreement in

8  writing for such arbitration, the court in which such suit is pending . . . shall on application of one of

9  the parties stay the trial of the action until such arbitration has been had in accordance with the terms

10  of the agreement . . . .").  Here, upon the granting of his motion to compel arbitration, Captain Cota

11  is entitled to a mandatory stay of all claims being asserted in this pending action by Continental

12  against him.

13        In addition to the claim asserted against Captain Cota, Continental has also asserted claims

14  against the Vessel Interests in the first, fourth and fifth causes of action.  The Vessel Interests are not

15  a party to Continental Policy and are not subject to the arbitration clause in the Continental Policy.

16  The existence of these claims against the Vessel Interests, however, do not affect Captain Cota's

17  right to compel arbitration of Continental's claim against him.  As the Supreme Court has held, "an

18  arbitration agreement must be enforced notwithstanding the presence of other persons who are

19  parties to the underlying dispute but not to the arbitration agreement."  *Moses H. Cone Memorial*

20  *Hosp. v. Mercury Const. Corp.*, 460 U.S.1, 20 (1983).

21        Moreover, the Court should stay all remaining claims against the Vessel Interests pending

22  completion of the arbitration between Continental and Captain Cota because the failure to do so will

23  create the possibility of inconsistent results and prejudice to Cota and will be a waste and inefficient

24  use of this Court's resources.  Indeed, as recognized by the U.S. Supreme Court: "[i]n some cases, of

25  course, it may be advisable to stay litigation among the nonarbitrating parties pending the outcome

26  of the arbitration.  That decision is one left to the district court…as a matter of discretion to control

27  its docket."  *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 20, fn

28

MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDING OR,
ALTERNATIVELY, TO COMPEL ARBITRATION – CV 08-2052 SC

23 (1983); *See also United States use of Newton v. Neumann Caribbean International, Ltd.*, 750 F.2d 1422, 1426-27 (9th Cir. 1985)(finding that "considerations of economy and efficiency fully support the District Court's determination that the third party claim [i.e. the non-party to the arbitration clause] and other matters must await the final determination made in connection with the arbitration"); *Harvey v. Joyce*, 199 F.3d 790, 795-96 (5th Cir. 2000).  Here, Continental's claims against the Vessel Interests involve factual and legal issues that overlap with the claims against Captain Cota which must be arbitrated.  For example, in the fourth cause of action against both Captain Cota and the Vessel Interests, Continental seeks declaratory relief that, if Continental has an obligation to defend and indemnify Captain Cota in connection with the criminal proceedings, then the Vessel Interests must contribute to that indemnity and defense because its obligations to do so are primary pursuant to California Harbors & Navigations Code § 1198.   Similarly, in its fifth cause of action for indemnity against the Vessel Interests, Continental alleges that, if it is obligated to defend and indemnify Captain Cota in connection with the criminal proceedings, then the Vessel Interests, under Harbors & Navigations Code,  have an obligation to reimburse Continental for any monies paid to Captain Cota for such indemnity and defense.  Thus, a threshold issue in Continental's claims against the Vessel Interests in those causes of action is whether Continental has a coverage obligation to Captain Cota under the Continental Policy for the criminal claims against Captain Cota.  This issue must be resolved in the arbitration between Continental and Captain Cota and allowing Continental's claims against the Vessel Interests to proceed prior to such determination in arbitration (and potentially adjudicate the very issue that is the subject of the arbitration) would thwart the federal policy favoring arbitrations, would create the possibility of inconsistent results and would be an inefficient and wasteful use of judicial resources.  Under these circumstances, the Court has the power to, and should, stay all remaining claims in this action involving the Vessel Interests and other parties pending completion of the arbitration between Continental and Captain Cota.  *Id.; Kroll v. Doctor's Associates, Inc.*, 3 F.3d 1167, 1171 (7th Cir. 1993).

**V.     IF THE COURT DENIES THIS MOTION, CAPTAIN COTA REQUESTS AN EXTENSION OF TIME TO RESPOND TO CONTINENTAL'S FIRST AMENDED COMPLAINT.**

In the event the Court denies this motion, and neither stays the civil action nor orders Continental and Captain Cota to arbitrate this matter, then Captain Cota respectfully requests that the Court order that Captain Cota have ten (10) days from the notice of such ruling in which to respond to Continental's First Amended Complaint.

**VI.     CONCLUSION.**

For the foregoing reasons, the Court should stay the within action for 120 days, or alternatively, compel Continental to arbitrate all of its claims against Captain Cota while staying all other claims by all parties until completion of the arbitration.

Respectfully submitted,

K&L GATES LLP


By  /s/ David P. Schack
     David P. Schack, Esq.
Attorneys for Defendant
JOHN J. COTA

K:\1106288\00002\19034_LGA\19034P20D9

16.

MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDING OR, ALTERNATIVELY, TO COMPEL ARBITRATION – CV 08-2052 SC