Samuel H. Ruby, SBN 191091
E-mail: samuel.ruby@bullivant.com
Kevin K. Ho, SBN 233408
E-mail: kevin.ho@bullivant.com
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone:   415.352.2700
Facsimile:   415.352.2701

Steven M. Crane, SBN 108930
E-mail: scrane@bcrslaw.com
BERKES CRANE ROBINSON & SEAL LLP
515 South Figueroa Street, Suite 1500
Los Angeles, California 90071
Telephone:   213.955.1150
Facsimile:   213.955.1155

Attorneys for Plaintiff and Counterdefendant
The Continental Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN JOSEPH COTA; REGAL STONE LIMITED; FLEET MANAGEMENT LTD,; and the M/V COSCO BUSAN, LR/IMO Ship No. 9231743 her engines, apparel, electronics, tackle, boats, appurtenances, etc., *in rem*,<br><br>Defendants. | Case No.: C-08-2052-SC<br><br>Related to Case No:<br>07-cv-05926-SC<br>07-cv-06045-SC<br>07-cv-05800-SC<br>08-cv-02268-SC<br><br>**CONTINENTAL INSURANCE COMPANY'S ANSWER TO REGAL STONE AND FLEET MANAGEMENT'S COUNTERCLAIM** |
| REGAL STONE LIMITED and FLEET MANAGEMENT, LTD.,<br><br>Counterclaimants,<br><br>vs.<br><br>THE CONTINENTAL INSURANCE COMPANY,<br><br>Counterdefendant. | |

– 1 –

|   |
|---|
| REGAL STONE LIMITED and FLEET MANAGEMENT, LTD., |
| Cross-Complainants, |
| vs. |
| JOHN JOSEPH COTA, |
| Cross-Defendant. |
| REGAL STONE LIMITED and FLEET MANAGEMENT, LTD., |
| Third-Party Plaintiffs, |
| vs. |
| THE SAN FRANCISCO BAR PILOTS and THE SAN FRANCISCO BAR PILOTS BENEVOLENT AND PROTECTIVE ASSOCIATION, |
| Third-Party Defendants. |

Plaintiff and counterdefendant, The Continental Insurance Company ("Continental"), answers defendants and counterclaimants Regal Stone Limited and Fleet Management's (collectively, "Vessel Interests") counterclaim as follows.

## ANSWER TO VESSEL INTERESTS' COUNTERCLAIM:

1. Continental admits the allegations of paragraph 1.

2. Continental admits the allegations of paragraph 2.

3. Continental admits the allegations of paragraph 3.

4. On information and belief, Continental admits the allegations of paragraph 4.

5. On information and belief, Continental admits the allegations of paragraph 5.

6. On information and belief, and construing "technical manager" to mean "operator," Continental admits the allegations of paragraph 6.

7. Continental admits the allegations of paragraph 7.

8. On information and belief, Continental admits the allegations of paragraph 8.

9. Continental admits the San Francisco Bar Pilots Association ("the SF Bar Pilots"), is an association of persons who guide vessels entering or exiting the waters of San

Francisco Bay. Continental admits it issued a policy of insurance, No. H856049 ("the Policy"), to the SF Bar Pilots. Otherwise, Continental denies the allegations of paragraph 9.

10. Continental admits it issued the Policy to the SF Bar Pilots, the San Francisco Bar Pilots Benevolent Association, and their officers, employees, and individual member pilots. Otherwise, Continental denies the allegations of paragraph 10.

11. On information and belief, Continental admits the allegations of paragraph 11.

12. Paragraph 12 contains no allegations against Continental, but if an answer to the allegations is required, then Continental admits that California Harbors & Navigation Code § 1125(a) states that: "Pilots licensed by the board have exclusive authority, to the extent not provided otherwise by federal law, to pilot vessels from the high seas to Monterey Bay and the Bays of San Francisco, San Pablo, and Suisun and the ports thereof, and from those bays and ports to the high seas. They shall also have exclusive authority to pilot vessels within and along the waters of those bays, except as otherwise set forth in this division." Continental otherwise denies the allegations.

13. Paragraph 13 contains no allegations against Continental, but if an answer to the allegations is required, then Continental admits that on November 7, 2007, the vessel allided with the western span of the Bay Bridge resulting in a fuel oil spill into the San Francisco Bay. Continental further admits that at the time of the spill, Cota was aboard the vessel. Continental otherwise denies the allegations.

14. Paragraph 14 contains no allegations against Continental, but if an answer to the allegations is required, then Continental admits that Regal Stone has been designated as the Responsible Party for the oil spill clean-up and response. Otherwise, Continental lacks information sufficient to form a belief as to the truth of the allegations of paragraph 14 and denies the allegations.

15. Continental admits the allegations of paragraph 15.

16. Continental admits the allegations of paragraph 16.

17. Continental admits that after several months, during which time Continental incurred over $300,000 to defend Cota, Regal Stone finally assumed the defense under

California Harbors & Navigation Code §1198(c). Continental admits that Regal Stone has at all times refused to pay for counsel to defend Cota with respect to the Criminal Complaint. Otherwise, Continental denies the allegations.

18. Paragraph 18 contains no allegations against Continental, but if an answer to the allegations is required, then Continental admits that California Harbors and Navigation Code § 1198(c)(1)(B) states, in full: "A vessel subject to this paragraph and its owner, operator, and demise or bareboat charterer shall defend, indemnify, and hold harmless the pilot, any organization of pilots to which the pilot belongs, and their officers and employees, with respect to liability arising from any claim, suit, or action, by whomsoever asserted, resulting in whole, or in part, from any act, omission, or negligence of the pilot, any organization of pilots to which the pilot belongs, and their officers and employees. The obligation to indemnify under this paragraph shall not apply to the extent that it causes the amount recoverable from a vessel, its owner, operator, or demise or bareboat charterer to exceed the limits of liability to which it is entitled under any bill of lading, charter party, contract of affreightment, or provision of law." Otherwise, Continental denies the allegations of paragraph 18.

