1  SCOTT T. PRATT, CASB No. 67192
   scott.pratt@kyl.com
2  JOSEPH A. WALSH II, CASB No. 143694
   joe.walsh@kyl.com
3  ELIZABETH A. KENDRICK, CASB No. 123163
   elizabeth.kendrick@kyl.com
4  KEESAL, YOUNG & LOGAN
   A Professional Corporation
5  400 Oceangate, P.O. Box 1730
   Long Beach, California  90801-1730
6  Telephone:  (562) 436-2000
   Facsimile:  (562) 436-7416
7
   Attorneys for Defendants, Counterclaimants,
8  Cross-Claimants and Third-Party Plaintiffs
   REGAL STONE LIMITED and FLEET MANAGEMENT, LTD.
9

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12

13  THE CONTINENTAL INSURANCE          )   Case No. C-08-2052-SC
    COMPANY,                           )
14                                     )   Related to Case Nos:
                         Plaintiff,    )   3:07-CV-05926-SC
15                                     )   3:07-CV-06045-SC
              vs.                      )   3:07-CV-05800-SC
16                                     )
    JOHN JOSEPH COTA; REGAL STONE      )
17  LIMITED; FLEET MANAGEMENT,         )   **OPPOSITION OF REGAL STONE**
    LTD.; and the M/V COSCO BUSAN,     )   **LIMITED AND FLEET**
18  LR/IMO Ship. No. 9231743 her engines, )  **MANAGEMENT LTD. TO**
    apparel, electronics, tackle, boats, )  **DEFENDANT JOHN J. COTA'S**
19  appurtenances, etc., *in rem*,     )   **MOTION TO STAY CIVIL ACTION**
                                       )   **PENDING RESOLUTION OF**
20                        Defendants.  )   **CRIMINAL PROCEEDINGS OR,**
                                       )   **ALTERNATIVELY, TO COMPEL**
21  _____)   **ARBITRATION**
    REGAL STONE LIMITED and FLEET      )
22  MANAGEMENT, LTD.,                  )
                                       )   Date:    September 5, 2008
23                  Counterclaimants,  )   Time:    10:00 a.m.
                                       )   Ctrm.:   1
24              vs.                    )
                                       )
25  THE CONTINENTAL INSURANCE          )
    COMPANY,                           )
26                                     )
                    Counterdefendant.  )
27  _____)

28

                                           KYL_LB1166965

OPPOS. TO MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF
CRIMINAL PROCEEDINGS/COMPEL ARBITRATION - Case No. C-07-06045 (SC)

1   REGAL STONE LIMITED and FLEET                )
    MANAGEMENT, LTD.,                            )
2                                                )
                  Cross-Complainants,            )
3                                                )
            vs.                                  )
4                                                )
    JOHN JOSEPH COTA,                            )
5                                                )
                  Cross-Defendant.               )
6   _____     )
                                                 )
7   REGAL STONE LIMITED and FLEET                )
    MANAGEMENT, LTD.,                            )
8                                                )
                  Third-Party Plaintiffs,        )
9                                                )
            vs.                                  )
10                                               )
    THE SAN FRANCISCO BAR PILOTS and )
11  THE SAN FRANCISCO BAR PILOTS                 )
    BENEVOLENT AND PROTECTIVE                    )
12  ASSOCIATION,                                 )
                                                 )
13                Third-Party Defendants.        )
    _____     )
14

15

16          Defendants, Counterclaimants, Cross-Claimants and Third-Party Plaintiffs

17  REGAL STONE LIMITED ("Regal Stone") and FLEET MANAGEMENT, LTD. ("Fleet")

18  oppose Defendant JOHN JOSEPH COTA's ("Cota") Motion to Stay, or Alternatively,

19  Motion to Compel Arbitration.[1]

20

21

22

23

24  ///

25

26  _____

    [1] As discussed more fully below, Regal Stone and Fleet are Defendants in Continental
27  Insurance Company's ("CIC") Complaint and also are Counterclaimants, Cross-
    Claimants and Third-Party Plaintiffs in this action by virtue of an affirmative action
28  filed by them in response to CIC's Complaint.

