

1  David P. Schack (State Bar No. 106288)
david.schack@klgates.com
2  Luke G. Anderson (State Bar No. 210699)
luke.anderson@klgates.com
3  K&L Gates LLP
10100 Santa Monica Blvd.
4  Seventh Floor
Los Angeles, California 90067
5  Telephone: (310) 552-5000
Facsimile: (310) 552-5001
6

7  Attorneys for Cross-Defendant JOHN J. COTA

8                 UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

| | |
|---|---|
| 11 THE CONTINENTAL INSURANCE<br>COMPANY,<br>12<br>Plaintiff,<br>13<br>v.<br>14<br>15 JOHN JOSEPH COTA; REGAL STONE<br>LIMITED; FLEET MANAGEMENT LTD.;<br>and the *M/V COSCO BUSAN*, LR/IMO Ship<br>16 No. 9231743 her engines, apparel, electronics,<br>tackle, boats, appurtenances, etc., *in rem*,<br>17<br>Defendants.<br>18 | Case No. 3:08-CV-2052-SC<br><br>Related to Case Nos:<br>3:07-CV-5800-SC<br>3:07-CV-6045-SC<br>3:07-CV-5926-SC<br><br>**CROSS-DEFENDANT JOHN COTA'S REPLY TO OPPOSITION OF REGAL STONE LIMITED, FLEET MANAGEMENT LTD. AND THE CONTINENTAL INSURANCE COMPANY TO MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS OR, ALTERNATIVELY, TO COMPEL ARBITRATION; DECLARATION OF DAVID P. SCHACK**<br><br>Date:    September 5, 2008<br>Time:   10:00 a.m.<br>Ctrm:  1 |

K:\1106288\00002\19034_LGA\19034P20E8       1.

**CROSS-DEFENDANT JOHN COTA'S REPLY TO OPPOSITION TO MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS OR, ALTERNATIVELY, TO COMPEL ARBITRATION – CV 08-2052 SC**

## I.   **INTRODUCTION.**

This brief replies to the oppositions of both The Continental Insurance Company ("Continental") and Regal Stone Limited and Fleet Management, Inc. (the "Vessel Interests") to Captain Cota's Motion to Stay Civil Action Pending Resolution of Criminal Proceedings or, Alternatively, to Compel Arbitration (the "Motion"). Continental's "opposition" is in fact not an opposition at all. Continental confirms that it has dismissed its claims against Captain Cota in this action and intends to arbitrate those claims.[1] Most importantly, Continental favors a stay of its remaining claims in this action, in the interests of judicial economy. In fact, all parties to this proceeding except the Vessel Interests support a stay.

As set forth below, the Vessel Interests' isolated opposition to the requested stay lacks any factual or legal justification. The allegations contained in the Vessel Interests' Counterclaim, Cross-Claim and Third-Party Complaint (the "Cross-Claim") confirm that they do in fact intend to litigate the issue of whether Captain Cota engaged in "willful misconduct" in connection with the COSCO BUSAN accident. This, of course, overlaps directly with the charges and allegations Captain Cota is defending against in the criminal proceeding and therefore necessitates a reasonable stay. In addition, a stay will avoid piecemeal litigation and serve the interests of judicial economy, as expressly desired by all the remaining parties to this action. For these reasons, the stay should be granted.

## II.   **ALL PARTIES – EXCEPT VESSEL INTERESTS – AGREE THAT THE CURRENT ACTION SHOULD BE STAYED.**

There are essentially four parties to the above-captioned action: (i) the initial plaintiff, Continental, (ii) Captain Cota; (iii) the Vessel Interests; and (iv) third party defendants The San Francisco Bar Pilots and The San Francisco Bar Pilots Benevolent And Protective Association ("Bar Pilots"). Notably, three out of these four parties agree that this action should be stayed – only the Vessel Interests oppose it.

---

[1] Captain Cota preserves his right to request that the arbitral tribunal stay any arbitration proceedings pending resolution of the criminal proceedings, but agrees that any stay of the arbitration proceedings can be addressed to the arbitrators as necessary.

K:\1106288\00002\19034_LGA\19034P20E8

2.

1  **Cota:** The moving party, Captain Cota, obviously seeks a stay until the criminal proceedings

2  against him are completed.

3  **Bar Pilots:** The Bar Pilots agree with such a stay, as confirmed by their recently filed "Non-

4  Opposition to Defendant John J. Cota's Motion to Stay Civil Action Pending Resolution of Criminal

5  Proceeding or, Alternatively, to Compel Arbitration." See Declaration of David P. Schack, Ex. 1.

6  **Continental**:  Indeed, even Continental, the party which initiated this action, now agrees to a

7  stay of the entire action.  Continental has now dismissed all claims against Captain Cota, and agreed,

8  as it must, that such claims should be arbitrated.  Moreover, Continental has expressly stated that it

9  "does not oppose a stay of the remainder of the case pending the outcome of the arbitration"

10  (Continental Brief, p. 1) and has recognized that a stay of the remainder of the action is appropriate

11  "in the interests of avoiding 'piecemeal litigation'" (Continental Brief, p. 6).

12  Indeed, only the Vessel Interests oppose a stay, and, as discussed in Part III, *infra*, their

13  isolated position is not supported legally or factually.

14  **III.    ALL RELEVANT FACTORS SUPPORT A STAY OF THE VESSEL INTERESTS'**

15  **CLAIMS.**

16  **A.    The Vessel Interests' Claims Do In Fact Substantively Overlap with the**

17  **Criminal Proceeding and Should Be Stayed Under the Well-Established**

18  **Authority.**

19  The Vessel Interests' Opposition brief is carefully drafted to make it appear as though there

20  is no substantive overlap between this action and the criminal proceeding.  However, the opposite is

21  true.  One of the fundamental claims by the Vessel Interests is that they are not required to defend

22  and indemnify Captain Cota in the criminal proceeding.  In an attempt to avoid their indemnity

23  obligation, the Vessel Interests, in the Second Claim for Relief in their Cross-Complaint, concede

24  that California Harbors and Navigation Code Section 1198(b) requires them to indemnify Captain

25  Cota for "negligence", but then cite Section 1198(c), which they contend relieves them from

26  indemnifying any "willful misconduct" by Captain Cota.  *See* Vessel Interests' Cross-Complaint,

27  page 9, ¶ 31-34.  Then, the Vessel Interests request "a determination by this Court that <u>section</u>

28

K:\1106288\00002\19034_LGA\19034P20E8                                    3.

