1  Samuel H. Ruby, SBN 191091
   E-mail: samuel.ruby@bullivant.com
2  Kevin K. Ho, SBN 233408
   E-mail: kevin.ho@bullivant.com
3  BULLIVANT HOUSER BAILEY PC
   601 California Street, Suite 1800
4  San Francisco, California  94108
   Telephone: 415.352.2700
5  Facsimile: 415.352.2701

6  Steven M. Crane, SBN 108930
   E-mail:  scrane@bcrslaw.com
7  BERKES CRANE ROBINSON & SEAL LLP
   515 South Figueroa Street, Suite 1500
8  Los Angeles, CA  90071
   Telephone:  (213) 955-1150
9  Facsimile:  (213) 955-1155

10 *Attorneys for Plaintiff The Continental*
   *Insurance Company*
11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14               SAN FRANCISCO DIVISION

15

16 THE CONTINENTAL INSURANCE          Case No.: 3:08-cv-2052-SC as related to:
   COMPANY,                           07-cv-5800-SC,
                                      07-cv-6045-SC,
17              Plaintiff,            07-cv-5926-SC
                                      and, 08-cv-2268
18        vs.
                                      **UPDATED JOINT CASE**
19 JOHN JOSEPH COTA; REGAL STONE      **MANAGEMENT STATEMENT (LOCAL**
   LIMITED; FLEET MANAGEMENT          **RULE 16-9) AND DISCOVERY**
20 LIMITED and the *M/V COSCO BUSAN (aka*  **CONFERENCE REPORT (FRCP**
   *HANJIN VENEZIA)*, LR/IMO Ship No.  **26(F)(2))**
21 9231743 her engines, apparel, electronics,
   tackle, boats, appurtenances, etc., *in rem*,
22
                Defendants.
23

24 AND RELATED CROSS-ACTIONS.

25

26        Pursuant to Civil Local Rule 16-9 and Federal Rule of Civil Procedure 26(f), counsel

27 report that they met and conferred on July 7, 2008, via telephone conference in *Continental*

28 *Insurance Company v. John Joseph Cota, et al.,* (U.S.D.C. N.D. Cal., Case no.: 08-cv-2052).  In

                                    – 1 –

preparing for the Case Management Conference on September 5, 2008, the parties have prepared this updated Report and now jointly state:

**A. <u>Appearing on behalf of plaintiff and counter-defendant Continental Insurance Company ("Continental") during the conference call were:</u>**

- Samuel Ruby and Kevin Ho, Bullivant Houser Bailey, PC;
- Steven Crane, Berkes Crane Robinson & Seal, LLP;

**B. <u>Appearing on behalf of defendants, counterclaimants, cross-claimants and third-party plaintiffs Regal Stone Limited ("Regal Stone") and Fleet Management LTD ("Fleet Management") during the conference call was:</u>**

- Elizabeth Kendrick, Keesal, Young & Logan, LLP;

**C. <u>Appearing on behalf of cross-defendant Captain John Joseph Cota ("Cota" or "Captain Cota") during the conference call were:</u>**

- David Schack and Luke Anderson, K & L Gates, LLP;
- Captain Cota did not previously appear in this case and filed a motion to stay or, in the alternative, compel arbitration. Cota believed it was premature for him to take a position on many issues in the previous Report, but used his best efforts;

**D. <u>Appearing on behalf of third-party defendants the San Francisco Bar Pilots Association ("SF Bar Pilots") and the San Francisco Bar Pilots Benevolent Association ("Association")</u>**

- R. Scott Erlewine, Phillips, Erlewine & Given, LLP;
- The SF Bar Pilots and Association were not added as Third-party defendants until July 15, 2008 and did not take part in the July 7, 2008 conference call. They have not filed a responsive pleading in this case. By stipulation, the SF Bar Pilots and the Association will file their responsive pleading on or before September 15, 2008. The SF Bar Pilots and Association have stated that they do not oppose a stay of the case.

# I. JURISDICTION AND SERVICE

**A.    Continental's Complaint**

    **1.    Subject Matter Jurisdiction**

Continental, Regal Stone and Fleet Management agree that the Court has subject matter jurisdiction over Continental's complaint pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

Continental alleges that, in addition, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 (admiralty jurisdiction), 28 U.S.C. § 1367 (supplemental jurisdiction) and Fed. Rule of Civ. Proc 9(h) (maritime claims and asset forfeiture).

