1   SEDGWICK, DETERT, MORAN & ARNOLD LLP
    JULIA A. MOLANDER  Bar No. 83839
2   Julia.Molander@sdma.com
    ANDREW J. KING  Bar No. 253962
3   Andrew.King@sdma.com
    One Market Plaza
4   Steuart Tower, 8th Floor
    San Francisco, California 94105
5   Telephone: (415) 781-7900
    Facsimile: (415) 781-2635
6
    Attorneys for Plaintiff-in-Intervention
7   RLI INSURANCE COMPANY

8                   UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

10

11  THE CONTINENTAL INSURANCE          CASE NO. 3:08-cv-2052-SC as related to:
    COMPANY,                           07-cv-5800-SC;
12                                      07-cv-6045-SC;
                Plaintiff,              07-cv-5926-SC; and
13                                      08-cv-2268
              v.
14                                     **RLI INSURANCE COMPANY'S NOTICE
    JOHN JOSEPH COTA; REGAL STONE      OF MOTION AND MOTION FOR LEAVE
15  LIMITED; FLEET MANAGEMENT          TO INTERVENE; MEMORANDUM OF
    LTD.; and the *M/V COSCO BUSAN* (aka   POINTS AND AUTHORITIES IN
16  *HANJIN VENEZIA*), LR/IMO SHIP NO.  SUPPORT**
    9231743, her engines, apparel, electronics,
17  tackle, boats, appurtenances, etc., *in rem*,   JUDGE: Hon. Samuel Conti
                                       CTRM: 1
18              Defendants.            DATE:  November 7, 2008
                                       TIME:  10:00 a.m.
19  ──────────────────────────────────
    AND RELATED CROSS-ACTIONS.
20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

PAGE

I.    Introduction ........................................................................................................... 1

II.   Factual Background ................................................................................................ 1

III.  Argument ............................................................................................................... 3

    A.    Legal Principles Governing Intervention As Of Right ................................ 3

    B.    RLI's Application To Intervene Is Timely .................................................. 4

    C.    RLI Has A Significant Protectable Interest In This Litigation
          Regarding Its Duty to Defend That Will Be Impaired If Intervention Is
          Not Allowed ................................................................................................. 5

    D.    None Of The Existing Parties Will Adequately Represent RLI's
          Interest ......................................................................................................... 8

    E.    In the Alternative, the Court Should Permit Intervention Under Rule
          24(b) Since RLI's Claim Shares a Common Question of Law or Fact
          With The Existing Action ............................................................................. 9

IV.   Conclusion ........................................................................................................... 10

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1

**TABLE OF AUTHORITIES**

2

PAGE

3

**FEDERAL CASES**

4

*American Home Products Corp. v. Liberty Mutual Insurance Co.*,
748 F.2d 760 (2d Cir. 1984)........................................................................................6

5

*Arakaki v. Cayetano*,
324 F.3d 1078 (9th Cir. 2003) ...............................................................................4, 8

6

7

*Briggs & Stratton Corp. v. Concrete Sales & Services, Inc.*, ,
166 F.R.D. 43 (M.D. Ga. 1996)..................................................................................5

8

*Chrysler Corp. v. Haden Uniking Corp.*,
158 F.R.D. 405 (N.D. Ill. 1994).................................................................................6

9

10

*County of Fresno v. Andrus*,
622 F.2d 436 (9th Cir. 1980) .....................................................................................5

11

*Davila v. Arlasky*,
141 F.R.D. 68 (N.D. Ill. 1999)...................................................................................6

12

13

*Donnelly v. Glickman*,
159 F.3d 405 (9th Cir. 1988) .....................................................................................5

14

*Knapp v. Hankins*,
106 F. Supp. 43 (E.D. Ill. 1952).................................................................................6

15

16

*La Reunion Francaise SA v. Barnes*,
247 F.3d 1022 (9th Cir. 2001) ...................................................................................9

17

*League of United Latin American Citizens v. Wilson*,
131 F.3d 1297 (9th Cir. 1997) ...............................................................................4, 9

18

19

*Norfolk Southern Railway Co. v. Kirby*,
543 U.S. 14 (2004)......................................................................................................9

20

*Prete v. Bradbury*,
438 F.3d 949 (9th Cir. 2006) .....................................................................................8

