United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN JOSEPH COTA; REGAL STONE, LIMITED, FLEET MANAGEMENT LTD.; and the M/V COSCO BUSAN, LR/IMO Ship No. 9231743, her engines, apparel, electronics, tackle, boats, appurtenances, etc., <u>in</u> <u>rem</u>,<br><br>    Defendants.<br><hr>AND RELATED CROSS-ACTIONS<br><hr> | Case No. 08-2052 SC<br><br>Related cases:<br>07-5800 SC<br>07-6045 SC<br>07-5926 SC<br>08-2268 SC<br><br>ORDER GRANTING RLI INSURANCE COMPANY'S MOTION FOR LEAVE TO <u>INTERVENE</u> |

## I. **INTRODUCTION**

This matter comes before the Court on the Motion For Leave to Intervene ("Motion") filed by RLI Insurance Company ("RLI"). Docket No. 56. The plaintiff Continental Insurance Company ("Plaintiff" or "Continental") filed a Non-Opposition, Docket No. 64, as did the third-party defendants the San Francisco Bar Pilots and San Francisco Bar Pilots Benevolent and Protective Associations ("S.F. Bar Pilots"), Docket No. 65, and the defendants Regal Stone Limited and Fleet Management, Ltd. ("Defendants"), Docket No. 67. For the reasons discussed below, the Motion is GRANTED.

**II. BACKGROUND**

The facts of the case have been discussed at length in this Court's previous Orders and the parties' familiarity with them is presumed. For purposes of the instant Motion, the Court notes that RLI issued a policy of Excess Trip Insurance and Excess Pilot's Legal Liability Insurance to the S.F. Bar Pilots. Molander Decl., Docket No. 57, ¶ 4, Ex. B. This policy provides $10,000,000 in coverage in excess of, and following the form of, Continental's policy. Id. Continental has agreed to defend or pay the costs of Cota's defense under a reservation of rights to obtain reimbursement of monies paid. Compl., Docket No. 1, ¶ 21. Continental's policy provides for coverage in the amount of $1,000,000 and RLI has submitted evidence indicating that Continental, in paying for the costs of defending Cota with respect to the criminal action and the preceding investigation, is nearing the exhaustion of this $1,000,000 policy limit. Molander Decl. Ex. C. Cota has demanded that RLI defend him when and if Continental's coverage is exhausted. Id. RLI's present intervention seeks a declaration that, under California Harbors & Navigations Code Section 1198(c), Defendants, rather than RLI, are obligated to defend Cota until the amount of insurance available to them is fully exhausted. Mot. at 1.

**III. DISCUSSION**

Intervention as of right is governed by Federal Rule of Civil Procedure 24, which states, in part:

> On timely motion, the court must permit

2

> anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Courts "construe Rule 24(a) liberally in favor of potential intervenors." Cal. ex rel. Lockyer v. United States, 450 F.3d 436, 440 (9th Cir. 2006). In determining whether intervention is appropriate, courts apply a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

Id.

### A. Timeliness

In determining whether a motion for intervention is timely, courts consider three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997). In the present case, Regal Stone and Fleet Management filed their Counterclaim Complaint on July 15, 2008. Docket No. 27. RLI alleges that it did not learn until this Complaint was filed that Defendants sought a judicial declaration that they were

3

1 not required to defend or indemnify Cota. RLI filed the present
2 Motion less than two months after learning that its interests may
3 be implicated in the action against Cota. Moreover, the
4 proceedings, currently stayed, are at an early stage. As none of
5 the other parties object to RLI's Motion, it appears none will be
6 prejudiced. For these reasons, the Motion is timely.

### B. Protectable Interest and Possibility That Resolution of Underlying Matter Would, Without RLI, Impair That Interest

"It is generally enough that the interest asserted is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 818 (9th Cir. 2001) (internal quotation marks omitted). "Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry." Greene v. United States, 996 F.2d 973, 976 (9th Cir. 1993). "No specific legal or equitable interest need be established." Id. In the present case, RLI seeks to determine its responsibilities to Cota and its obligations in relation to the insurance policies secured by Defendants. These interests are sufficiently significant to allow intervention and resolution of the underlying action without RLI may impair RLI's ability to protect that interest.

### C. Representation of RLI's Interests by Other Parties

Finally, none of the other parties share all of RLI's interests in the underlying action. Continental has accepted the defense of Cota in the criminal action and contends it is

4

approaching the exhaustion of its policy limit.  Continental has recently dismissed claims against Cota and, unlike RLI, is not facing possible exposure should Defendants prevail on their claims and avoid indemnity responsibilities.  Defendants have interests directly contrary to RLI, as each party is seeking to avoid the obligation to defend or indemnify Cota.  Although the third-party defendants S.F. Bar Pilots may share some of RLI's objectives, not only are S.F. Bar Pilots RLI policy holders but Cota has not demanded that S.F. Bar Pilots assume his criminal defense.

### IV.   CONCLUSION

For the reasons discussed above, RLI's Motion to Intervene is GRANTED.  This Court's prior Order Staying Civil Action Pending Resolution of Criminal Proceeding issued on September 19, Docket No. 62, is unaffected by this Order and remains in place.  RLI shall file its Complaint in intervention within seven days of this Order.

IT IS SO ORDERED.

Dated: November 7, 2008

UNITED STATES DISTRICT JUDGE