**United States District Court**
For the Northern District of California

```
                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA


THE CONTINENTAL INSURANCE COMPANY, )   Case No. 08-2052 SC
                                   )
           Plaintiff,              )   Related cases:
                                   )   07-5800 SC
    v.                             )   07-6045 SC
                                   )   08-2268 SC
JOHN JOSEPH COTA; REGAL STONE      )   08-5096 SC
LIMITED, FLEET MANAGEMENT, LTD.;   )   08-5098 SC
and the M/V COSCO BUSAN, LR/IMO    )   09-1469 SC
Ship No. 9231743, her engines,     )
apparel, electronics, tackle,      )   ORDER REQUIRING
boats, appurtenances, etc., in rem,)   SUPPLEMENTAL BRIEFING
                                   )
           Defendants.             )
_____)
                                   )
REGAL STONE LIMITED and FLEET      )
MANAGEMENT, LTD.,                  )
                                   )
           Counterclaimants,       )
                                   )
    v.                             )
                                   )
THE CONTINENTAL INSURANCE COMPANY, )
                                   )
           Counterdefendant.       )
                                   )
_____)
                                   )
REGAL STONE LIMITED and FLEET      )
MANAGEMENT, LTD.,                  )
                                   )
           Cross-Complainants,     )
                                   )
    v.                             )
                                   )
JOHN JOSEPH COTA,                  )
                                   )
           Cross-Defendant.        )
_____)
```

```
                                          )
 1  REGAL STONE LIMITED and FLEET          )
 2  MANAGEMENT, LTD.,                      )
                                           )
 3           Third-Party Plaintiffs,       )
                                           )
 4       v.                                )
                                           )
 5  THE SAN FRANCISCO BAR PILOTS and       )
    THE SAN FRANCISCO BAR PILOTS           )
 6  BENEVOLENT AND PROTECTIVE              )
    ASSOCIATION,                           )
 7                                         )
             Third-Party Defendants.       )
 8  _____)
```

This matter comes before the Court on the Motions for Partial Summary Judgment filed by Plaintiff and Counterdefendant Continental Insurance Company ("Continental") and Cross-Defendant John Joseph Cota ("Cota"). Docket Nos. 90 ("Continental's MPSJ"), 93 ("Cota's MPSJ"). Defendants, Counterclaimants, and Cross-Defendants Regal Stone Limited ("Regal Stone") and Fleet Management, Ltd., ("Fleet") filed an Opposition. Docket No. 97. Continental and Cota submitted replies. Docket Nos. 102 ("Continental's Reply"), 104 ("Cota's Reply").

Continental and Cota moved for partial summary judgment on the question of whether California Harbors and Navigation Code section 1198 ("section 1198") is preempted by federal maritime law.[1] Continental's MPSJ at 1; Cota's MPSJ at 1. If section 1198

---

[1] California Harbors and Navigation Code section 1198(c) states, in part:

> Every vessel, owner, operator, or demise or bareboat charterer hiring a pilot with a state license for the Bays of San Francisco, San Pablo, and Suisun shall either defend, indemnify, and hold harmless pilots pursuant to paragraph (1), or alternatively, notify pilots of an

2

1 is not preempted, then the Court can strike the Second Affirmative
2 Defense in the Answer filed by Regal Stone and Fleet, <u>see</u> Docket
3 No. 26 ("Answer") ¶ 64, and the Court can enter judgment against
4 Regal Stone and Fleet on their first claim for relief in their
5 Counterclaim, Cross-Claim and Third-Party Complaint, <u>see</u> Docket
6 No. 27 ("Countercl.") ¶¶ 25-29.

  In response, Regal Stone and Fleet Management contend that
section 1198 does not apply to them. Opp'n at 9-15. Some of the
arguments in support of this contention are without merit. Regal
Stone and Fleet argue that section 1198 does not apply to them if
Cota and/or the San Francisco Bar Pilots Association ("Bar
Pilots") engaged in willful misconduct. <u>Id.</u> at 9-10. This
argument makes no sense. Section 1198(c)(1)(C) provides that "the
obligation to defend, indemnify and hold harmless the pilot . . .
shall not apply in cases of willful misconduct." Cal. Harbors &
Navigation Code § 1198(c)(1)(C). Hence, if there was willful
misconduct, Regal Stone and Fleet would be relying on the statute
to avoid the obligation to defend or indemnify Cota.

  Regal Stone and Fleet argue that section 1198 does not apply
because the Bar Pilots passed on to their customers the cost of

---

> intent to pay for trip insurance pursuant to paragraph (2). If a vessel or its owner, operator, or demise or bareboat charterer does not provide written notice pursuant to paragraph (2) of an intent to exercise the trip insurance option, then the vessel and its owner, operator, and demise or bareboat charterer will be deemed to have elected the obligation to defend, indemnify, and hold harmless pilots pursuant to paragraph (1).

3

liability insurance in their pilotage rates. Opp'n at 13. Here, again, Regal Stone and Fleet are relying on the provisions of section 1198. They are arguing that the Bar Pilots violated section 1198, not that section 1198 does not apply.