19. Paragraph 19 contains no allegations against Continental, but if an answer to the allegations is required, Continental lacks information sufficient to form a belief as to the truth of the allegations of paragraph 19 and denies the allegations.

20. Paragraph 20 contains no allegations against Continental, but if an answer to the allegations is required, Continental lacks information sufficient to form a belief as to the truth of the allegations of paragraph 20 and denies the allegations.

21. Continental admits that it issued a policy of insurance, No. H856049, to the SF Bar Pilots, the San Francisco Bar Pilots Benevolent Association, and their officers, employees, and individual member pilots, including Cota. Continental admits that the period of the Policy was January 1, 2007 to January 1, 2008. Continental admits that the Policy is comprised of several coverage sections, among other things. Continental admits that the Policy states: "It is also understood and agreed that liability for all loss, damage, cost, or expense, including all costs of investigation, defense, negotiations or settlement shall be included in the policy limit

1  and shall not exceed $997,500 excess of $2,500 in respect of any one accident or occurrence."
2  Otherwise, Continental denies the allegations of paragraph 21 as being incomplete.

3      22.    Continental admits that on June 18, 2008, it filed its First Amended Complaint against Regal Stone, Fleet, Cota, and the vessel. The pleading speaks for itself. Otherwise, Continental denies the allegations of paragraph 22.

    23.    Paragraph 23 contains no allegations against Continental, but if an answer to the allegations is required, then Continental denies the allegations.

    24.    Continental denies the allegations of paragraph 24.

    25.    In response to paragraph 25, Continental incorporates by reference and realleges its answers to paragraphs 1-24.

    26.    Paragraph 26 contains no allegations against Continental, but if an answer to the allegations is required, then, on information and belief, Continental admits the allegations of paragraph 26.

    27.    Paragraph 27 contains no allegations against Continental, but if an answer to the allegations is required, then Continental denies the allegations.

    28.    Paragraph 28 contains no allegations against Continental, but if an answer to the allegations is required, then Continental denies the allegations.

    29.    Paragraph 29 contains no allegations against Continental, but if an answer to the allegations is required, then Continental denies the allegations.

    30.    In response to paragraph 30, Continental incorporates by reference and realleges its answers to paragraphs 1-29.

    31.    Paragraph 31 contains no allegations against Continental, but if an answer to the allegations is required, then Continental admits that Vessel Interests have accurately quoted a portion of California Harbors & Navigation Code § 1198(c)(1)(B) and have added their own emphasis. Otherwise, Continental denies the allegations of paragraph 31 as being incomplete.

    32.    Paragraph 32 contains no allegations against Continental, but if an answer to the allegations is required, then Continental admits that Vessel Interests have accurately quoted a

portion of California Harbors & Navigation Code § 1198(c)(1)(C). Otherwise, Continental denies the allegations of paragraph 32 as being incomplete.

33. Paragraph 33 contains no allegations against Continental, but if an answer to the allegations is required, then Continental denies the allegations.

34. Paragraph 34 contains no allegations against Continental, but if an answer to the allegations is required, then Continental agrees with cross-complainants' position; but if the Court rejects that position and finds that the statute does impose the alleged duties upon Vessel Interests, then the Vessel Interests' duties are primary and Continental's duties, if any, are secondary and Continental is entitled to indemnity, subrogation, and/or contribution from Vessel Interests.

35. In response to paragraph 35, Continental incorporates by reference and realleges its answers to paragraphs 1-34.

36. Paragraph 36 contains no allegations against Continental, but if an answer to the allegations is required, then Continental admits that Vessel Interests have accurately quoted a portion of California Harbors & Navigation Code § 1198(a). Otherwise, Continental denies the allegations of paragraph 36 as being incomplete.

37. Paragraph 37 contains no allegations against Continental, but if an answer to the allegations is required, Continental lacks information sufficient to form a belief as to the truth of the allegations of paragraph 37 and denies the allegations.

38. Paragraph 38 contains no allegations against Continental, but if an answer to the allegations is required, Continental lacks information sufficient to form a belief as to the truth of the allegations of paragraph 38 and denies the allegations.

39. In response to paragraph 39, Continental incorporates by reference and realleges its answers to paragraphs 1-38.

40. Continental admits that it is subrogated to Cota's indemnity rights against any other parties. Otherwise, Continental denies the allegations of paragraph 40.

41. Continental lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and denies the allegations.

42. Continental denies the allegations of paragraph 42.

## AFFIRMATIVE DEFENSES

1. The counterclaim fails to state facts sufficient to constitute a cause of action.

2. The counterclaim is barred by the doctrine of unclean hands.

3. The counterclaim is barred by the doctrine of laches.

4. The counterclaim is barred by the doctrine of estoppel.

5. The counterclaim is barred because California Harbors & Navigation Code § 1198(c)(1)(A) bars the Vessel Interests from asserting any "claim, demand, suit, or action against the pilot, any organization of pilots to which the pilot belongs...."

## PRAYER

Wherefore, Continental prays for relief as follows:

1. For judgment in favor of Continental and against Regal Stone Limited and Fleet Management Limited on each and every cause of action;

2. That Regal Stone Limited and Fleet Management Limited take nothing;

3. That Continental be awarded its costs of suit;

4. For such further and other relief as the Court may deem just and proper.

DATED: August 4, 2008

BULLIVANT HOUSER BAILEY PC

By _____
Samuel H. Ruby
Kevin K. Ho

Attorneys for Plaintiff & Counterdefendant
The Continental Insurance Company

10704348.1