OPPOS. TO MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF
CRIMINAL PROCEEDINGS/COMPEL ARBITRATION - Case No. C-07-06045 (SC)

# I.

# **INTRODUCTION**

In his motion, Cota seeks an overly broad stay in this action.  In opposition, Regal Stone and Fleet propose that (1) any stay be narrowly tailored to fit the circumstances presented by the pending Criminal Action so as to avoid discovery and litigation on overlapping factual issues between this action and the Criminal Action; and (2) an exemption from any stay be granted to permit limited discovery and litigation on non-overlapping issues such as federal preemption and whether the requirements of California Harbors and Navigation Code section 1198(a) were satisfied.

Cota fails to set forth any argument or authority to support a stay of the cross-claim against him filed by Regal Stone and Fleet, merely asserting that he "seeks a stay of the <u>entire action</u> before this Court, including any claims by Vessel Interests." (Motion, p. 12, n.9) (emphasis added). In the alternative, Cota requests that the Court stay the entire action as to "all claims and parties until conclusion of the arbitration between Captain Cota and Plaintiff" (Cota's proposed order, p. 2) (emphasis added).

Regal Stone and Fleet recognize that in certain circumstances a remedy such as a stay should be fashioned to protect the interest of a defendant simultaneously sued in criminal and civil matters, especially where overlapping factual issues are involved.[2]  However, as will be set forth more fully below, the issues presented by this action are largely legal as opposed to factual and center around issues of CIC's insurance coverage and application or federal preemption of sections of the California Harbors and Navigation Code. As such, Cota's request to stay of the entire action, including the

---

[2] In a related matter presently pending before this Court, United States v. M/V *COSCO BUSAN*, et al., Case No. C-07-06045, Regal Stone and Fleet have joined in the parties' recommendation to stay aspects of that litigation (with exceptions, including for example, the depositions of certain crewmembers who are currently being detained as material witnesses until the conclusion of the Criminal Action).  See Proposed Case Management Plan and Order (Docket No. 90).  For the sake of good order, the Court is advised that since the filing of Cota's Motion to Stay, Fleet has now been indicted along with Cota in the Criminal Action.

KYL_LB1166965

1    counter-claim, cross-claim and third-party complaint of Regal Stone and Fleet is

2    overbroad and not warranted here.  As an alternative to an omnibus stay of an

3    undeterminable duration, Regal Stone and Fleet, through their opposition, request that

4    the Court suspend discovery directed to Cota.

5

6                                    II.

7                        **PROCEDURAL BACKGROUND**

8              CIC filed its First Amended Complaint against Cota, Regal Stone and Fleet

9    on June 13, 2008.  In the Complaint, CIC seeks a judicial declaration that CIC has no

10   obligation to defend or indemnify Cota in the Criminal Action under the Continental

11   Policy and that Cota is required to reimburse CIC for defense costs paid by CIC in

12   connection with the Criminal Action.  As to Regal Stone and Fleet, CIC seeks a judicial

13   declaration that, under California Harbors and Navigation Code section 1198(c)

14   ("section 1198(c)"), Regal Stone and Fleet (and not CIC) have an obligation to defend and

15   indemnify Cota  for civil claims and the Criminal Action that arose from the

16   November 7, 2007 incident.  CIC also seeks reimbursement from Regal Stone and Fleet

17   of amounts CIC has paid in the defense of Cota in the Criminal Action.[3]

18             On July 15, 2008 Regal Stone and Fleet filed a Counterclaim, Cross-Claim

19   and Third-Party Complaint against CIC, Cota, the San Francisco Bar Pilots/ San

20   Francisco Bar Pilots Benevolent and Protective Association (collectively "SF Bar Pilots"),

21   respectively.  Regal Stone and Fleet seek a declaration that section 1198(c) is preempted

22   by federal maritime law.  Regal Stone and Fleet intend to file a motion for summary

23   judgment on the issue of preemption early in the litigation as soon as it can complete

24   certain limited discovery.  In the alternative, Regal Stone and Fleet seek a judicial

25   declaration that section 1198(c) does not obligate them to defend, indemnify or hold

26   _____

27   [3]Under protest, Regal Stone and Fleet are presently providing Cota with a defense of the
     civil actions that have been brought against him as a result of the November 7, 2007
28   incident.

KYL_LB1166965
OPPOS. TO MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF
CRIMINAL PROCEEDINGS/COMPEL ARBITRATION - Case No. C-07-06045 (SC)

1  harmless either Cota or the SF Bar Pilots in any criminal matter, including the Criminal

2  Action.  Finally, Regal Stone and Fleet contend that the SF Bar Pilots and Cota (as a

3  member thereof) have violated section 1198(a) by including the cost of primary marine

4  insurance within the rates and charges paid by Regal Stone and Fleet for pilotage

5  services.