**CROSS-DEFENDANT JOHN COTA'S REPLY TO OPPOSITION TO MOTION TO STAY CIVIL
ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS OR, ALTERNATIVELY, TO
COMPEL ARBITRATION – CV 08-2052 SC**

1198(c) does not obligate the Cross-Complainants to defend, indemnify or hold harmless Captain

Cota, The San Francisco Bar Pilots or The San Francisco Bar Pilots Benevolent And Protective

Association, or their officers or employees in the Criminal Complaint or any future criminal action

arising out of the Oil Spill Incident." *Id.* (emphasis added). In other words, the Vessel Interests

want this Court to find that Captain Cota engaged in "willful misconduct" and that, as a result, the

Vessel Interests have no indemnity obligations.

There can be no question that, in an effort to establish willful misconduct, the Vessel

Interests will focus on the same factual allegations set forth in the criminal proceeding. They will

focus on Captain Cota's alleged non-disclosure of medications and medical conditions during pilot

medical examinations. They will focus on his alleged decision to leave port in foggy conditions, his

alleged miscommunications with the crew, the alleged speed at which the vessel was traveling, his

alleged failure to accurately read electronic charts, etc. These are the exact issues which lie at the

heart of the criminal proceeding.

The prejudice to Captain Cota of responding to these allegations on two fronts,

simultaneously, cannot be understated. First, Captain Cota will be forced to either relinquish his

Fifth Amendment rights, which he has maintained throughout the criminal proceeding, or assert

them, thereby hindering his ability to defend himself in this action. Moreover, he will be seriously

disadvantaged in the criminal proceeding simply due to the time and effort he will necessarily need

to devote to this proceeding. Finally, there is a grave risk that the broader scope of discovery

permitted in civil rather than criminal actions will harm him in the criminal proceeding. This is

particularly true now that the Vessel Interests are a co-defendant in the criminal proceeding and have

publicly revealed that their main strategy is to "point the finger," so to speak, at Captain Cota.

As discussed by Captain Cota in his moving papers, this is precisely the situation where the

courts have stayed civil proceedings until the conclusion of pending criminal proceedings. *See, e.g.,*

*Cadence Design Systems, Inc. v. Avant!, Inc.,* 1997 U.S. Dist. LEXIS 24147 at 4; citing *SEC v.*

*Dresser Industries, Inc.* 628 F.2d 1368 (D.C. Cir. 1980); *Jones v. Conte,* 2005 WL 1287017 (N. D.

Cal.) (stay appropriate where otherwise criminal defendant would be faced with the "difficult

**CROSS-DEFENDANT JOHN COTA'S REPLY TO OPPOSITION TO MOTION TO STAY CIVIL
ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS OR, ALTERNATIVELY, TO
COMPEL ARBITRATION – CV 08-2052 SC**

1 | choice" between asserting his right against self-incrimination thereby inviting prejudice in the civil

2 | case or waiving his right against self-incrimination and thereby inviting prejudice in the criminal

3 | case). Indeed, the courts have held that "the public's interest in the integrity of the criminal case is

4 | entitled to precedence over the civil litigant" and, as such, the civil proceedings should be stayed so

5 | that the issues are litigated first in the criminal proceeding. *Jones v. Conte*, 2005 WL 1287017 (N.

6 | D. Cal.).

7 | While the Vessel Interests suggest that "to the extent there is overlap" [between the civil and

8 | criminal actions], the Court fashion an order which permits discovery and litigation of non-

9 | overlapping issues (*See* Opposition, page 6, fn 4), they do not provide any solutions as to how such a

10 | fine line could be drawn. Excluding discovery as to Captain Cota would not solve the problem, as

11 | the same facts and claims could be explored via other witnesses. The reality is that any discovery

12 | will almost certainly delve into the facts leading up to and surrounding the accident and Captain

13 | Cota's pilotage of the vessel. Thus, the only reliable way to avoid the prejudicial impacts on the

14 | criminal proceeding outlined above is to stay this action altogether until completion of the criminal

15 | proceeding.[2]

16 |

---

17 | [2] In their brief, the Vessel Interests suggest that the stay should be denied because Captain Cota participated in the depositions of crew members in a different civil proceeding arising out of the

18 | COSCO BUSAN accident. This argument is factually inaccurate and disingenuous. The true facts, of which the Court is aware, show that the Vessel Interests are taking inconsistent positions and

19 | engaging in game-playing by now opposing the stay in the within action. The United States has filed a civil action against Captain Cota and the Vessel Interests in Case No. 3:07-CV-6045-SC

20 | (hereinafter the "U.S. Action") in which the government seeks damages arising out of the COSCO BUSAN accident. The U.S. Action has been related to the within action and is before this Court.

21 | **The Vessel Interests, in the Proposed Case Management Order filed with Court, have agreed**

22 | **that, in light of the criminal proceedings against Captain Cota, the U.S. Action, including discovery, should be stayed.** Schack Decl., Ex. 2. The only exception to the agreed stay in the

23 | U.S. Action was the deposition of certain crew members of the COSCO BUSAN. However, contrary to the Vessel Interests' argument in their brief, those depositions were not taken at Captain

24 | Cota's request or behest. Captain Cota did not notice those depositions. The government did. The Court ordered the depositions to be taken because the crew members were going to be leaving the

25 | country. Captain Cota participated in those depositions because he was informed that this would be

26 | the one and only time he would have the opportunity to depose the three crew members whose depositions had been noticed. In light of this unusual situation--i.e., the inability to gain testimony in

27 | the future from these witness because they would leave the country--this Court ordered the

28 | depositions, and the Vessel Interests and Captain Cota acknowledged that the depositions of these

CROSS-DEFENDANT JOHN COTA'S REPLY TO OPPOSITION TO MOTION TO STAY CIVIL
ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS OR, ALTERNATIVELY, TO
COMPEL ARBITRATION – CV 08-2052 SC

1    Moreover, the Vessel Interests will suffer no prejudice from the stay. The criminal trial of

2   both Captain Cota and the Vessel Interests (i.e., Fleet Management) is now set for November 17,

3   2008 which will occur in less than 90 days. The Vessel Interests have not articulated, and cannot

4   articulate, any material prejudice which would result from a stay of this duration while the criminal

5   case is completed.[3]