    **2.    Service**

All parties named in Continental's First Amended Complaint have been served, except for the *M/V Cosco Busan*, which left the waters of the San Francisco Bay before Continental could effect service. Continental is investigating the ship's whereabouts and will attempt service if and when the opportunity arises. Continental renews its request for an additional 90 days for service, subject to extension for good cause.

    **3.    Personal Jurisdiction**

None of the served defendants contests personal jurisdiction.

**B.    Regal Stone and Fleet Management's Counterclaim, Cross-claim and Third-Party Complaint**

Regal Stone and Fleet Management have filed a combined (a) counterclaim against plaintiff Continental, (b) cross-claim against defendant Cota and (c) third-party complaint against the SF Bar Pilots and Association.

    **1.    Subject Matter Jurisdiction**

The parties agree that the Court has subject matter jurisdiction over the counterclaim and cross-claim pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction). Regal Stone and Fleet Management allege that the Court has subject matter jurisdiction over the third-party complaint pursuant to the same statutes.

Captain Cota does not have sufficient information to admit subject matter jurisdiction and contends that resolution of Regal Stone and Fleet Management's claims must be stayed until the completion of the trial of the criminal claims against him and/or arbitration between

1  Continental and Cota is completed.  The SF Bar Pilots and Association do not join this
2  statement.

3        **2.**    **Service**

4        All parties named in the counterclaim, cross-complaint and third-party complaint have
5  been served.  Continental has filed an answer to the counterclaim.  Cota responded to the cross-
6  complaint with the motion to stay or, in the alternative, compel arbitration.  By stipulation, the
7  SF Bar Pilots and the Association will file their responsive pleadings on or before September
8  15, 2008.   Cota received a service copy of Regal Stone and Fleet Management's answers,
9  counterclaims or other claims and has a filed motion to stay this case.

10        **3.**    **Personal Jurisdiction**

11        None of the parties contests personal jurisdiction.

12                              **II. <u>FACTS</u>**

13  **A.**    <u>**Brief Chronology**</u>

14        This action is one of several actions, which the Court has deemed related, arising out of
15  the allision of the *Cosco Busan* with the San Francisco-Oakland Bay Bridge on November 7,
16  2007 and resulting oil spill.

17        Continental issued a marine "protection and indemnity" insurance policy, No. H856049
18  ("the Policy"), to the SF Bar Pilots, the Association, and their officers, employees, and
19  individual member pilots—including Captain John Cota, who was on board the *Cosco Busan* at
20  the time of the incident.  At the time of the incident, Regal Stone was the registered owner of the
21  *Cosco Busan*, and Fleet Management was its "technical manager."  Pursuant to the policy,
22  Continental paid for Cota's attorneys' fees and expenses in relation to various civil claims and
23  lawsuits brought against him, until Cota's defense was assumed by Regal Stone.

24        In addition to bringing civil claims, the United States has also asserted criminal liability
25  and brought criminal charges against Cota.  Since the filing of the initial Case Management
26  Statement, Fleet Management has been indicted along with Cota in the criminal proceedings.
27  Cota tendered his defense of the criminal matters to Continental and Regal Stone.  Continental
28  and Regal Stone denied having any duty to defend or indemnify Cota in connection with the

criminal matters.  However, after filing this action and subject to a reservation of rights,
Continental has paid for some of Cota's criminal defense costs.

## B.    **Principal Factual Issues In Dispute**

In signing this Case Management Statement, none of the parties herein admit, nor shall they be deemed to have admitted, any allegation made by and other party and, conversely, each party reserves and all claims, rights, denials, and defenses as may be set out by way of answer, responsive pleading, and/or motion.