21

22

*Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*,
725 F.2d 871 (2d Cir. 1984)........................................................................................5

23

*Ross v. Marshall*,
426 F.3d 745 (5th Cir. 2005) .....................................................................................4

24

25

*Sierra Club v. Espy*,
18 F.3d 1202 (5th Cir. 1994) .....................................................................................4

26

*Southwest Center for Biological Diversity v. Berg*,
268 F.3d 810 (9th Cir. 2001) .....................................................................................4

27

*State of California v. United States*,
450 F.3d 436 (9th Cir. 2006) ..................................................................................4, 5

28

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

-ii-

1

**Table of Authorities**
**(Continued)**

2

**PAGE**

3

*United States v. Alisal Water Corp.*,

4
    370 F.3d 915 (9th Cir. 2004) .......................................................................................4

5

*United States v. Thorson*,
    219 F.R.D. 623 (W.D. Wis. 2003) ...............................................................................6

6

*Venegas v. Skaggs*,

7
    867 F.2d 527 (9th Cir. 1989) .......................................................................................9

8

**STATE CASES**

9

*Clemmer v. Hartford Insurance Co.*,
    22 Cal. 3d 865 (1978) ..................................................................................................6

10

*Trade Insurance Exch. v. Superior Court*,

11
    60 Cal. App. 4th 342 (1997) ........................................................................................6

12

**FEDERAL STATUTES**

13

Federal Rule of Civil Procedure 24(a) .................................................................1, 3, 5, 9, 10

14

Federal Rule of Civil Procedure 24(b) ..............................................................................1, 9

15

28 U.S.C. Section 1332 ................................................................................................9, 10

16

28 U.S.C. Section 1333 .....................................................................................................9

17

18

19

20

21

22

23

24

25

26

27

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

28

-iii-

CASE NO. 3:08-cv-2052-SC

RLI'S NOTICE AND MOTION FOR LEAVE TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that, on November 7, 2008 at 10:00 a.m., or as soon thereafter

3  as the matter may be heard, at the United States Courthouse, 450 Golden Gate Avenue, San

4  Francisco, California, plaintiff in intervention RLI Insurance Company ("RLI") will, and hereby

5  does, move for leave to intervene in this action as a matter of right pursuant to Federal Rule of

6  Civil Procedure 24(a)(2) on the grounds set forth herein.  In the alternative, RLI will, and hereby

7  does, move for leave to intervene in this action pursuant to Federal Rule of Civil Procedure 24(b)

8  on the grounds set forth herein.

9       RLI's motion will be, and is, based upon this notice of motion and motion, the

10  accompanying memorandum of points and authorities in support, the accompanying Declaration

11  of Julia A. Molander, the pleadings and records on file in this action, and on all such further oral

12  and documentary evidence and argument as may be presented to the Court at or before the

13  hearing on this motion.

14                    **MEMORANDUM OF POINTS AND AUTHORITIES**

15                         **I.     INTRODUCTION**

16       Pursuant to Federal Rule of Civil Procedure 24(a)(2), RLI seeks leave to intervene in this

17  action as a matter of right in order to obtain a prompt judicial determination that Regal Stone

18  Limited ("Regal Stone"), Fleet Management Ltd. ("Fleet Management"), and the *M/V Cosco*

19  *Busan*, LR/IMO Ship No.: 9231743, her engines, apparel, electronics, tackle, boats,

20  appurtenances, etc., *in rem* ("*Cosco Busan*") (collectively "the Vessel Interests") are obligated to

21  defend and indemnify Captain John Joseph Cota ("Cota") in the criminal and civil actions

22  brought against him arising out of the allision that took place on San Francisco Bay on

23  November 7, 2007, and that RLI has no obligation until the amount of the insurance available to

24  the Vessel Interests is fully exhausted.  RLI seeks to protect its own interests in this matter

25  through its proposed complaint in intervention, attached as Exhibit A to the Declaration of Julia

26  A. Molander ("Molander Decl."), filed concurrently herewith.

27                         **II.     FACTUAL BACKGROUND**

28       RLI issued a policy of Excess Trip Insurance and Excess Pilot's Legal Liability Insurance,

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1   policy no. MEX0500015, to the San Francisco Bar Pilots Association ("SF Bar Pilots"), the San

2   Francisco Bar Pilots Benevolent Association, and their officers, employees and individual

3   member pilots, including Captain Cota. (Molander Decl., ¶ 4, Ex. B.)  The SF Bar Pilots is an

4   association of licensed pilots who guide vessels entering or exiting the waters of San Francisco

5   Bay.  (Docket No. 1, ¶ 8.)  The RLI policy provides $10,000,000 in coverage in excess to, and

6   following the form of, the Continental Insurance Company ("Continental") policy H856049 at

7   issue in this action.  (Molander Decl., ¶ 4, Ex. B.; Docket No. 1, ¶ 9, Ex. A.)