Regal Stone and Fleet make one other argument in support of their contention that section 1198 does not apply, and this argument has more merit. Regal Stone and Fleet allege that Hanjin Shipping Company ("Hanjin"), the time charterer, hired Cota to pilot the COSCO BUSAN. Opp'n at 11. Section 1198(c) states that "[e]very vessel, owner, operator, or demise or bareboat charterer hiring a pilot with a state license for the Bay[] of San Francisco . . . shall . . . defend, indemnify, or hold harmless pilots." Cal. Harbors & Navigation Code § 1198(c).

Here, at the time of the allision, Regal Stone was the owner of the COSCO BUSAN. Kennedy Decl. ¶ 2.[2] Fleet provided the crew and technical management of the vessel. Id. ¶ 6. Hanjin was the time charterer. Rajvanshy Decl. ¶¶ 2-3.[3] Regal Stone and Fleet allege that they did not hire Cota, and that Hanjin was responsible for proving and paying for pilotage of the COSCO BUSAN. Opp'n at 10-11. Regal Stone and Fleet allege Hanjin was not their agent, and that they did not give Hanjin authority to waive the purchase of trip insurance, or to agree on their behalf

---

[2] Kevin Kennedy, a Director of Regal Stone, filed a declaration in support of Regal Stone and Fleet's Opposition to the Motions for Partial Summary Judgment. Docket No. 99.

[3] Kishore Rajvanshy, the Managing Director for Fleet, filed a declaration in support of Regal Stone and Fleet's Opposition to the Motions for Partial Summary Judgment. Docket No. 98.

4

1 to defend and indemnify Cota and/or the Bar Pilots. Opp'n at 11;
2 Kennedy Decl. ¶ 11; Rajvanshy Decl. ¶ 6. Case law suggests time
3 charterers are not the agents of vessel owners when contracting
4 for the services of a pilot. See Victory Carriers, Inc. v. The
5 Sea Scout, 164 F. Supp. 701, 703 (N.D. Cal. 1958) aff'd sub. nom.
6 States Marine Corp. of Del. v. Victory Carriers, Inc., 272 F.2d
7 463 (9th Cir. 1959).

8 　　The Court acknowledges that there are countervailing
9 considerations. Even though the time charter states Hanjin will
10 provide and pay for pilots, Kennedy Decl. ¶ 9, it also states
11 "[t]he owners to remain responsible for . . . acts of pilots," id.
12 ¶ 10. Also, even if the time charterer hired the pilot, this
13 might still count as a situation where the "vessel" hired a pilot.

14 　　Nevertheless, the Court needs more information before it can
15 determine if section 1198 applies to Regal Stone and Fleet.
16 Continental points out that Regal Stone and Fleet's argument
17 creates "a scheme by which a foreign vessel owner can escape
18 responsibility for complying with section 1198 - simply by never
19 actually permitting the owner to hire the pilot." Continental's
20 Reply at 4-5. This point is a good one, but it does not address
21 the fact that the plain language of section 1198(c) does not
22 include a situation where the time charterer hires the pilot.
23 Continental dismisses Regal Stone and Fleet's argument as simply
24 not relevant to whether section 1198 is preempted. Id. at 5.
25 Similarly, Cota contends that "[a]s a matter of logic and law, the
26 first and primary issue is the one of preemption." Cota's Reply
27 at 3. However, if section 1198(c) does not apply to Regal Stone

28

5

1 and Fleet, then the Court does not need to reach the preemption
2 issue.[4] Therefore, the Court requires the parties to file
3 supplemental briefs addressing Regal Stone and Fleet's argument
4 that section 1198(c) does not apply to them because Hanjin hired
5 Cota.

      Based on the above, the Court ORDERS as follows:

1. The stay on discovery is lifted for the limited purpose of determining whether section 1198(c) applies to Regal Stone and Fleet. The parties to this action shall have forty-five (45) days from the date of this Order to conduct such discovery.

2. The Court requires the parties to file supplemental briefs addressing whether section 1198(c) applies to Regal Stone and Fleet. Continental and Cota may file separate briefs not to exceed ten (10) pages each. Regal Stone and Fleet may file a joint opposition to the briefs not to exceed twenty (20) pages. Continental and Cota may file separate replies not to exceed five (5) pages. The Court will hold a hearing on the question on December 18, 2009 at 10:00 a.m. in Courtroom 1, on the

---

[4] The Court also takes note of the "fundamental and longstanding principle of judicial restraint requir[ing] that courts avoid reaching constitutional questions in advance of the necessity of deciding them." Lyng v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439, 445 (1988). While the Ninth Circuit does not view preemption questions as raising constitutional issues of substance, Knudsen Corp. v. Nevada State Dairy Comm'n, 676 F.2d 374, 377 (9th Cir. 1982), the doctrine of constitutional avoidance supports the Court's desire not to reach the preemption question until it is satisfied section 1198(c) applies to Regal Stone and Fleet.

United States District Court
For the Northern District of California

        17th floor, U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.  The briefs, opposition, and replies must be filed in accordance with Civil Local Rules 7-2 and 7-3.

3.    If the Court determines that section 1198(c) does apply to Regal Stone and Fleet, then it will set a new hearing date for Continental's and Cota's Motions for Partial Summary Judgment.  There will be no further briefing on the question of whether section 1198 is preempted by federal maritime law.

IT IS SO ORDERED.

Dated: September 21, 2009

                                        UNITED STATES DISTRICT JUDGE