6

7  ### III.

8  ### LEGAL ARGUMENT

9  **A.   COTA'S REQUEST FOR A STAY OF THE ENTIRE ACTION IS**

10  **OVERBROAD AND NOT WARRANTED**

11         A stay of proceedings is an extraordinary remedy that is discouraged by

12  federal courts.  Hicks v. New York, 268 F. Supp. 2d 238, 241-43 (E.D.N.Y. 2003). As an

13  alternative to a stay, district courts have discretionary authority to postpone civil

14  discovery or to impose protective orders when the interest of justice so require.  Hicks v.

15  City of New York, 268 F. Supp. 2d 238 at 241.  In this case there is no justification to

16  grant Cota's request for the extraordinary remedy of a complete and total stay.

17         When assessing whether a defendant's rights might be unduly prejudiced

18  by a denial of a stay, a relevant inquiry is whether there are overlapping issues among

19  the civil suits and criminal matter.  Keating v. Office of Thrift Supervisor, 45 F.3d 322 at

20  325–26 (9th Cir. 1995).  Cota summarily contends that this action and the Criminal

21  Action are "related" because they arise out of "the same incident:  the *COSCO BUSAN*'s

22  collision [sic] with the San Francisco Bay Bridge's fendering system on November 7,

23  2007." (Motion to Stay, p. 7, *l*. 11.)  Yet, Cota fails to identify the specific overlapping

24  issues which might cause prejudice.

25         While Cota correctly represents that in the pending Criminal Action "the

26  United States claims that Captain Cota negligently operated the vessel in a manner

27  which violated the clean Water Act . . . and the Migratory Bird Treat Act. . . . According

28  to the government, Captain Cota is liable based on ordinary negligence

OPPOS. TO MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF
CRIMINAL PROCEEDINGS/COMPEL ARBITRATION - Case No. C-07-06045 (SC)

1  principles . . . and [strict liability]" (Motion to Stay, p. 1, *ll*. 16-21.) Cota fails to explain

2  or demonstrate how this action "seeks to litigate the same facts as contained in the

3  Criminal Action." (Motion to Stay, p. 6, *ll*. 3-4.) This action does not turn on the

4  operative facts involving negligence or strict liability.

5              By comparison, a stay of a civil proceeding may be warranted when a

6  defendant faces criminal fraud charges and a civil suit alleging fraud. In <u>Crawford &</u>

7  <u>Sons, Ltd. v. Besser</u>, 298 F.Supp. 2d 317 (E.D.N.Y. 2004), the court determined that the

8  factual bases for a civil suit alleging common law fraud and RICO overlapped with those

9  supporting criminal fraud. The main issue in the two cases were the same, namely

10 whether or not the defendant committed fraud. There the defendant risked

11 incriminating himself or revealing his defense to the Criminal Action if he testified in

12 the civil action. This overlap is not present here.[4] The issues pertinent to Regal Stone

13 and Fleet are whether section 1198(c) is preempted by federal maritime law and, if not,

14 whether 1198(c) obligates Regal Stone and Fleet to defend and indemnify Cota for the

15 Criminal Action and whether the SF Bar Pilots violated section 1198(a). With the

16 exception of factual issues pertaining to the calculation and determination of pilotage

17 rates charged by the SF Bar Pilots (of which Cota likely has no personal knowledge) the

18 issues central to the claims of Regal Stone and Fleet are primarily legal, not factual.

19 While Regal Stone and Fleet have propounded limited discovery on CIC and a non-party,

20 Marsh Risk and Insurance Services, seeking information regarding the Continental

21 Policy and other insurance-related issues, it has not directed nor does it intend to direct

22 discovery to Cota. Regal Stone and Fleet do not presently believe discovery of Cota is

23 necessary to their anticipated motion for summary judgment on the issue of federal

24 preemption and/or a violation of California Harbors and Navigation Code

25 section 1198(a).

26

27 [4] To the extent there is overlap, Regal Stone and Fleet do not oppose a stay and believes
   the Court in its discretion can fashion its order to permit discovery and litigation of
   issues which are not related to or do not overlap with the Criminal Action.