6    Notably, the only case the Vessel Interests cite in opposition to a stay -- *Crawford &*

7   *Sons,Ltd. v. Besser*, 298 F.Supp.2d 317 (E.D.N.Y. 2004) -- actually supports issuing a stay in this

8   action. *See* Opposition, page 6. Contrary to the Vessel Interests' argument that the *Crawford* court

9   found that a stay is proper where the defendant faces *the same exact claim in both a civil and*

10  *criminal case* (in that case, fraud), the court simply held that a stay is proper where "the civil and

11  criminal cases *arise from the same underlying events.*" *Id*. at 319. The court further found a stay

12  appropriate because (i) the defendant had been indicted in the criminal case, (ii) denying the stay

13  might undermine defendant's Fifth Amendment rights, (iii) denying the stay would prejudice either

14  the civil or criminal case, (iv) a stay would promote efficiency and avoid duplication, and (v) a stay

15  would serve the public's interest by preserving the integrity of the criminal case. *Id*. at 319-320. Far

16

17  _____

crew members would be the sole exception to the agreed upon stay of the U.S. Action. Schack

18  Decl., Ex. 2, p. 4-5. (When the depositions took place, the crew members refused to answer any
    questions instead asserting their Fifth Amendment rights.) Under these circumstances, it is entirely

19  disingenuous for the Vessel Interests to argue that Captain Cota waived his right to a stay herein by
    virtue of the depositions of the crew members. Indeed, it is the Vessel Interests who are now taking

20  inconsistent positions. They have agreed to a stay of the U.S. Action (including all claims and all
    discovery) pending resolution of the related criminal proceedings where they are defendants and

21  where they believe the stay furthers their interests, but they now oppose a stay of their offensive
    claims in within action--which are appropriately stayed on the same basis as the claims in the U.S.

22  Action--because they believe it serves their interests to take the contrary position here. The Court

23  should not countenance this gamesmanship by the Vessel Interests, particularly where the stakes for
    Captain Cota are so high and the integrity of the criminal process is at stake.

24

25  [3] Additionally, the Vessel Interests, as an indemnitor, occupy a position similar to an insurer. In his
    moving papers, Captain Cota cited authority supporting the issuance of a stay of a coverage action

26  where an insurer seeks to adjudicate issues which could prejudice the insured in the underlying
    proceedings. *See Montrose Chemical Corporation of California v. Superior Court* (1993) 6 Cal.4th

27  287; *Metropolitan Direct Property and Casualty Insurance Company v. Synigal*, 2008 U.S. Dist.
    LEXIS 8916 (N.D. Cal). This line of authority likewise supports the requested stay of the Vessel

28  Interests' claims.

K:\1106288\00002\19034_LGA\19034P20E8                              6.

**CROSS-DEFENDANT JOHN COTA'S REPLY TO OPPOSITION TO MOTION TO STAY CIVIL
ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS OR, ALTERNATIVELY, TO
COMPEL ARBITRATION – CV 08-2052 SC**

1  from providing a basis for *denying* Captain Cota's stay request, *Crawford* fully supports *granting* it,

2  as every *Crawford* factor favoring a stay is equally present here.[4]

3       **B.    A Stay of this Action Until the Completion of the Cota/Continental Arbitration**

4              **Is Within the Court's Discretion and Will Serve Judicial Economy.**

5       In his moving papers, Captain Cota sought, alternatively, an order compelling Continental to

6  arbitrate its claims against Captain Cota and a stay of the remaining claims (including the Vessel

7  Interests' claims) until conclusion of the arbitration.  Captain Cota has, in fact, obtained the

8  requested relief as to arbitration without the need of an order of this Court as Continental has now

9  dismissed its claims against Cota and agreed to arbitrate.  The Court should, however, stay the

10 remainder of the action until completion of the arbitration based on the authorities cited in the

11 moving papers.

12      As recognized by the United States Supreme Court: "[i]n some cases, of course, it may be

13 advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration.

14 That decision is one left to the district court…as a matter of discretion to control its docket."  *Moses*

15 *H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 20, fn 22 (1983); *See also*

16 *United States use of Newton v. Neumann Caribbean International, Ltd.*, 750 F.2d 1422, 1426-27 (9th

17 Cir. 1985)(finding that "considerations of economy and efficiency fully support the District Court's

18 determination that the third party claim [i.e. the non-party to the arbitration clause] and other matters

19 must await the final determination made in connection with the arbitration"); *Harvey v. CTC*

20 *Minerals, Inc.*, 199 F.3d 790, 795-96 (5th Cir. 2000).  Here, Continental's claims against the Vessel

21 Interests involve factual and legal issues that overlap with the claims against Captain Cota which

22 must be arbitrated.  For example, in the fourth cause of action against both Captain Cota and the

23 Vessel Interests, Continental seeks declaratory relief that, if Continental has an obligation to defend

24

25 ───────────────
   [4] The other Eastern District of New York case that the Vessel Interests cite – *Hicks v. New York*, 268
26 F.Supp.2d 238, 241 (E.D.N.Y. 2003) – is fully distinguishable.  There, the court denied a stay
   because the stay request was not made by an indicted defendant in a criminal proceeding; in fact, the
27 criminal defendant was not even a party to the civil action.  The court found further that the civil
   defendant's reason for requesting the stay – to gain the benefit of discovery in the criminal
28 proceeding – was unsupported and inappropriate.  *Id.* at 7-9.

**CROSS-DEFENDANT JOHN COTA'S REPLY TO OPPOSITION TO MOTION TO STAY CIVIL
ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS OR, ALTERNATIVELY, TO
COMPEL ARBITRATION – CV 08-2052 SC**

1  and indemnify Captain Cota in connection with the criminal proceedings, then the Vessel Interests

2  must contribute to that indemnity and defense because their obligation to do so is primary pursuant

3  to California Harbors & Navigations Code § 1198.    Similarly, in its fifth cause of action for

4  indemnity against the Vessel Interests, Continental alleges that, if it is obligated to defend and

5  indemnify Captain Cota in connection with the criminal proceedings, then the Vessel Interests, under

6  Harbors & Navigations Code, have an obligation to reimburse Continental for any monies paid to

7  Captain Cota for such indemnity and defense.    Thus, a threshold issue in Continental's claims

8  against the Vessel Interests in those causes of action is whether Continental has a coverage

9  obligation to Captain Cota under the Continental Policy for the criminal claims against Captain Cota.