### 1.    **Issues Between Continental and Cota**

Continental asserted various claims for relief against Cota in its First Amended Complaint, but has since dismissed Cota without prejudice from the case in favor submitting its claims to arbitration under the Policy.  With respect to Continental's claims, Continental contends this action renders Cota's motion moot

### 2.    **Issues Between Regal Stone, Fleet Management, Cota, And The SF Bar Pilots and Association**

- By way of their counter-claim, cross-claim and third-party claim, Regal Stone and Fleet Management seek a judicial declaration that California Harbors and Navigations Code section 1198 (c) is preempted by Federal Maritime law.  In the alternative, Regal Stone and Fleet Management contend that they have no obligation under 1198 (c) to defend or indemnify in connection with any of the criminal charges.  In addition, Regal Stone and Fleet Management seek damages from Cota and the SF Bar Pilots for alleged over-charges for piloting services. The principal factual issues presented by the cross-claim and third-party claim are: Did the SF Bar Pilots and the Association (and Cota, as member thereof) include within their rates and charges for pilotage services the costs of primary marine insurance, in violation of Harbors & Navigations Code section 1198(a)?

Cota does not join this statement as he has filed a motion to stay or in the alternative, to arbitrate and contends that all claims should be stayed at this time.

The SF Bar Pilots and Association do not join this statement and have stated that they do not oppose a stay of the case pending arbitration.

JOINT CASE MANAGEMENT STATEMENT AND RULE 26 REPORT

3.    **Issues Between Continental and Regal Stone and Fleet Management**

Pending the resolution of claims between Continental and Cota, Continental seeks to recover from Regal Stone and Fleet Management the amounts Continental paid for Cota's civil defense before Regal Stone and Fleet Management assumed that defense with the express reservation of their right to challenge any obligation to provide Cota a defense and indemnity on, among other grounds, that Section 1198(c) is preempted by federal maritime law.   In the event that Continental, Regal Stone and Fleet Management are both found to have a duty to defend or indemnify Cota in connection with the criminal charges, Continental seeks indemnity or contribution from Regal Stone and Fleet Management towards the criminal defense costs that Continental has advanced under its reservation of rights.  As set forth below, the issues between Continental and Regal Stone and Fleet Management principally are legal or equitable, not factual.  Cota does not join this statement.

## III. LEGAL OR EQUITABLE ISSUES

A.    **Issues Between Continental and Cota**

Continental asserted various claims for relief against Cota in its First Amended Complaint, but has since dismissed Cota from the case in favor submitting its claims to arbitration under the Policy.

B.    **Issues Between Regal Stone and Fleet Management, Cota, And The Bar Pilots and Association**

California Harbors & Navigations Code § 1198(c) provides, in pertinent part that:

> "Every vessel, owner, operator, or demise or bareboat charterer hiring a pilot with a state license for the Bays of San Francisco... shall either defend, indemnify, and hold harmless pilots ... or alternatively, notify pilots of an intent to pay for trip insurance .... If a vessel or its owner, operator, or demise or bareboat charterer does not provide written notice ... of an intent to exercise the trip insurance option, then the vessel and its owner, operator, and demise or bareboat charterer will be deemed to have elected the obligation to defend, indemnify, and hold harmless pilots ...."

The principal legal or equitable issues presented by Regal Stone and Fleet Management's claims against Cota and the SF Bar Pilots and Association are:

- Whether California Harbors & Navigations Code section 1198(c) ("Section 1198 (c)") is preempted by federal maritime law?

- If not preempted, does Section 1198 (c) impose a duty to defend or indemnify with respect to criminal, as opposed to civil, claims or suits?
- If Section 1198 (c) imposes such duties, did Cota and the SF Bar Pilots violate Section 1198(a), which provides in pertinent part, "Except as provided in subdivision (c), the rates and charges for pilotage services shall not include the cost of primary marine insurance insuring a pilot, an organization of pilots, or their officers and employees . . . " and, if so, are Regal Stone and Fleet Management relieved of their duties with respect to the *Cosco Busan* incident?

Cota does not join this statement as he has filed a motion to stay and contends that all claims should be stayed at this time.

The SF Bar Pilots and Association do not join this statement and have stated that they do not oppose a stay of the case pending arbitration.