8          Captain Cota was, at all times pertinent, licensed as a pilot by the United States Coast

9   Guard and the State of California as a pilot and a member of the SF Bar Pilots.  (Docket No. 1, ¶¶

10  6-7.)  On November 7, 2007, while Cota was piloting the *Cosco Busan*, it allided with and struck

11  the Delta span of the San Francisco-Oakland Bay Bridge ("the Allision").  (Docket No. 1, ¶ 12.)

12  On March 17, 2008, the United States Department of Justice, United States Attorney's Office,

13  filed criminal charges against Cota for the Allision and for misrepresenting his medical

14  conditions in order to obtain a pilot's license.  (Docket No. 1, ¶ 16, Ex. B.)

15         Cota has demanded that Continental defend him (or pay the costs of his defense) in

16  connection with the Criminal Complaint, and the criminal investigation that preceded the filing

17  of the Criminal Complaint.  (Docket No. 1, ¶¶ 18, 19.)  Continental has agreed to do so under a

18  reservation of its rights to obtain reimbursement of monies paid in the defense of Cota with

19  respect to the Criminal Complaint, and the preceding criminal investigation.  (Docket No. 1, ¶

20  21.)

21         RLI's policy follows the form of the Continental policy.  (Molander Decl. ¶ 4, Ex. B.;

22  Docket No. 1, ¶ 9, Ex. A.)  The Continental policy provides Primary Pilot's Contingent Legal

23  Liability coverage in the amount of $1,000,000, and provides the insured pilots with coverage for

24  legal liabilities arising out of losses and/or damages that may be caused by the pilots navigating

25  vessels within the San Francisco Bay, *provided that no other insurance is available to the*

26  *insured pilots* and provided that the legal liabilities come within all terms and conditions of the

27  policy, including such limitations as are set forth in Senate Bill No. 1109 (California Harbors &

28  Navigation Code Section 1198).  (Docket No. 1, ¶ 9, Ex. A.)  The Continental policy includes


SEDGWICK
DETERT, MORAN & ARNOLD LLP

1  coverage for expenses that have been reasonably and necessarily incurred in the defense of

2  covered actions. (Docket No. 1, ¶ 9, Ex. A.)

3       RLI is informed and believes that Continental, in paying for the costs of defending Cota

4  with respect to the criminal action, and the preceding investigation, contends it is nearing the

5  exhaustion of its $1,000,000 policy limits. (Molander Decl., ¶ 5, Ex. C.) Cota has demanded

6  that RLI defend Cota when the Continental coverage is exhausted. (*Id.*) RLI contends, and seeks

7  leave to intervene for a declaration so affirming, that under California Harbors & Navigations

8  Code Section 1198(c), if a vessel, its owners, operators, and/or charterers elect not to purchase

9  Trip Insurance, then they are obligated to defend and indemnify the pilot against civil and

10  criminal liability. Because Regal Stone, Fleet Management, and the *Cosco Busan* did not

11  purchase Trip Insurance, RLI maintains that they are obligated to defend and indemnify Cota

12  against civil and criminal liability. (Docket No. 1, ¶ 31.)

13       Although the Vessel Interests are believed to have a substantial amount of available

14  insurance coverage, they have refused to defend and indemnify Cota in connection with the

15  criminal action, and the preceding investigation, although they are defending the civil action.

16  (Docket No. 27, ¶ 17.) RLI contends that the obligations of the Vessel Interests are primary to

17  any insurance provided by RLI. As such, RLI has a significant protectable interest in this

18  litigation that can be resolved by a prompt judicial declaration of the parties' rights and

19  obligations under the RLI policy and the law.