28

KYL_LB1166965

OPPOS. TO MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF
CRIMINAL PROCEEDINGS/COMPEL ARBITRATION - Case No. C-07-06045 (SC)

**B.    A STAY OF THE ACTION WOULD UNFAIRLY PREJUDICE REGAL STONE AND FLEET.**

A parties' interest in proceeding expeditiously and the potential prejudice to the parties' associated with a delay are among the factors considered by the Ninth Circuit in determining whether to grant a motion to stay. <u>Keating v. Office of Thrift Supervisor</u>, 45 F.3d 322 at 324.

Regal Stone and Fleet have incurred hundreds of thousands of dollars in the defense of Cota, a compulsory pilot they were required to take on board to navigate the *COSCO BUSAN*. Regal Stone and Fleet have an interest in the prompt resolution of their claims against CIC, Cota and the SF Bar Pilots. As previously stated, Regal Stone and Fleet anticipate filing a motion for summary judgment early in this action on the grounds that section 1198(c) is preempted by federal maritime law. By granting a complete stay, Regal Stone and Fleet would be prejudiced by a delay which could last for years.[5] This is especially true given Cota's open-ended request for a stay as to the cross-claim which, according to Cota, would proceed after the Criminal Action is resolved **and** after Cota arbitrates his coverage claims with CIC.

**C.    COTA'S REQUEST FOR A COMPLETE STAY IS INCONSISTENT WITH HIS PREVIOUS ACTIONS IN RELATED CIVIL MATTERS**

The Court will no doubt recall that on May 9, 2008 it conducted a hearing in the related matter, <u>USA v. M/V COSCO BUSAN, et al.</u> (C 07-6045-SC) at the request of the United States which sought an order compelling the civil depositions of certain members of the vessel's crew who were being detained by United States prosecutors as material witnesses in the Criminal Action against Cota. Cota is a co-defendant in that civil action and his counsel was present in Court. Counsel for the crew appeared and advised the Court that the witnesses would assert their 5th Amendment rights if they

---

[5] Trial in the Criminal Action is currently set for November 17, 2008. Fleet, now a co-defendant in the Criminal Action has advised Judge Illston that it seeks to have trial reset in the Criminal Action in early March 2009.

KYL_LB1166965

OPPOS. TO MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS/COMPEL ARBITRATION - Case No. C-07-06045 (SC)

1    were compelled to give testimony in the civil actions.  Therefore, with guidance and

2    instruction from the Court, a Stipulation was entered on the record by all parties,

3    including Cota, which facilitated the depositions going forward <u>before</u> the Criminal

4    Action.

5        The civil depositions were conducted on May 19 and 20, 2008.  At these

6    proceedings, counsel for Cota cross-examined the witnesses extensively using numerous

7    documents which had been produced only to Cota by United States prosecutors as part of

8    their obligations to provide discovery, <u>Jenks</u> materials, etc.  No other party, not even the

9    United States Admiralty Attorney had access to that information.

10       The solicited testimony and exhibits used by Cota centered directly on

11    overlapping factual issues which are at the core of both the civil actions and Cota's

12    criminal charge—negligence under the Clean Water Act.  In other words, when it suited

13    Cota's interests he was actively engaged in the related civil actions using his status as a

14    Defendant in the Criminal Action to gain and exercise an advantage over other parties.

15    Now, in this action, when a party seeks to adjudicate certain specific legal issues, on

16    non-overlapping legal questions, he cites to the pending Criminal Action for the

17    protection of a stay which, if granted without limitation or exception, will keep his civil

18    defense in place for months on end.  Cota should not be afforded advantages over the

19    other parties because he is also a criminal defendant.

20    **D.    THE EXISTENCE OF AN ARBITRATION AGREEMENT BETWEEN**

21    **COTA AND CIC CANNOT IMPACT THE CLAIMS OF REGAL**

22    **STONE AND FLEET OR PREJUDICE THEIR RIGHTS TO AN**

23    **EXPEDITIOUS RESOLUTION OF THEIR CLAIM.**

24       While Cota argues for a stay of 120 days, the true length of the requested

25    stay as to Regal Stone and Fleet is of an unlimited and undoubtedly much longer

26    duration.  Cota requests a stay of this action until the conclusion of the Criminal Action

27    at which time he will then move to compel arbitration as to CIC and "stay any non-

28    arbitrable claims in this action until the arbitration is completed." (Motion to Say, p. 1,

- 8 -                          KYL_LB1166965

1  *l.* 8.)  Conceivably, under this scenario, Regal Stone and Fleet would be precluded from

2  pursuing their affirmative claims for years.  In the meantime, Regal Stone and Fleet

3  could be funding the defense of the related civil actions filed against Cota without an

4  opportunity to have its issues heard by way of its Motion for Summary Judgment.  If

5  such is the case, justice delayed will certainly be justice denied.  For this reason, the

6  Court is requested to adopt an alternative remedy to the broad stay requested by Cota,

7  namely a narrow order suspending discovery as to Cota on the overlapping issues he

8  faces in the Criminal Action pending the conclusion of the Criminal Action.