10  This issue must be resolved in the arbitration between Continental and Captain Cota, and allowing

11  Continental's claims against the Vessel Interests to proceed prior to such determination in arbitration

12  (and potentially adjudicate the very issue that is the subject of the arbitration) would thwart the

13  federal policy favoring arbitrations, would create the possibility of inconsistent results and would be

14  an inefficient and wasteful use of judicial resources.    Under these circumstances, the Court has the

15  power to, and should, stay all remaining claims in this action involving the Vessel Interests and other

16  parties pending completion of the arbitration between Continental and Captain Cota.  *Id.; Kroll v.*

17  *Doctor's Associates, Inc.*, 3 F.3d 1167, 1171 (7th Cir. 1993).[5]

18  //

19  //

20  //

21  //

22  //

23  //

24

---

25  [5] Additionally, as discussed above, the Vessel Interests, as an indemnitor, occupy a position
analogous to an insurer.  By opposing a stay, the Vessel Interests are seeking to force Captain Cota

26  to fight a three-front war—i.e., the criminal proceedings, the Continental arbitration and this
Action—at a time when the Vessel Interests should be protecting--not attacking--Captain Cota.  As

27  the California Court of Appeal has recognized, an insurer should not force its insured to fight a
multi-front war against his own insurer and the same principle applies here to the Vessel Interests.

28  *David Kleis, Inc. v. Superior Court* (1995) 37 Cal.App.4[th] 1035, 1044-45.

K:\1106288\00002\19034_LGA\19034P20E8                                                        8.

**CROSS-DEFENDANT JOHN COTA'S REPLY TO OPPOSITION TO MOTION TO STAY CIVIL
ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS OR, ALTERNATIVELY, TO
COMPEL ARBITRATION – CV 08-2052 SC**

1  **V.**    **CONCLUSION.**

2        All parties to the within action (except the Vessel Interests) are in agreement that a stay

3  should issue.  The Vessel Interests' lone opposition presents no persuasive basis for the Court to

4  deviate from the well-established authority approving a stay of civil proceedings, where, as here, a

5  parallel criminal action is proceeding.  The Court should grant Captain Cota' motion and issue a

6  stay.

7        DATED this 22nd day of August, 2008.

8                                    K&L GATES LLP

9

10                             By _____
                                   Luke G. Anderson

11                                 Attorneys for Defendant
                                   JOHN J. COTA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CROSS-DEFENDANT JOHN COTA'S REPLY TO OPPOSITION TO MOTION TO STAY CIVIL
ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS OR, ALTERNATIVELY, TO
COMPEL ARBITRATION – CV 08-2052 SC**

1
2
3
## DECLARATION OF DAVID P. SCHACK
4
5       I, David P. Schack, declare:
6
7       1. I am an attorney and am a partner in K&L Gates, attorneys of record for Cross-Defendant
8   John J. Cota in the above referenced action. I have personal knowledge of the facts stated herein,
    and, if called as a witness, I could and would testify competently thereof.
9
10      2. Attached hereto and marked Exhibit 1 is a true and correct copy of Third Party
11  Defendants San Francisco Bar Pilots and The San Francisco Bar Pilots Benevolent and Protective
12  Association's Non-Opposition to Defendant John J. Cota's Motion to Stay Civil Action Pending
13  Resolution of Criminal Proceeding or, Alternatively, to Compel Arbitration filed in the within
14  action.
15
16      3. Attached hereto and marked Exhibit 2 is a true and correct copy Proposed Case
    Management Plan and Proposed Order filed in the United States of America v. M/V COSCO
17  BUSAN, el al., Case No. 07-cv-6045-SC.
18
19      I declare under penalty of perjury that the foregoing is true and correct. Executed on August
    22, 2008.
20
21
22                                                  David P. Schack
23
24
25
26
27
28
K:\1106286\00002\19034_LGA\19034P20E8                    8.
**CROSS-DEFENDANT JOHN COTA'S REPLY TO OPPOSITION TO MOTION TO STAY CIVIL
ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS OR, ALTERNATIVELY, TO
COMPEL ARBITRATION – CV 08-2052 SC**

**EXHIBIT 1**

1   R. SCOTT ERLEWINE (State Bar No. 095106)
    E-mail: rse@phillaw.com
2   PHILLIPS, ERLEWINE & GIVEN LLP
    50 California Street, 35th Floor
3   San Francisco, California 94111
    Telephone: (415) 398-0900
4   Facsimile: (415) 398-0911

5   Attorneys for Third-Party Defendants
    SAN FRANCISCO BAR PILOTS and
6   THE SAN FRANCISCO BAR PILOTS
    BENEVOLENT AND PROTECTIVE ASSOCIATION

7

8                IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  THE CONTINENTAL INSURANCE          )    Case No. C-08-2052-SC
    COMPANY,                           )
12                                     )    Related to Case No:
            Plaintiff,                 )    3:07-CV-05926-SC
13                                     )    3:07-CV-06045-SC
    v.                                 )    3:07-CV-05800-SC
14                                     )
    JOHN JOSEPH COTA; REGAL STONE      )
15  LIMITED; FLEET MANAGEMENT, LTD.; and )
    the M/V COSCO BUSAN, LR/IMO Ship. No. )
16  9231743 her engines, apparel, electronics, tackle, )  THIRD PARTY DEFENDANTS
    boats, appurtenances, etc., in rem )    SAN FRANCISCO BAR PILOTS
17                                     )    AND THE SAN FRANCISCO BAR
            Defendants.                )    PILOTS BENEVOLENT AND
18                                     )    PROTECTIVE ASSOCIATION'S
    _____)    NON-OPPOSITION TO
19                                     )    DEFENDANT JOHN J. COTA'S
    REGAL STONE LIMITED and FLEET      )    MOTION TO STAY CIVIL ACTION
20  MANAGEMENT, LTD.,                  )    PENDING RESOLUTION OF
                                       )    CRIMINAL PROCEEDING OR,
21          Counterclaimants,          )    ALTERNATIVELY, TO COMPEL
                                       )    ARBITRATION
22  v.                                 )
                                       )
23  THE CONTINENTAL INSURANCE          )    Date:   September 5, 2008
    COMPANY,                           )    Time:   10:00 a.m.
24                                     )    Ctrm.:  1
            Counterdefendant.          )
25  _____)

26

27

28

PHILLIPS, ERLEWINE &
GIVEN LLP
50 California Street
35th Floor
San Francisco, CA 94111
(415) 398-0900