## C.    **Issues Between Continental and Regal Stone and Fleet Management**

The principal legal or equitable issues presented by Continental's claims against Regal Stone and Fleet Management and by Regal Stone and Fleet Management's counterclaim include the foregoing issues:  If Regal Stone and Fleet Management are found to have a duty to defend and indemnify Cota by virtue of Section 1198, then additional legal or equitable issues between Continental and Regal Stone and Fleet Management shall include:

- To the extent of its payments of Cota's defense costs, is Continental subrogated to Cota's rights (if any) under the statute?
- If subrogated to Cota's rights (if any), may Continental recover from Regal Stone and Fleet Management some or all of its payments?
- Even if not subrogated to Cota's rights (if any), is Continental entitled to equitable contribution from Regal Stone and Fleet Management?

# IV. MOTIONS

## A.     Procedural Motions

Cota filed a motion (1) to stay this case pending resolution of the criminal proceedings against him, or in the alternative, (2) to compel arbitration between Continental and Cota pursuant to the arbitration clause in the insurance policy (and to stay the balance of the case). Cota contends that a stay is appropriate and necessary to protect his rights. As set forth in more detail in his motion papers, Cota contends that the Court has authority, inter alia, (i) to grant a stay of civil proceedings until related criminal proceedings are concluded (see, e.g., *Jones v. Conte*, 2005 WL 1287017 (N.D. Cal. 2005) (Illston, J.)(citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995), and (ii) to stay insurance coverage litigation instituted by an insurer until the underlying suit against the insured—here the criminal proceedings—are concluded (see, e.g., *Montrose Chemical Corporation of California v. Superior Court*, 6 Cal. 4th 287, 301-02 (1993)). Continental interpreted Cota's motion to compel arbitration as a demand for arbitration under the Policy.

Accordingly, Continental dismissed its claims against Cota without prejudice and opposed the motion as being moot. Continental will move swiftly to commence arbitration with Cota regarding Continental's claims as previously asserted against Cota in the First Amended Complaint. Continental is not opposed to staying the balance of the case until the resolution of these claims or, in the alternative, the resolution of the criminal case against Cota. The SF Bar Pilots and Association have also filed their non-opposition to Cota's motion to stay the case.

Regal Stone and Fleet Management have filed an opposition to Cota's motion to stay. In opposition, Regal Stone and Fleet Management propose that (1) any stay be narrowly tailored to fit the circumstances presented by the pending criminal proceedings so as to avoid discovery and litigation on overlapping factual issues between this action and the criminal proceedings; and (2) an exemption from any stay be granted to permit limited discovery and litigation on non-overlapping issues such as federal preemption and whether the requirements of California Harbors and Navigation Code section 1198(a) were satisfied. Cota disagrees with the substance of, and characterizations in, this paragraph.

JOINT CASE MANAGEMENT STATEMENT AND RULE 26 REPORT

**B.      Dispositive Motions**

All parties except Regal Stone and Fleet Management are not opposed to a stay of the remainder of the case pending the outcome of the arbitration between Cota and Continental.

To the extent the case is not stayed, at the appropriate time, the parties anticipate filing motions under Rule 56 to resolve some or all of the claims at issue. Specifically, Regal Stone and Fleet Management intend to file a Rule 56 motion on the issue of federal maritime preemption promptly upon the conclusion of a limited amount of initial discovery which it has propounded. Cota does not join this statement at this time.

## V. **AMENDMENT OF PLEADINGS**

None of the parties have a present intention to amend their pleadings.

## VI. **PRESERVATION OF EVIDENCE**

All the parties have taken and will continue appropriate steps to preserve relevant evidence.

## VII. **DISCLOSURES**

Pursuant to FRCP 26(f), counsel for Continental, Regal Stone, Fleet Management and Cota conferred by telephone on July 7, 2008. Given Cota's motion to stay, Continental and Cota believed that proceeding with initial disclosures would be premature. The SF Bar Pilots and Association have not yet filed a responsive pleading. Accordingly, the parties did not and have not yet made their initial disclosures, nor have they yet made arrangements for initial disclosures. Regal Stone and Fleet Management were and are amenable to making their initial disclosures, and asserted during the July 7 telephone call that, by agreeing not to make disclosures at this time, they were not waiving their rights to conduct initial discovery directed to Continental, the SF Bar Pilots and Association and non-party insurance brokers.