20  **III. ARGUMENT**

21  **A. Legal Principles Governing Intervention As Of Right**

22       Intervention as of right is governed by Federal Rule of Civil Procedure 24(a). Rule 24(a)

23  provides, in relevant part:

24       On timely motion, the court must permit anyone to intervene who: . . .

25       (2) claims an interest relating to the property or transaction that is the subject of
the action, and is so situated that disposing of the action may as a practical matter
26  impair or impede the movant's ability to protect its interest, unless existing parties
adequately represent that interest.

27

28  Fed.R.Civ.P. 24(a).

SEDGWICK

SF/1534183v1  -3-  CASE NO. 3:08-cv-2052-SC

1    In determining whether intervention is appropriate, federal courts apply a four-part test:
2    (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest
3    relating to the property or transaction which is the subject of the action; (3) the applicant must be
4    so situated that the disposition of the action may as a practical matter impair or impede its ability
5    to protect that interest; and (4) the applicant's interest must be inadequately represented by the
6    parties to the action. *State of California v. United States*, 450 F.3d 436, 440 (9th Cir. 2006);
7    *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

8    These factors are interpreted liberally in favor of the applicant, and the Court should be
9    guided by practical and equitable considerations. *United States v. Alisal Water Corp.*, 370 F.3d
10   915, 919 (9th Cir. 2004); *Arakaki*, 324 F.3d at 1083; *Southwest Center for Biological Diversity v.
11   Berg*, 268 F.3d 810, 818 (9th Cir. 2001). *See also Sierra Club v. Espy,* 18 F.3d 1202, 1204-05
12   (5th Cir. 1994) (stating "[f]ederal courts should allow intervention where no one would be hurt
13   and the greater justice could be attained"). In addition, the Court is to accept as true all well-
14   pleaded, non-conclusory allegations made in support of an application to intervene. *Berg*, 268
15   F.3d at 819.

16   **B.    RLI's Application To Intervene Is Timely**

17   Three factors determine whether a motion to intervene is timely: (1) the stage of the
18   proceeding at which the applicant seeks to intervene; (2) the prejudice to other parties if
19   intervention is allowed; and (3) the reason for, and length of, the delay. *League of United Latin
20   American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). Timeliness is a flexible
21   concept and its determination is left to the court's discretion. *Alisal Water Corp.*, 370 F.3d at
22   921. The timeliness analysis is contextual and should not be used to punish the would-be
23   intervenor but should act as a guard against prejudicing the existing parties by the failure to seek
24   intervention sooner. *Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005).

25   Here, only in July 2008, after Regal Stone and Fleet Management filed a Counterclaim,
26   Cross-Claim, and Third-Party Complaint in this action, did RLI first learn that the Vessel
27   Interests sought a judicial declaration that they were not required to defend or indemnify Captain
28   Cota in the civil or criminal actions. Since this time (and in light of the fact that Continental

**SEDGWICK**

SF/1534183v1                                           -4-                        CASE NO. 3:08-cv-2052-SC
RLI's Notice and Motion for Leave to Intervene; Memorandum of Points and Authorities in Support

1   contends it is nearing the exhaustion of its $1,000,000 policy limits), RLI has promptly

2   investigated the Vessel Interests' contention that their duties to defend or indemnify Cota under

3   California Harbors and Navigation Code Section 1198(c) are preempted by federal maritime law.

4   RLI has acted in a timely manner in now seeking intervention to determine its obligations in

5   relation to the Vessel Interests.

6          RLI's intervention will not prejudice the parties to this action.  The facts supporting RLI's

7   claim are already in the Court's record and are well known by the Court and all parties to this

8   litigation.  Thus, this Court will be able to resolve RLI's claim against the Vessel Interests swiftly

9   and based on the extensive facts already existing in the Court's record.

10  **C.    RLI Has A Significant Protectable Interest In This Litigation Regarding Its Duty to Defend That Will Be Impaired If Intervention Is Not Allowed**

11

12         An applicant has a "'significant protectable interest in an action if: (1) it asserts an

13  interest that is protected under some law, and (2) there is a relationship between the legally

14  protected interest and the plaintiff's claims.'" *State of California*, 450 F.3d at 441 (citing

15  *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1988)).  Whether an interest is sufficiently

16  protectable does not turn on "technical distinctions," but rather, "we [the Ninth Circuit] have

17  taken the view that a party has a sufficient interest for intervention purposes if it will suffer a

18  practical impairment of its interests as a result of the pending litigation." *Id.*  As explained by the

19  court in *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980) (citations omitted):

20         We have rejected the notion that Rule 24(a)(2) requires a specific legal or
       equitable interest.  We agree with the D.C. Circuit that "the 'interest' test is
21     primarily a practical guide to disposing of lawsuits by involving as many
       apparently concerned persons as is compatible with efficiency and due process."