9

10                                             **IV.**

11                                     **CONCLUSION**

12

13          For the reasons set forth above, Regal Stone and Fleet respectfully request

that Cota's Motion to Stay as requested be denied and, in the alternative, the Court

14

15  issue an order suspending discovery as to Cota on the overlapping issues he faces in the

Criminal Action until conclusion of the Criminal Action.

16

17

18  DATED:  August 15, 2008

                                        SCOTT T. PRATT
19                                      JOSEPH A. WALSH II
                                        ELIZABETH A. KENDRICK
20                                      KEESAL, YOUNG & LOGAN
                                        Attorneys for Defendants,
21                                      Counterclaimants, Cross-Claimants and
                                        Third-Party Plaintiffs
22                                      REGAL STONE LIMITED and FLEET
                                        MANAGEMENT, LTD.
23

24

25

26

27

28

                                        - 9 -                          KYL_LB1166965

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, P.O. Box 1730, Long Beach, California  90801-1730.

4

5

    On August 15, 2008, I served the foregoing documents described as **Opposition of Regal Stone Limited and Fleet Management Ltd. to Defendant John J. Cota's Motion to Stay Civil Action Pending Resolution of Criminal Proceedings or, Alternatively, to Compel Arbitration** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

6

7

8

Randy Erlewine, Esq.
Phillips, Erlewine & Given LLP
50 California Street, 35th Floor

9

San Francisco, CA  94111
*Phone:  415-398-0900*

10

*Fax: 415-398-0911*
**Attorneys for San Francisco Bar Pilots**

11

12

Kevin Davis, Esq.
One SW Columbia Street, Suite 1600
Portland, OR 97258

13

*Phone: 503-517-2405*
*Fax: 503-226-0892*

14

Email:  kqdjd@aol.com
**Attorney for San Francisco Bar Pilots**

15

16

☒    BY U.S. MAIL:  I enclosed the documents in a sealed envelope or package addressed to the above-named persons at the addresses exhibited therewith and (specify one):

17

☐    I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

18

19

☒    I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

20

21

22

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Long Beach, California.

23

    Executed on August 15, 2008 at Long Beach, California.

24

    I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

25

    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

26

27

*Karen Stone*
_____

28

KAREN STONE

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3
      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, P.O. Box 1730, Long Beach, California  90801-1730.

4

5
      On August 15, 2008, I served the foregoing documents described as **Opposition of Regal Stone Limited and Fleet Management Ltd. to Defendant John J. Cota's Motion to Stay Civil Action Pending Resolution of Criminal Proceedings or, Alternatively, to Compel Arbitration** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

6

7
Samuel Harold Ruby
Kevin Kin-Man Ho, Esq.

8
Bullivant Houser Bailey, PC
601 California St., 18th Fl.

9
San Francisco, CA  94108
*Phone: 415-352-2700*

10
*Fax: 415-352-2701*
Email: samuel.ruby@bullivant.com

11
        Kevin.ho@bullivant.com
Attorneys for Continental Insurance

Steven M. Crane
Berkes Crane Robinson & Seal LLP
515 South Figueroa St., Suite 1500
Los Angeles, CA 90071
*Phone: (213) 955-1150*
*Fax: (213) 955-1155*
Email: scrane@bcrslaw.com
**Attorneys for Continental Insurance**

12

David P. Schack, Esq.

13
K&L Gates
10100 Santa Monica Boulevard, 7th Floor

14
Los Angeles, California  90067
*Phone:  310-552-5000*

15
*Fax:  310-552-5001*
**Attorneys for John Joseph Cota**

16

17
      ☒    BY CM/ECF:  The document was electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of above-

18
described document.

19
      Executed on August 15, 2008 at Long Beach, California.

20
      I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

21

22
      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

23

24
KAREN STONE

25

26

27

28