Continental Ins. Co. v. Cota, et. al, Case No. C 08-2052-SC
S:\Clients\SF Bar Pilots\8086.7(Regal Stone)\pld\nonopp-staymotion-082108.wpd

1  | REGAL STONE LIMITED and FLEET              )
   | MANAGEMENT, LTD.,                          )
2  |                                            )
   |              Cross-Complainants,           )
3  |                                            )
   | v.                                         )
4  |                                            )
   | JOHN JOSEPH COTA,                          )
5  |                                            )
   |              Cross-Defendant.              )
6  |                                            )
   | _____  )
7  | REGAL STONE LIMITED and FLEET              )
   | MANAGEMENT, LTD.,                          )
8  |                                            )
   |              Third-Party Plaintiffs,       )
9  |                                            )
   | v.                                         )
10 |                                            )
   | THE SAN FRANCISCO BAR PILOTS and THE       )
11 | SAN FRANCISCO BAR PILOTS                    )
   | BENEVOLENT AND PROTECTIVE                  )
12 | ASSOCIATION,                               )
   |                                            )
13 |              Third-Party Defendants.       )
   | _____  )

14

15

16

17          Third party defendants San Francisco Bar Pilots and The San Francisco Bar Pilots

Benevolent and Protective Association do not oppose defendant and cross-defendant John Cota's

18 Motion to Stay Civil Action Pending Resolution of Criminal Proceeding or, Alternatively, to

19 Compel Arbitration.

20

21 DATED: August 21, 2008                    PHILLIPS, ERLEWINE & GIVEN LLP

22

23

24                                          By: _____
                                                 R. SCOT ERLEWINE
25                                          Attorneys for Third-Party Defendants
                                            SAN FRANCISCO BAR PILOTS and THE SAN
26                                          FRANCISCO BAR PILOTS BENEVOLENT AND
                                            PROTECTIVE ASSOCIATION
27

28

PHILLIPS, ERLEWINE &
GIVEN LLP
50 California Street
35th Floor
San Francisco, CA 94111
(415) 398-0900

Continental Ins. Co. v. Cota, et. al, Case No. C 08-2052-SC
S:\Clients\SF Bar Pilots\8086.7(Regal Stone)\pld\nonopp-staymotion-082108.wpd

# EXHIBIT 2

1  JOHN D. GIFFIN, CASB NO. 89608
2  john.giffin@kyl.com
   JOSEPH A. WALSH II, CASB NO. 143694
3  joe.walsh@kyl.com
   JOHN C. COX, NO 197687
4  john.cox@kyl.com
   NICOLE S. BUSSI, CASB NO. 252763
5  nicole.bussi@kyl.com
6  KEESAL, YOUNG & LOGAN
   A Professional Corporation
7  450 Pacific Avenue
   San Francisco, California 94133
8  Telephone:   (415) 398-6000
9  Facsimile:    (415) 981-0136

10  Attorneys for Defendants, Counterclaimants, and Third Party Claimants:
    REGAL STONE LIMITED., FLEET MANAGEMENT LTD.
11  *in personam*, M/V COSCO BUSAN *in rem*

12

13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT CALIFORNIA

16  UNITED STATES OF AMERICA,          )  Case No. C 07 06045 (SC)
                                        )
17              Plaintiff,              )  IN ADMIRALTY
                                        )
18        vs.                           )
                                        )  **PROPOSED CASE MANAGEMENT**
19  M/V COSCO BUSAN, LR/IMO Ship. No.   )  **PLAN AND PROPOSED ORDER**
    9231743 her engines, apparel, electronics, )
20  tackle, boats, appurtenances, etc., *in rem*, )
    THE SHIPOWNERS' INSURANCE &         )  DATE:  July 25, 2008
21  GUARANTY COMPANY LTD., REGAL        )  TIME:  10:00 a.m.
    STONE LIMITED, FLEET MANAGEMENT,    )  JUDGE:  Hon. Samuel Conti
22  LTD., AND JOHN COTA, *in personam*, )
                                        )
23                                      )
            Defendants.                 )
24                                      )

25

26              **MEETING**

27      Pursuant to the Court's Order and local Rule 16-9, the following parties and their

28  representatives conferred on July 18, 2008:

                        - 1 -                           KYL_SF464225

PROPOSED CASE MANAGEMENT PLAN AND PROPOSED ORDER

**A.    Appearing on behalf of Plaintiff United States:**

R. Michael Underhill, United States Department of Justice, Torts Branch, Civil Division;

Bradley R. O'Brien, United States Department of Justice, Environment and Natural Resources Division, Environmental Enforcement Section.

**B.    Appearing on behalf of Defendants M/V COSCO BUSAN ("COSCO BUSAN"), Regal Stone Limited (Regal Stone), and Fleet Management Ltd. ("Fleet Management"):**

John D. Giffin, Joseph A. Walsh II, John C. Cox and Nicole S. Bussi, Keesal Young & Logan.

**C.    Appearing on behalf of Defendant John Cota ("Cota"):**

Walter G. Coppenrath, Jr., and George M. Jones, Coppenrath & Associates.

**I.    JURISDICTION AND SERVICE**

**Jurisdiction**:  The United States brought this suit and has alleged jurisdiction pursuant to the following statutes:

a.    28 U.S.C. § 1345;

b.    The National Marine Sanctuaries Act ("NMSA"), 16 U.S.C. §§ 1431, *et seq.*, including sections 1437 and 1443;

c.    The Park System Resource Protection Act ("PSRPA"), 16 U.S.C. §§ 19jj, *et seq.*, including section 19jj-2; and

d.    The Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §§ 2701, *et seq.*, including section 2717.

e.    The Clean Water Act, 33 U.S.C. § 1321(b)(7), as amended by OPA (for judicially assessed civil penalties).

**Service**:  The United States has served all parties.

**Counterclaim and Third Party Claim**:

In conjunction with their Answer to the United States' First Amended Complaint,

- 2 -

PROPOSED CASE MANAGEMENT PLAN AND PROPOSED ORDER

1 | Regal Stone and Fleet Management filed a counter-claim against the United States. By
2 | agreement, the United State's answer/response is due on or before September 5, 2008.

3 |      Regal Stone and Fleet Management also asserted a Third Party claim against the
4 | State of California pursuant to FRCP 14(c) seeking to require the State of California to
5 | answer the complaint of the Plaintiff United States as if the latter had sued the State of
6 | California. Regal Stone and Fleet Management have further agreed with the State of
7 | California to extend the time for the State to respond to August 5, 2008.