If the Court does not stay the case, in whole or in part, the parties will confer again and make arrangements for initial disclosures. The parties respectfully request that the Court not set a deadline for initial disclosures at this time.

JOINT CASE MANAGEMENT STATEMENT AND RULE 26 REPORT

## VIII. <u>DISCOVERY</u>

Regal Stone and Fleet Management have initiated initial discovery from Continental and the insurance brokers that placed the Trip Insurance Policy for the SF Bar Pilots and Association. Regal Stone and Fleet Management did not believe that discovery as to Continental, the SF Bar Pilots and Association and non-party insurance brokers was premature and advised counsel of their position in this regard during the July 7, 2008 conference.

Continental objected to such discovery on various grounds including that the Rule 26(f) conference has not been completed, initial disclosures had not been made, and no discovery plan was formulated. Continental further objected to the noticed depositions by Regal Stone and Fleet Management as being improper pursuant Rule 30 (improper witness designation) and to Local Rule 30-1 (meet and confer requirement).

Captain Cota has consistently objected to any discovery being propounded prior to the Court's ruling on the motion to stay/motion to compel arbitration (including at the July 7, 2008 conference and otherwise).

Regal Stone and Fleet Management believe the initial discovery they initiated was proper. However, in light of the motion to stay and the addition of the SF Bar Pilots and the Association, the parties have effectively tabled all discovery pending the resolution of Cota's motion for stay.

The parties request that if the Court does not stay the remainder of the case, the Court set a further case management conference. In advance of the further case management conference, the parties will confer again and formulate a discovery plan, which they shall submit to the Court.

## IX. <u>CLASS ACTIONS</u>

Not applicable to the present action, 3:08-cv-2052

## X. <u>RELATED ACTIONS</u>

This case (3:08-cv-2052) has been formally deemed as "related" to various civil actions filed by class plaintiffs and by various government agencies in the Northern District. Those actions are entitled:

- *Chelsea, LLC v. Regal Stone, Ltd. et al.* (07-cv-05800)

- *Shogren Living Trust et al v. Regal Stone, Ltd. et al.* (07-cv-05926)

- *United States of America et al. v. The Shipowners' Insurance & Guaranty Company Ltd. et al.* (07-cv-06045)

- *People of the State of California v. Regal Stone, Ltd. et al.* (08-cv-02268)

## XI. RELIEF

**A.    Relief Sought By Continental**

Continental seeks:

1.    For a judicial declaration that Regal Stone, Fleet, and the *Cosco Busan* have been obligated to defend and indemnify Captain Cota; that their obligations are primary as compared to Continental's; and that Continental shall have no duty to contribute to Captain Cota's defense or indemnification unless and until the duties of Regal Stone, Fleet Management, and the *Cosco Busan* are excused or exhausted;

2.    For a money judgment against Regal Stone, Fleet Management, and the *Cosco Busan* for at least $315,321.31, plus prejudgment interest, plus attorneys' fees pursuant to Harbors & Navigations Code § 1198(c)(1)(D), and criminal defense costs paid on Captain Cota's behalf, to be proven at trial, plus prejudgment interest, plus attorneys' fees pursuant to Harbors & Navigations Code § 1198(c)(1)(D), be assessed against Regal Stone, Fleet Management, and the *Cosco Busan* as part of the money judgment against those defendants;

3.    For costs of suit;

4.    Depending on the outcome of the arbitration with Cota, Continental may seek any additional costs from him, and;

5.    For such other and further relief as the Court may deem just and proper.

**B.    Relief Sought By Regal Stone and Fleet Management:**

Regal Stone and Fleet Management have prayed: That Continental take nothing by reasons of its First Amended Complaint and judgment be rendered in favor of them; Regal Stone and Fleet Management be awarded costs of suit; and, for other and further relief as the Court may deem just and proper.

In their counterclaim, cross-claim and third-party complaint, Regal Stone and Fleet Management pray:

1.   For a declaratory judgment that because federal maritime law preempts conflicting state law, California Harbors and Navigation Code Section 1198(c) is invalid, and that Regal Stone and Fleet Management are not required to defend, indemnify or hold harmless Captain Cota, the SF Bar Pilots or the Association, or their officers or employees in the civil lawsuits or the Criminal Action or any future civil actions or criminal action or investigation and Regal Stone is not obligated to pay Continental for any sum whatsoever.