22

23         Federal courts allow insurers to intervene for the purpose of determining whether an

24  insurer has a duty to defend.[1] *See Briggs & Stratton Corp. v. Concrete Sales & Services, Inc.*,

25  ───────────────────────────
    [1]    Courts have disallowed an insurer's intervention for the sole purpose of determining

26  whether an insurer has a duty to indemnify – as opposed to whether an insurer has a duty to defend
    – on the ground that such interest is one that is contingent, not certain. *See, e.g., Restor-A-Dent*

27  *Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871, 874-875 (2d Cir. 1984)
    (intervention disallowed where insurer sought to submit special damage interrogatories to jury

28  because interest was contingent as jury had not returned a verdict against insured).

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    166 F.R.D. 43 (M.D. Ga. 1996) (insurer allowed to intervene in environmental contamination

2    action brought against its insured for purpose of determining whether it had duty to defend);

3    *Knapp v. Hankins*, 106 F.Supp. 43 (E.D. Ill. 1952) (insurer allowed to intervene as of right to

4    determine whether it owed insured duty to defend); *Davila v. Arlasky*, 141 F.R.D. 68 (N.D. Ill.

5    1999) (insurer's duty to defend combined with the peril that an insurer could incur in either

6    refusing to defend, reserving rights, or waiving reservations, demonstrates a sufficient protectable

7    interest for intervention).[2]  California state law is also consistent with these principles. *Clemmer*

8    *v. Hartford Ins. Co.*, 22 Cal.3d 865, 885 (1978); *Trade Ins. Exch. v. Superior Court*, 60

9    Cal.App.4th 342 (1997).

10    In *United States v. Thorson*, 219 F.R.D. 623, 625 (W.D. Wis. 2003), the Court allowed an

11    insurer to intervene in an environmental contamination action brought against its insured in order

12    to contest its duty to defend. In *Thorson*, the insured tendered its defense of the complaint to its

13    insurer, Acuity, which filed a motion to intervene as a matter of right to seek a declaratory

14    judgment regarding its duty to defend and indemnify its insured. The court held that Acuity's

15    interest in the proceedings was legally protectable and sufficient to allow intervention as of right,

16    noting that "Acuity's interest in the underlying lawsuit is significant because of the severe

17    consequences if it breaches its duty to defend." *Id*. at 626-627. The court also found that

18    Acuity's ability to protect its interests would be impaired if intervention were not allowed. *Id*. at

19    627 (citations omitted).

20    Similarly, in *American Home Products Corp. v. Liberty Mut. Ins. Co.*, 748 F.2d 760 (2d

21    Cir. 1984), the Court found an insurer's intervention in an underlying action to be appropriate

22    when contesting a duty to defend. *Id*. at 765-766. The court distinguished the cases disallowing

23    intervention on questions of indemnity from cases where the issue presented was the duty to

24    defend, stating: "Liberty's interest here in the Underlying Suits is not limited to its potential for

25    damages, but includes its obligation to defend the Underlying Suits as well. Thus, it seems

26    highly unlikely that Liberty will not be allowed to intervene." *Id*. at 766; *see also Chrysler Corp.*

27

SEDGWICK
DETERT, MORAN & ARNOLD LLP

28    [2]    RLI has not found any Ninth Circuit or federal California decision directly on point.

1    *v. Haden Uniking Corp.*, 158 F.R.D. 405, 407 (N.D. Ill. 1994) ("It is not atypical for an insurer to

2    seek intervention for purposes of protecting its interest in policy and coverage issues via a

3    declaratory judgment.").