8 |      In a related action, 3:08-2268(SC), Regal Stone was sued by the State of
9 | California, acting by and through the Department of Transportation, for which it has
10 | answered and filed a counter claim against the State of California. Regal Stone will
11 | move to consolidate that action with this case on the basis that both arise out of the
12 | same Incident or occurrence and to the extent that the State of California may also seek
13 | natural resource damages also sought by the United States.

14 |

15 | **II.    FACTS**

16 |      The United States' complaint alleges that on November 7, 2007, the COSCO
17 | BUSAN allided with the base and/or fendering system of the "Delta Tower," one of the
18 | support towers of the western span of the San Francisco-Oakland Bay Bridge (the
19 | "Incident"). The allision with the Bay Bridge resulted in a rupture of the COSCO
20 | BUSAN's fuel tanks, thereby allowing fuel oil to be discharged into navigable waters of
21 | the United States. The United States contends that the discharge impacted adjoining
22 | shorelines of San Francisco Bay, the Pacific Ocean, the Gulf of the Farallones National
23 | Marine Sanctuary and the Monterey Bay National Marine Sanctuary, and units of the
24 | National Park System, including, but not limited to, the Golden Gate National
25 | Recreation Area, Point Reyes National Seashore, and the San Francisco Maritime
26 | National Historic Park.

27 |      The United States' complaint alleges that at the time of the Incident, Regal Stone
28 | was the owner of the COSCO BUSAN; that Fleet Management was the operator of the

PROPOSED CASE MANAGEMENT PLAN AND PROPOSED ORDER

1   vessel; that Cota was the pilot of COSCO BUSAN. With respect to Regal Stone and

2   Fleet, and based upon information made public in documents filed in the criminal case

3   pending against Cota, the United States further alleges, inter alia, that said Defendants'

4   crewmen of the vessel altered and/or deleted and/or created anew various documents

5   and material evidence and, with respect to operation of the vessel itself, the United

6   States further alleges that crew of the vessel were not trained by Fleet or Regal with

7   respect to performance of essential duties aboard the vessel, including operation of

8   critical navigation equipment.

9        Regal Stone and Fleet Management generally allege in their counter-claim

10   against the United States that the United States is liable for the negligent licensing of

11   Pilot John J. Cota, insofar as it failed to determine that Pilot Cota was not medically fit

12   for duty pursuant to applicable regulations and procedures. Regal Stone and Fleet

13   Management's counter-claim alleges that the United States Coast Guard is responsible

14   for the proper licensing of Pilot Cota and that it failed to adequately perform its

15   responsibilities which proximately caused the Incident and damage to Regal Stone and

16   Fleet Management. Regal Stone and Fleet Management also generally alleged that the

17   United States is liable because its Vessel Traffic Service ("VTS") gave inaccurate and

18   confusing information to the Pilot, failed to properly monitor, advise, warn and direct

19   the Pilot so as to proximately cause the allision. Regal Stone and Fleet Management

20   assert that the United States is liable to them under maritime and common law theories

21   of negligence and that they are entitled to contribution, setoff and recoupment from the

22   United States, as well as other costs, damages, losses and penalties they may incur.

23        Regal Stone and Fleet Management generally allege in their Third Party Rule

24   14(c) claim seeking to require the State of California to answer the complaint of the

25   Plaintiff United States as if the latter had sued the State of California, that the State is

26   wholly or in part liable to the United States for its negligently issuance and renewal of

27   the license of Pilot John J. Cota and that the COSCO BUSAN oil spill was proximately

28   caused by the State's failure to use due care in its licensing, supervision and training of

- 4 -

KYL_SF464225

1  Pilot Cota. Regal Stone and Fleet Management claim they are entitled in whole or in

2  part to contribution, indemnification, and/or reimbursement for their costs, damages,

3  losses and penalties they have incurred or may incur as a result of the State's

4  negligence.

5      In signing this Case Management Plan, none of the parties herein admit, nor shall

6  they be deemed to have admitted, any allegation made by any other party and,

7  conversely, each party reserves any and all claims, rights, denials, and defenses as may

8  be set out by way or answer, responsive pleading, and/or motion.

9

10  **III.    LEGAL ISSUES**

11      **United States' Position:**

12      The Defendants' liability and damages, in personam and in rem, without

13  limitation, declaratory relief, potential forfeiture, interest, and disbursements sustained

14  by the United States under the causes of action and various statutes, including judicially

15  assessed civil penalties under the Clean Water Act, 33 U.S.C. § 1321(b)(7) pled in the

16  United States' First Amended Complaint. .

17      The United States is submitting this proposed Case Management Order solely as

18  it relates to the instant civil judicial action and solely as a result of the Court's Orders

19  concerning the Case Management Plan and Case Management Conference.

20      **Defendants' COSCO BUSAN, Regal Stone and Fleet Management**

21  **Position:**    Reserving their right to limit liability under 33 U.S.C. §§ 2704, 2708 and

22  2713, the position of Defendants COSCO BUSAN, Regal Stone and Fleet Management is

23  that the United States and State of California are liable for their proportionate share of

24  all damages and costs resulting from the Cosco Busan allision.

25

26  **IV.    MOTIONS**

27      The parties are in general agreement that this action, including discovery,

28  presently should be stayed (with the exception of the depositions of certain crewmembers

- 5 -

PROPOSED CASE MANAGEMENT PLAN AND PROPOSED ORDER

1   of COSCO BUSAN who presently remain in the United States as a result of criminal

2   proceedings pending against Defendant Cota).  Trial in the latter action is currently set

3   for October 20, 2008.

4       **The United States' Position**:

5       At the appropriate time, the United States may file dispositive motions relating to

6   the counterclaims asserted by Regal Stone and Fleet Management, as well as potential

7   motions relating to said defendants' alleged right to limit liability under provisions of

8   the Oil Pollution Act of 1990.

9       **Defendants' COSCO BUSAN, Regal Stone and Fleet Management**

10  **Position**:

11      a.  Regal Stone and Fleet Management plan to file a motion to consolidate this

12  action with the related case *People of the State of California v. Regal Stone et al.*, 3:2008-

13  cv-02268-SC.

14      b.  Regal Stone and Fleet Management will likely move the Court for an order to

15  consolidate or in the alternative to coordinate discovery in this matter with the other

16  related actions identified in Section X.