2.   For a declaratory judgment that because California Harbors and Navigation Code Section 1198(c) does not require a vessel owner to defend, indemnify or hold harmless a pilot against criminal charges, Regal Stone and Fleet Management are not required to defend, indemnify or hold harmless Captain Cota in the Criminal Action or Captain Cota and the SF Bar Pilots or the Association, or their officers or employees in any future criminal action.

3.   For a declaratory judgment that Continental is not entitled to indemnity from Regal Stone and Fleet Management because Captain Cota, the SF Bar Pilots or the Association have violated California Harbors and Navigation Code Section 1198(a).

4.   For damages against the SF Bar Pilots, the Association and Captain Cota for amounts wrongfully included and charges for pilotage services in violation of California Harbors and Navigation Code Section 1198(a).

5.   Such other and further relief as the Court determines is just and proper.

## C.   **Relief Sought By Cota:**

Cota has not yet filed an answer or other pleading, praying for any relief.  In the event that Cota's motion to stay the case is denied with respect to the remaining claims, Cota intends to file an answer praying that Regal Stone and Fleet Management take nothing by way of their claims; that judgment be rendered in favor of Cota on all claims; that Cota be awarded costs of suit; and, for other and further relief as the Court may deem just and proper.  If Cota is required to litigate in federal court, he reserves his right to file counterclaims and other claims.

JOINT CASE MANAGEMENT STATEMENT AND RULE 26 REPORT

## XII. SETTLEMENT AND ADR

The parties request that *Continental v. Cota, et al.*, (08-cv-2052) be exempt from the Northern District's ADR process because: (1) the Court has related this case to a number of other cases as captioned above; (2) this case involves potential issues of statutory and contractual interpretation; (3) while not formally related, issues in this case may concern issues in the Criminal Action; and, (4) the case has a number of complex issues that renders resolution by ADR processes unsuitable.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Continental, nor any other party, consents to utilizing a magistrate judge.

## XIV.  OTHER REFERENCES

As noted above, Cota has invoked the arbitration clause in the Policy and Continental has dismissed Cota from this case accordingly.  Continental will move swiftly to begin arbitration.

The parties do not believe the case is suitable to reference to a special master or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF THE ISSUES

Pending arbitration between Continental and Cota, the parties believe that the issues for trial can be greatly narrowed, if not entirely eliminated, by motions under Rule 56.  Cota does not join this statement at this time.

## XVI. EXPEDITED SCHEDULE

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

Given the forthcoming motion to stay the case from Captain Cota, the parties submit that it would be premature to set dates for a discovery cut-off, designation of experts, hearing of dispositive motions, a pretrial conference, or trial.  The parties request that if the Court denies

1  the forthcoming motion to stay, the Court set a further case management conference, in advance

2  of which the parties will submit a proposed case management schedule.

3  <center>XVIII. <u>TRIAL</u></center>

4        Continental's claims are equitable and legal in nature and would therefore be tried to the

5  Court, if not resolved by Rule 56 motions.  Regal Stone and Fleet Management believe the

6  claims in the first amended complaint; counter-claim and the third-party complaint are triable to

7  a jury.  The expected length of a trial would depend upon how many issues are eliminated by

8  motions, but at the outer limits, no more than five days should be required.  Cota is not in a

9  position to estimate trial length given his position that claims must be arbitrated and given that

10  he has not yet filed counterclaims or other claims.

11

12  <center>XIX. <u>DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS</u></center>

13      **<u>Continental:</u>**   Continental has filed this disclosure.  Continental hereby restates it is

14  wholly owned by CNA Financial Corporation.  CNA Financial Corporation's stock is publicly

15  traded.  The following publicly held companies own 10% or more of CNA Financial