4        Here, RLI's interest in determining whether it will have a duty to defend Captain Cota in

5    the criminal actions prior to the exhaustion of the Vessel Interests' insurance, is sufficiently

6    significant to allow intervention in this action, instituted by the primary insurer to determine its

7    coverage obligations. Cota has tendered his defense to RLI, on the ground that Continental's

8    policy is approaching exhaustion. Although RLI believes it has adequate grounds upon which to

9    decline the defense, RLI faces the real risk of a lawsuit by Cota alleging that RLI's declination

10    was in bad faith. Yet, if RLI opts to defend Cota under a reservation of rights, it will be forced to

11    pay substantial amounts for which it is likely not responsible with no guarantee that Cota has the

12    means to reimburse RLI.

13        Thus, RLI has three possible options: (1) opt to pay hundreds of thousands (perhaps

14    millions) of dollars toward Cota's attorneys' fees and expenses - even though it has concluded

15    that it has no duty to defend prior to the exhaustion of the Vessel Interests' insurance - without

16    any reassurance of reimbursement, (2) decline Cota's defense and potentially subject itself to a

17    lawsuit for bad faith failure to defend, or (3) obtain prompt judicial relief regarding its defense

18    obligations *vis-à-vis* Cota in relation to the Vessel Interest through an action for declaratory

19    judgment, which is the relief sought here. Accordingly, to protect its interests and remove itself

20    from the untenable dilemma it now faces, RLI seeks to intervene and obtain a declaratory

21    judgment that the Vessel Interests are obligated to defend and indemnify Cota in the civil and

22    criminal actions, and the preceding criminal investigation, and that RLI has no obligation until

23    the amount of the insurance available to the Vessel Interests is fully exhausted.

24        Moreover, because the Vessel Interests ask this Court to rule that California Harbors and

25    Navigation Code Section 1198(c) is preempted by federal law, disposition of this action may as a

26    practical matter impair or impede RLI's ability to protect its significant interest regarding its duty

27    to defend Captain Cota. The Vessel Interests seek a judicial declaration that federal maritime

28    law relieves them of their clear statutory obligation to defend and indemnify Cota. If the Vessel

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1  Interests are successful in this effort, the result could imperil RLI's policy by removing one of the
2  primary grounds for declining coverage for Cota's defense. Unless RLI is granted leave to
3  intervene, it will be forced to watch from the sidelines as its substantial interests are seriously
4  threatened.

5  Therefore, whether RLI has any obligation to defend Cota under the RLI policy prior to
6  the exhaustion of the Vessel Interests' available insurance constitutes a non-speculative, concrete
7  economic interest that is clearly related to the subject matter of the underlying litigation and is
8  sufficient to allow intervention.

9  **D.      None Of The Existing Parties Will Adequately Represent RLI's Interest**

10  In determining whether an existing party will adequately represent a would-be
11  intervenor's interest, courts consider whether: (1) the existing party will make all of the
12  intervenor's arguments; (2) the existing party is capable of and willing to make such arguments;
13  and (3) the intervenor offers a necessary element to the proceedings that would be neglected.
14  *Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006). The intervenor is required to make only a
15  minimal showing that representation of its interests may be inadequate. *Id.*; *Arakaki*, *supra*, 324
16  F.3d at 1086.

17  None of the existing parties in this lawsuit have any reason or incentive to adequately
18  represent RLI's interests in determining its policy obligations prior to the exhaustion of the
19  Vessel Interests' available insurance. The objectives of Continental, the defendants, and third-
20  party defendants are not the same objectives as RLI's. Continental has already accepted the
21  defense of Cota in the criminal action and contends it is approaching the exhaustion of its policy
22  limit. Continental has recently dismissed its claims against Cota and, unlike RLI, is not facing
23  the imminent prospect of $10,000,000 in potential exposure should the Vessel Interests prevail in
24  their efforts to avoid their defense and indemnity responsibilities as articulated in Section 1198(c)
25  of the California Harbors and Navigation Code. The objectives of the Vessel Interests - to obtain
26  a judicial declaration that Section 1198(c) is preempted by federal law, thus leaving them with no
27  obligation to defend or indemnify Cota - are directly opposed to RLI. And even though third-
28  party defendants, the SF Bar Pilots, may share some of RLI's objectives, particularly with regard

SEDGWICK

SF/1534183v1                     -8-                    CASE NO. 3:08-cv-2052-SC
RLI'S NOTICE AND MOTION FOR LEAVE TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1   to the validity of Section 1198(c), Cota has not demanded that the SF Bar Pilots assume his

2   defense in the criminal action.  As an RLI policyholder, the SF Bar Pilots' interests are not

3   aligned with RLI such that it would adequately represent RLI's particular interests in this

4   litigation.