17      c.  Regal Stone and Fleet Management reserve their right to file a motion to join

18  any indispensable party under Fed. R. Civ. Proc. 19 as necessary.

19      **Defendant John Cota's Position**: Cota may move to the stay this action or at

20  least any discovery directed to him in that the United States Department of Justice has

21  initiated a criminal proceeding against him presently set for trial in October 2008.

22  Consequently, any civil discovery requiring responses by Captain Cota would violate his

23  Fifth Amendment rights.  Defendant Cota also reserves his right to move for a change of

24  venue.

25

26  **V.    AMENDMENT OF PLEADINGS**

27      **United States' Position**:

28      The United States reserves the right to amend its pleading based upon

- 6 -

PROPOSED CASE MANAGEMENT PLAN AND PROPOSED ORDER

1  information discovered following the filing of the complaint, including, but not limited to,

2  information pertaining to acts and omissions of Fleet Management, Regal, and their

3  crewmen employees, as well as upon information yet to be discovered.

4  **Defendants' COSCO BUSAN, Regal Stone and Fleet Management**

5  **Position:**

6  Defendants Regal Stone and Fleet Management plan to amend their Third Party

7  14(c) claim against the State of California to address concerns raised by the State as to

8  the caption, and references to the State as a Cross-claimant.

9

10  **VI.    EVIDENCE PRESERVATION**

11  The parties acknowledge and agree that the Federal Rules of Civil Procedure,

12  specifically 26(f) and this District Court's Standing Order effective since March 1, 2007

13  are sufficiently adequate with respect to preservation of evidence.  Exceptions and

14  special circumstances are addressed in the proposed Case Management Plan.  The

15  parties advise that they have taken and will continue to take appropriate steps to

16  preserve relevant evidence.

17

18  **VII.    LITIGATION AND INITIAL DISCLOSURES**

19  The parties believe that this is a complex case, but does not believe that the

20  procedures of the Manual for Complex Litigation should be utilized.

21  The parties believe that in light of their proposal that the instant litigation be

22  stayed, and in the interest of efficiency and judicial economy, that a proposed detailed

23  case management be submitted to the Court after the stay of this litigation is no longer

24  in effect.

25  The parties intend that such future case management order shall include a

26  phased approach to litigation, with the natural resource damage component of this case

27  litigated in a latter phase.  The parties further intend that initial disclosures to the

28  extent not yet made, fact and expert discovery (with the exception of certain crewmen, as

- 7 -

KYL_SF464225

PROPOSED CASE MANAGEMENT PLAN AND PROPOSED ORDER

1   previously discussed), and trials shall be conducted during the appropriate phase.  The

2   specific requirements shall be determined in the future case management order.

3

4   **VIII.        DISCOVERY**

5         The civil depositions of three crew members were conducted in accordance with

6   the stipulation of the parties and order of the Court on May 9, 2008.  Three additional

7   crew members remain in the United States as material witnesses and are scheduled to

8   give trial testimony under Rule 15 of the Fed. R. Crim. Proc. as soon as the week of July

9   21, 2008.   The Parties are interested in obtaining the deposition testimony of these

10  three as yet non-deposed crew members as soon as they are released as material

11  witnesses, but before they leave the United States on the same or similar terms as the

12  May 9th stipulation.  The witnesses are represented by independent counsel and are not

13  a party to this or any of the related actions.  The crew members are currently invoking

14  their 5th Amendment rights based on the risks of potential criminal charges.

15        The parties believe that in light of their proposal that the instant litigation be

16  stayed, and in the interest of efficiency and judicial economy, that a proposed detailed

17  case management plan concerning discovery and related matters be submitted to the

18  Court after the stay of this litigation is no longer in effect.

19        The parties intend that such future case management order shall include a

20  phased approach to litigation, with the natural resource damage component of this case

21  litigated in a latter phase.  The parties further intend that initial disclosures to the

22  extent not yet made, fact and expert discovery (with the exception of certain crewmen, as

23  previously discussed), and trials shall be conducted during the appropriate phase.  The

24  specific requirements shall be determined in the future case management order.

25

26  **IX.   CLASS ACTIONS**

27        Not applicable to the present action, C07-6045 SC, but see section X below with

28  respect to Chelsea, LLC v. Regal Stone, Ltd. et al, Civil Action No. 07-5800.  There is

- 8 -                                KYL_SF464225

1  also a competing class action being pursued in state court.

2

3  **X.    RELATED CASES**

4      Chelsea, LLC et al v. Regal Stone, Ltd. et al., Civil Action No. 07-5800; and

5      Shogren Living Trust. et al v. Regal Stone. Ltd. et al. Civil Action No. 3:07-5926.

6      *The* Continental *Insurance Co. v. Regal Stone, Ltd. et al.*, No. 3:08-2052

7      *The People of the State of California, Acting by and through the Department of*

8      *Transportation v. Regal Stone, Ltd. et al.*, No. 3:08-2268

9

10  **XI.    RELIEF**

11      **United States' Position:**

12      The United States seeks response costs and damages, without limitations,

13  declaratory relief, potential forfeiture, interest, disbursements sustained by the United

14  States, and reserves he right to assert claims for penalties, as aforesaid.

15      Natural resource damages will be determined through a natural resource

16  damages assessment (NRDA), which is currently being conducted pursuant to

17  procedures contained in 15 CFR, Part 990. Pursuant to this process, data is being

18  collected and studies undertaken to determine the extent of injuries to natural resources

19  and will be used to select and "scale" restoration projects that will compensate the public

20  for injuries to resources and their losses or services they provide. The cost of these

21  restoration projects will determine the amount of damages. The NRDA process has to

22  date identified seven categories of potentially injured resources: birds, mammals, fish,

23  human uses and cultural resources, and rocky intertidal/sandy beach, and saltmarsh/

24  eelgrass habitats. Currently identified injuries include thousands of oiled birds, nearly

25  100 miles of oiled shoreline and habitat, and substantial lost human use days at

26  beaches, parks, and other recreation areas in the vicinity of the spill. Data collection,

27  however, is still ongoing and the scope and extent of the injuries may increase. The

28  United States intends that the ongoing NRDA process be sufficiently complete to allow

- 9 -                                      KYL_SF464225

1   the phased approach to litigation to result in efficient litigation and preserve the court's

2   and the parties' resources.

3       **Defendants' COSCO BUSAN, Regal Stone and Fleet Management**

4   **Position:**

5       Defendants COSCO BUSAN, Regal Stone and Fleet Management generally deny

6   that they are liable to the United States as claimed.

7       Defendants COSCO BUSAN, Regal Stone and Fleet Management seek

8   contribution, setoff, and recoupment of its costs, damages, losses and penalties from the

9   United States and any additional relief Defendants are entitled to by law or in equity.

10      Defendants COSCO BUSAN, Regal Stone and Fleet Management seek damages,

11  in forms of contribution and indemnification for costs, damages, losses and penalties

12  from the State of California and any additional relief Defendants are entitled to by law

13  or in equity.

14      **Defendant John Cota's Position:**

15      Defendant Cota generally denies that the United States is entitled to the relief it

16  is seeking against him.  Defendant Cota also contends that the Cosco Busan, Regal

17  Stone and Fleet Management are obligated by statute to defend him and hold him

18  harmless from all claims and damages.

19

20  **XII.    SETTLEMENT AND ADR**

21      The parties have not participated in ADR and believe it is premature to do so.

22  They believe however, that certain aspects, particularly with respect to natural resource

23  damages, may lend themselves to resolution.  Upon submission of a phase litigation

24  proposal, the parties will re-evaluate and address ADR.

25

26  **XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

27      The United States does not consent to utilizing a magistrate judge.

28

KYL_SF464225

PROPOSED CASE MANAGEMENT PLAN AND PROPOSED ORDER

1  **XIV.   OTHER REFERENCES**

2          The United States does not consent to utilizing binding arbitration, a special

3  master, or the Judicial Panel of Multi District Litigation.

4

5  **XV.    NARROWING OF ISSUES**

6          The parties believe a phase approach to the litigation will assist in narrowing the

7  issues.

8          **United States' Position:**

9          The United States may file dispositive motions relating to the counterclaims

10  asserted by Regal Stone and Fleet Management, as well as potential motions relating to

11  said defendants' alleged right to limit liability under the provisions of the Oil Pollution

12  Act of 1990.

13          **Defendants' COSCO BUSAN, Regal Stone and Fleet Management**

14  **Position:**

15          Defendants COSCO BUSAN, Regal Stone and Fleet Management contend that

16  the United States and the State of California played a roll in the COSCO BUSAN oil

17  spill and must be held accountable for their actions and contribute the appropriate

18  amount of damages as a result. The phased approach to this litigation will assist in

19  narrowing of these issues. Defendants also believe that this case must be consolidated

20  with *The People of the State of California, acting by and through the Department of*

21  *Transportation v. Regal Stone, Ltd. et al.*, No. 3:08-2268 and intends to bring an

22  appropriate motion. Defendants also request that the litigation be suspended until the

23  conclusion of the criminal proceedings.

24          **Defendant John Cota's Position:**

25          Defendant Cota also believes the phased litigation approach described herein shall

26  narrow the issues. Defendant Cota also contends that all discovery against him should

27  be stayed pending the final outcome of the pending criminal charges against him by the

28  federal government.

KYL_SF464225

PROPOSED CASE MANAGEMENT PLAN AND PROPOSED ORDER

1  **XVI.   EXPEDITED SCHEDULE**

2      Not applicable.

3

4  **XVII. SCHEDULING**

5      See above.

6

7  **XVIII.       TRIAL**

8      The parties intend to propose a phased approach to the litigation.  It is premature

9  to give an estimate of the length for trial at this point given the current criminal

10 proceedings and request for stay due to the criminal proceedings. The parties have not

11 reached agreement on whether the case could and/or would be tried to a jury or to the

12 Court. Regal Stone and Fleet Management seek a jury trial.

13

14 **XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

15      **United States' Position:**

16      Not required

17      **Defendants COSCO BUSAN, Regal Stone and Fleet Management Position:**

18      Defendants will file their Certificates of Interested Entities or Persons required by

19 Local Rule 3-16 concurrently with the filing of this Statement.

20      **Defendant Cota Position:**

21      Defendant Cota will file his Certificate of Interested Entities or Persons required

22 by Local Rule 3-16 concurrently with the filing of this Statement.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

KYL_SF464225

PROPOSED CASE MANAGEMENT PLAN AND PROPOSED ORDER

1  **XX.    CONCLUSION**

2          The parties propose that the Court adopt the foregoing Case Management Plan.

3  At the appropriate time (i.e., depending on the circumstances relating to the criminal

4  proceedings) the parties will come back to the Court for further scheduling and case

5  management.

   ////

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KYL_SF464225

PROPOSED CASE MANAGEMENT PLAN AND PROPOSED ORDER

1

2     Dated: _____         KEESAL, YOUNG & LOGAN

3

4                                      /s/ John Giffin
                                       By:  JOHN GIFFIN

5

6     Attorneys for Defendants
                                       REGAL STONE, LTD., FLEET MANAGEMENT, LTD.
                                       *in personam*, M/V COSCO BUSAN *in rem*

7

8     Dated: _____         GREGORY KATSAS

9                                      Acting Assistant Attorney General

10                                     /s/ R. Michael Underhill
                                       R. MICHAEL UNDERHILL

11                                     Attorney in Charge, West Coast Office
                                       CHAD KAUFFMAN

12                                     Trial Attorney

13                                     Torts Branch, Civil Division
                                       United States Department of Justice

14

15                                     RONALD J. TENPAS
                                       Assistant Attorney General

16                                     Environment and Natural Resources Division

17                                     /s/ Bradley R. O'Brien

18                                     BRADLEY R. O"BRIEN
                                       Senior Attorney

19                                     Environmental Enforcement Section
                                       United States Department of Justice

20

21                                     Attorneys for Plaintiff
                                       United States of America

22

23    Dated: _____         COPPENRATH & ASSOCIATES

24

25                                     /s/ Walter g. Coppenrath Jr.
                                       By:  WALTER G. COPPENRATH, JR.

26                                     Attorneys for John Cota

27

28

                                       - 14 -

PROPOSED CASE MANAGEMENT PLAN AND PROPOSED ORDER

1

2

### [PROPOSED] ORDER

3      The Court, having reviewed the foregoing Proposed Case Management Plan

4  hereby ORDERS that the schedules and agreements as proposed by the parties as set

5  forth therein are entered as the Case Management Order for this action.

6      IT IS SO ORDERED.

7

8  DATED: _____    _____

9                                              UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KYL_SF464225

PROPOSED CASE MANAGEMENT PLAN AND PROPOSED ORDER