16  Corporation's stock:  Loews Corporation.

17      **<u>Regal Stone:</u>**

18      Regal Stone has filed this disclosure.

19      **<u>Fleet Management:</u>**

20      Fleet Management has filed this disclosure.

21      **<u>Cota:</u>**

22      None.

23      **<u>SF Bar Pilots & Association</u>**

24      The SF Bar Pilots & Association intend to file this disclosure.

25  <center>XX. <u>OTHER MATTERS/CONCLUSION</u></center>

26      None.

27

28

DATED:  August 29, 2008

<center>– 14 –</center>

BULLIVANT HOUSER BAILEY PC

By _____
    Samuel H. Ruby
    Kevin K. Ho

Attorneys for Plaintiff
The Continental Insurance Company

BERKES CRANE ROBINSON & SEAL LLP

By   S Crane • by KHo.
    Steven M. Crane

Attorneys for Plaintiff
The Continental Insurance Company

K&L GATES LLP

By _____
    David P. Schack
    Luke G. Anderson

Attorneys for Defendant
John Joseph Cota

KEESAL, YOUNG & LOGAN LLP

By _____
    Elizabeth A. Kendrick

Attorneys for Defendant
Regal Stone Limited and Fleet Management, LTD.

PHILLIPS, ERLEWINE & GIVEN, LLP

By _____
    R. Scott Erlewine

Attorneys for Third-Party Defendants
San Francisco Bar Pilots Association and the San
Francisco Bar Pilots Benevolent Association

– 15 –

JOINT CASE MANAGEMENT STATEMENT AND RULE 26 REPORT

1

2          BULLIVANT HOUSER BAILEY PC

3

4          By _____
               Samuel H. Ruby
               Kevin K. Ho
5

6          Attorneys for Plaintiff
           The Continental Insurance Company

7          BERKES CRANE ROBINSON & SEAL LLP

8

9          By _____
               Steven M. Crane
10

11         Attorneys for Plaintiff
           The Continental Insurance Company

12         K&L GATES LLP

13

14         By _____
               David P. Schack
15             Luke G. Anderson

16         Attorneys for Defendant
           John Joseph Cota

17

18         KEESAL, YOUNG & LOGAN LLP

19

20         By _____
               Elizabeth A. Kendrick

21         Attorneys for Defendant
           Regal Stone Limited and Fleet Management, LTD.

22

23         PHILLIPS, ERLEWINE & GIVEN, LLP

24

25         By _____
               R. Scott Erlewine
26

27         Attorneys for Third-Party Defendants
           San Francisco Bar Pilots Association and the San
           Francisco Bar Pilots Benevolent Association
28

                              — 15 —

BULLIVANT HOUSER BAILEY PC


By _____
     Samuel H. Ruby
     Kevin K. Ho

Attorneys for Plaintiff
The Continental Insurance Company

BERKES CRANE ROBINSON & SEAL LLP


By _____
     Steven M. Crane

Attorneys for Plaintiff
The Continental Insurance Company

K&L GATES LLP


By _____
     David P. Schack
     Luke G. Anderson

Attorneys for Defendant
John Joseph Cota

KEESAL, YOUNG & LOGAN LLP


By _Elizabeth A. Kendrick_____
     Elizabeth A. Kendrick

Attorneys for Defendant
Regal Stone Limited and Fleet Management, LTD.


PHILLIPS, ERLEWINE & GIVEN, LLP


By _____
     R. Scott Erlewine

Attorneys for Third-Party Defendants
San Francisco Bar Pilots Association and the San
Francisco Bar Pilots Benevolent Association

– 15 –

BULLIVANT HOUSER BAILEY PC


By _____
    Samuel H. Ruby
    Kevin K. Ho

Attorneys for Plaintiff
The Continental Insurance Company

BERKES CRANE ROBINSON & SEAL LLP


By _____
    Steven M. Crane

Attorneys for Plaintiff
The Continental Insurance Company

K&L GATES LLP


By _____
    David P. Schack
    Luke G. Anderson

Attorneys for Defendant
John Joseph Cota

KEESAL, YOUNG & LOGAN LLP


By _____
    Elizabeth A. Kendrick

Attorneys for Defendant
Regal Stone Limited and Fleet Management, LTD.

PHILLIPS, ERLEWINE & GIVEN, LLP


By _____
    R. Scott Erlewine

Attorneys for Third-Party Defendants
San Francisco Bar Pilots Association and the San
Francisco Bar Pilots Benevolent Association

JOINT CASE MANAGEMENT STATEMENT AND RULE 26 REPORT