5        "To require the absentee to stand idly by and watch others who do not adequately

6   represent him litigate a matter that may result in a disposition that will harm his interest is

7   unfair."  7C Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 1917 at 477

8   (1986).  Only RLI can adequately represent its interests in determining its obligations prior to the

9   exhaustion of the Vessel Interests' available insurance, and thus fairness dictates that RLI be

10  allowed to intervene.

11  **E.    In the Alternative, the Court Should Permit Intervention Under Rule 24(b) Since
         RLI's Claim Shares a Common Question of Law or Fact With The Existing Action**

12

13       Federal Rule of Civil Procedure 24(b)(1) provides the Court with a basis for permissive

14  intervention, if it should find a party is not entitled to intervention as of right.  Rule 24(b)(1)

15  provides, in relevant part: "On timely motion, the court may permit anyone to intervene who: . . .

16  (B) has a claim or defense that shares with the main action a common question of law or fact."

17  Fed.R.Civ.P. 24(b)(1).  Where a court determines that a party seeking to intervene cannot satisfy

18  the requirements of Rule 24(a), the party may still be entitled to permissive intervention under

19  Rule 24(b)(1)(B) if it can show: "(1) independent grounds for jurisdiction; (2) the motion is

20  timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a

21  question of fact in common."  *League of United Latin American Citizens*, *supra*, 131 F.3d at

22  1308; *see also Venegas v. Skaggs,* 867 F.2d 527, 529 (9th Cir. 1989).

23       Here, the Court has two independent grounds for jurisdiction over RLI's claims as a

24  plaintiff in intervention.  First, this Court has subject matter jurisdiction pursuant to 28 U.S.C.

25  Section 1333 (admiralty jurisdiction) in that the action concerns a maritime contract of insurance.

26  *See Norfolk Southern Ry. Co. v. Kirby*, 543 U.S. 14 (2004); *La Reunion Francaise SA v. Barnes*,

27  247 F.3d 1022, 1024 (9th Cir. 2001) (contract claim is within admiralty jurisdiction if its subject

28  matter is maritime).  This Court also has subject matter jurisdiction pursuant to 28 U.S.C.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1   Section 1332 (diversity jurisdiction) in that there is complete diversity of citizenship between the

2   plaintiff Continental (a citizen of Illinois and Pennsylvania) and proposed plaintiff in intervention

3   RLI (a citizen of Illinois), on the one hand, and the defendants, the Vessel Interests (citizens of a

4   foreign nation, headquartered in Hong Kong), on the other, and the amount in controversy as to

5   each defendant exceeds $75,000.

6          In addition, as previously discussed in section III.B., *supra*, this motion is timely in that

7   RLI has only recently learned of the Vessel Interests efforts to have this Court strike down

8   Section 1198(c) (and thereby avoid their defense and indemnity obligations to Captain Cota), and

9   RLI has moved promptly to seek leave to file its complaint in intervention.  And as discussed in

10  section III.C., *supra*, RLI's claim has questions of law and of fact in common with the main

11  action: namely, the Vessel Interests' obligation to defend and indemnify Captain Cota pursuant to

12  Section 1198(c), in the civil and criminal actions arising out of the Allision.

13         Therefore, even if the Court finds that RLI is not entitled to intervention as of right, since

14  RLI has satisfied the three part test for permissive intervention under Rule 24(b)(1), the Court

15  should allow RLI to intervene as a plaintiff in this action.

16                               **IV.   CONCLUSION**

17         RLI has a significant and protectable interest in intervening in this action for the limited

18  purpose of having the Court determine whether RLI has any obligation to defend Cota under the

19  RLI policy prior to the exhaustion of the Vessel Interests' available insurance.  In light of the

20  Court's familiarity with the facts surrounding this litigation - which are directly tied to the issues

21  raised by RLI - intervention will afford an expeditious and economical means to resolve RLI's

22  dispute with the Vessel Interests.  Therefore, RLI respectfully requests that the Court grant its

23  motion for leave to intervene in this action.

24  DATED: September 11, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP

25

26                                   By: _____

27                                        Julia A. Molander
                                         Andrew J. King
                                         Attorneys for Plaintiff-in-Intervention
28                                       RLI INSURANCE COMPANY

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP